UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS

v.                                    CASE NO. 3:03CV 636 (JBA)

JBC & ASSOCIATES, P.C.
ET AL.                                February 18, 2004

## MEMORANDUM IN SUPPORT OF MOTION FOR ORDERS

Plaintiff served discovery requests in September, 2003. She filed a Motion to Compel in January, 2004. On February 12, 2004, defendant represented that full responses would be hand delivered that afternoon and the Court granted the Motion to Compel.

The responses were unverified.

Despite the fact that the provisions of Local Rule 26 were called specifically incorporated in the discovery request, defendants did not "identify" except for employer.

In response to several items, defendants evasively offered to respond "In the event plaintiff clarifies her request and/or her claims in this action." Copy attached. (Since the letter referred to a Wilson Suede & Leather check(s), and the Complaint also refers to Wilson Suede, the requests were drafted accordingly. Recently, defendants have claimed that the letter referred to other unidentified checks. They could have answered with that information instead of feigning ignorance of the background of their own letter which Mr. Boyajian testified he ordered and sent and which is in defendants' records.)

Defense counsel's regular practice is to withhold discovery until the last possible moment, which is directly contrary to the ideals of speedy and inexpensive determination of every action. For instance, in Salib v. I.C. System, Inc., 3:01CV1983 (JCH), defendant ignored the discovery order until the time came to respond to a motion for sanctions for failure to comply. Doc. No. 28, 32. In Salib v. I.C. System, Inc., Civil No. 99CV 2311 (DJS) (TPS), defendant did not provide the discovery as ordered until after a motion for sanctions was filed. Doc. Nos. 30, 36. In Vernon v. I.C. System, Inc., Civil No. 99CV 1533 (SRU), defendant did not provide discovery as ordered until after a motion for sanctions was filed. Doc. No. 40. In Spector v. Experian, Civil No. 3:01CV 1955, defendant did not provide the discovery for several months, even though the dates on the material showed it had been printed out long since, until the time came to respond to a motion to compel. Doc. No. 57. In Goins v. Brandon, Civil No. 3:02CV 1537, defendant had not responded to unobjected discovery well after the second extension of time. In Goins v. JBC, Civil No. 3:02CV 1069, defense counsel falsely reported to the court that discovery had been provided when he knew it had not, and did not provide responses to interrogatories until the last day for briefing plaintiff's motion to reconsider denial of motion to compel, and did not provide production material requests until a month thereafter. Doc. Nos. 18, 20, 21, 23. In Rosenberg v. Cavalry Investments, Inc., Civil No. 3:03CV 1087 (RNC), defense counsel requested an extension of time to serve responses and objections, and when the time came, served objections but no responses. Defense counsel responded to a motion to compel with the representation that responses would be provided; they were as evasive as in this case.

"District courts should not countenance 'purposeful sluggishness' in discovery on the part of parties or attorneys and should be prepared to impose sanctions when they encounter it." <u>Residential Funding Corp. v. DeGeorge Financial Corp.</u>, 306 F.3d 99 (2d Cir. 2002).

THE PLAINTIFF

BY____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511
(203) 772-0395

This is to certify that the foregoing was mailed on February 18, 2004, postage prepaid, to:

Jonathan D. Elliot
Sabatino Fiano
P. O. Box 763
Southport CT 06490

_____/s/ Joanne S. Faulkner_____
Joanne S. Faulkner