UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EVELINE GOINS | : | CIVIL ACTION NO. |
| | : | 3:03 CV 636 (JBA) |
| vs. | : | |
| JBC & ASSOCIATES, P.C. | : | |
| JACK H. BOYAJIAN | : | |
| MARVIN BRANDON | : | February   , 2004 |

### RESPONSE TO FIRST SET OF INTERROGATORIES

1. Identify Karen Hopkins.

    **Paralegal**
    **JBC & Associates, P.C.**
    **New Jersey Office**

2. Identify all in-house attorneys employed by JBC during 2001-2003.

    **Marvin Brandon**
    **JBC & Associates, P.C.**
    **New Jersey Office**

3. Identify Karen Nations.

    **Of-counsel**
    **JBC & Associates, P.C.**

4. Identify Elton Watkins, III.

    **Of-counsel**
    **JBC & Associates, P.C.**
    **Massachusetts Office**

5. If you have form letters for Connecticut debtors referring to §52-265a, please set forth the inclusive dates of the use of all such letters.

1

>   **Defendant utilizes form letters for Connecticut debtors referring to §52-265a, but has no reasonable way to determine the inclusive dates of any and all uses of any and all such letters.**

6.  State whether a $20.00 service charge was added to plaintiff's check, and if so, when and by whom.

    >   **Plaintiff wrote multiple dishonored checks that were placed with the Defendant JBC for collection. Accordingly, Defendant is unable to determine from the plaintiff's request precisely which check plaintiff is referring to. In the event plaintiff clarifies her request and/or her claims in this action, Defendant will supplement this response to the extent necessary.**

7.  State whether you purchased plaintiff's check.

    >   **No.**

8.  Identify the owner(s) of JBC.

    >   **Jack H. Boyajian**

9.  State all present and past relationship of Jack Cilingiryan with defendant.

    >   **Mr. Cilingiryan is an attorney formerly employed with JBC & Associates. He left employment with JBC in 1999.**

10. Identify the person who determined that plaintiff owed a balance of $10277.56 as of Feb. 17, 2003.

    >   **Defendant is not aware of any person who made any specific determination on or about February 17, 2003 that plaintiff owed a balance of $10277.56, nor has plaintiff disclosed any evidence of any such determination or demand on the plaintiff. Should plaintiff clarify her request and/or her claims in this action, Defendant will supplement this response to the extent necessary.**

11. Set forth the calculations used to arrive at the balance of $10277.56 set forth in your letter of Feb. 17, 2003.

    >   **Defendant has no specific knowledge of any letter dated February 17, 2003 directed to the plaintiff. Should plaintiff clarify her request and/or her claims in this action, Defendant will supplement this response to the extent necessary. Defendant nonetheless notes that to the extent any letter was sent to the plaintiff setting forth a claim for a certain amount related to the writing of dishonored checks, the plaintiff wrote a total of twenty-five (25)**

dishonored checks that were referred to the Defendant JBC for collection. The amount of any balance set forth in any letter to the plaintiff may have included the aggregate amount of, for each dishonored check written, the debt represented by the check itself, damages equal to the face amount of the check or four hundred dollars (whichever was less), and a service charge and/or other fees.

THE DEFENDANT,

By: _____
Sabato P. Fiano (Ct 18879)
Kleban & Samor, P.C.
2425 Post Road
Southport, CT 06490
(203) 254-8963

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 12th day of February 2004, to:

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT 06511

_____
Sabato P. Fiano

3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EVELINE GOINS | : | CIVIL ACTION NO. |
| | : | 3:03 CV 636 (JBA) |
| vs. | : | |
| JBC & ASSOCIATES, P.C. | : | |
| JACK H. BOYAJIAN | : | |
| MARVIN BRANDON | : | FEBRUARY    , 2004 |

**DEFENDANT'S RESPONSE TO FIRST REQUEST FOR PRODUCTION**

1. A copy of the NSF check on which your collection efforts for Wilson Suede & Leather were based.

   **Plaintiff wrote multiple dishonored checks that were placed with the Defendant JBC for collection. Accordingly, Defendant is unable to determine from the plaintiff's request precisely which check or collection efforts the plaintiff is referring to. In the event plaintiff clarifies her request and/or her claims in this action, Defendant will supplement its response to the extent necessary or to the extent that responsive documents are in Defendant's possession. Defendant nonetheless notes that, generally, it does not maintain a copy of each and every NSF check on which it seeks to collect, and, in the absence of further clarification by the plaintiff of her claims, does not possess a copy of any actual NSF check written by the plaintiff to Wilson Suede & Leather.**

2. A copy of the employment agreement of each in house counsel.

   **None.**

3. A copy of your retainer, purchase or collection agreement which applies to the collection at issue in this case.

   **Plaintiff wrote multiple dishonored checks that were placed with the Defendant JBC for collection. Accordingly, Defendant is unable to determine from the plaintiff's request and/or claims in this action precisely which collection plaintiff is referring to. In the event plaintiff clarifies her request and/or her claims in this action, Defendant will supplement its response to the extent necessary or to the extent that responsive documents are in Defendant's possession.**

4. All manuals, documents, promotional material, and descriptions of your Check Recovery Program.

**All promotional material regarding the Check Recovery Program may be viewed at http // www.j-b-c.com.**

5. All reports, studies, evaluations, statistical analyses on which you base any claim to be an industry leader in asset recovery and collections.

**There are no reports, studies, evaluations or statistical analyses.**

6. All reports, studies, evaluations, statistical analyses on which you base any claim that the Check Recovery Program is effective for secondary placements of bad check portfolios.

**There are no reports, studies, evaluations or statistical analyses.**

7. All reports, studies, evaluations, statistical analyses on which you base any claim that your results may be two or three times industry average.

**There are no reports, studies, evaluations or statistical analyses.**

8. All manuals, documents, promotional material and descriptions of your Computer Aided Auto Strategies.

**All promotional material regarding Computer Aided Auto Strategies may be viewed at http // www.j-b-c.com**

9. All manuals, documents, promotional material, reports and descriptions of your evaluation of an uncollected portfolio which included plaintiff's check.

**Plaintiff wrote multiple dishonored checks that were placed with the Defendant JBC for collection. Accordingly, Defendant is unable to determine from the plaintiff's request precisely which check or portfolio plaintiff is referring to. Moreover, Defendant is unable to determine what is meant by an "evaluation" of an uncollected portfolio, as referred to in the plaintiff's request. In the event plaintiff clarifies her request and/or her claims in this action, Defendant will supplement its response to the extent necessary or to the extent that responsive documents are in Defendant's possession. Defendant nonetheless notes that disclosed herewith are its master file documents for each of the twenty-five (25) dishonored checks written by the plaintiff from which defendant would have derived information in any collection effort against the plaintiff.**

10. All manuals, procedures, and protocols used by defendant to comply with the Connecticut laws.

**Attached.**

11. All documents concerning plaintiff's alleged debt and defendant's efforts to investigate and collect thereon, including internal collection records, audit records and correspondence.

**Plaintiff wrote multiple dishonored checks that were placed with the Defendant for collection. Accordingly, Defendant is unable to determine from the plaintiff's request and/or claims in this action precisely which debt plaintiff is referring to. In the event plaintiff clarifies her request and/or her claims in this action, Defendant will supplement its response to the extent necessary or to the extent that responsive documents are in Defendant's possession. Defendant nonetheless notes that disclosed herewith are fact sheets concerning the checks referenced in the plaintiff's complaint and its master file documents for each of the twenty-five (25) dishonored checks written by the plaintiff from it would have derived information in any collection efforts against the plaintiff.**

12. Any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered herein or to indemnify or reimburse for payments made to satisfy the judgment.

**None.**

13. All communication with the Connecticut Department of Banking in and since 1998 related to licensing.

**Attached. Defendant further represents that, to their recollection, a certain questionnaire and resume concerning Marvin Brandon also was submitted to the Department. However, after diligent search, Defendant has been unable to locate copies of those particular documents submitted to the Department concerning Mr. Brandon.**

14. All documents reflecting defendant's authority to seek relief in a court of proper jurisdiction in plaintiff's matter.

**Defendant is unable to determine from the plaintiff's request the "authority" or the "plaintiff's matter" that plaintiff is referring to. Should plaintiff clarify her request and/or her claims in this action, Defendant will supplement its response to the extent necessary or to the extent that responsive documents are in Defendant's possession. Otherwise, Defendant relies upon the authority provided by law with respect to the collection of a debt.**

THE DEFENDANT,

By: _____
Sabato P. Fiano (Ct 18879)
Kleban & Samor, P.C.
2425 Post Road
Southport, CT 06490
(203) 254-8963

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 12th day of February 2004, to:

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT 06511

_____
Sabato P. Fiano

N:\jbc&associates8777\0003\disc\rspns to first rqst for prod       4