UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS

v.  CASE NO. 3:03CV 636 (JBA)

JBC & ASSOCIATES, P.C.
ET AL.  February 25, 2004

MOTION FOR PROTECTIVE ORDER

Plaintiff moves for a protective order to prevent duplication, oppression and undue burden and expense to the parties, that the Feb. 26 deposition of the plaintiff be precluded. Fed. R. Civ. P. 26(b)(2)(i), (ii), (iii), 30(b)(5). This case, brought under the Fair Debt Collection Practices Act (FDCPA) involves defendants' collection practices. The only questions are questions of law as to whether the defendant's letter violated the FDCPA.

A deposition of a plaintiff in an FDCPA fee-shifting action is rarely appropriate. Here, plaintiff and defendant had agreed that plaintiff's deposition would be taken in New Haven after Boyajian's deposition. The agreement was reached after defendants had declined to take plaintiff's noticed deposition when she and her counsel appeared in Southport on August 27, 2003. Defendants are breaching that agreement by refusing to produce Mr. Boyajian on Feb. 26 as noticed.

Plaintiff relies solely on the defendants' documents, discovery responses and procedures. Either the defendants' documents and procedures are in compliance with the statutory requirements or they are not. Defendants' liability is a matter of law. This case is based solely on defendants' documents and other information exclusively within defendants' possession and control.

Thus, Plaintiff's testimony cannot lead to admissible evidence. Nothing about the underlying transaction can affect defendants' liability. See <u>Purtle v. Eldridge Auto Sales, Inc.</u>, 91 F.3d 797 (6th Cir. 1996). The deposition should be precluded.

For cause, plaintiff alleges:

1. Liability herein is premised <u>solely</u> on the forms and procedures used by defendants, and on defendants' own records. Accordingly, the only possible purpose of the deposition is oppression and harassment.

2. Fair Debt Collection cases are resolved on summary judgment. Defendants' records and procedures are exclusively within defendants' possession and control. Plaintiff will provide no testimony on this issue.

3. Defense counsel has suggested no reason to take a deposition other than to learn what plaintiff's claims are. That is a legal question which the lay plaintiff cannot answer, and is improperly asked at a deposition. Written discovery is the only proper way to ascertain legal contentions. E.g. <u>Rifkind v. Superior Court</u>, 27 Cal. Rptr. 822, 825-26 (Cal. App. 1994).

          THE PLAINTIFF

          BY___/s/ Joanne S. Faulkner____
          JOANNE S. FAULKNER ct04137
          123 Avon Street
          New Haven, CT 06511-2422
          (203) 772-0395

This is to certify that the foregoing and attached was mailed on February 24, 2004, postage prepaid, to:

Jonathan D. Elliot
Sabatino Fiano
P. O. Box 763
Southport CT 06490

          _/s/ Joanne S. Faulkner___
          Joanne S. Faulkner