UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS

v.  CASE NO. 3:03CV 636 (JBA)

JBC & ASSOCIATES, P.C.
ET AL.

### MEMORANDUM IN SUPPORT OF PROTECTIVE ORDER

In this FDCPA case, defendants sent one letter to plaintiff after notice from prior lawsuits that plaintiff was represented by counsel, and after plaintiff had alleged therein that defendants could not legally collect in Connecticut without a Consumer Collection Agency license. Defendants demanded a ten-fold increased amount on a purported debt to Wilson Suede & Leather. Only the legal consequences of the document and the collection activities are at issue. There is no possible need for a deposition which would be useless in eliciting information about the legal basis for plaintiff's claims.

Possible reasons for deposing plaintiff include to:

☐ Inquire about damages. Other than a short bout of anxiety or emotional distress, with no medical bills or treatment, no expenses other than postage were incurred and no actual damages are claimed.

☐ Assess credibility. The defendant's undisputed documents and records are at issue. There is no reason to assess credibility. But even if there were credibility issues, discovery is allowed only as to the subject matter of the complaint (defendants' violation of the FDCPA) and the claims and defenses of the parties. Discovery as to credibility is improper. Burris v. Phillips, 50 F.R.D. 187, 188 (N.D. Ga. 1970).

☐ Inquire into the circumstances surrounding the underlying debt. Defendants are

required to comply with the FDCPA whether the debt is owed or not.  15 U.S.C. § 1692a(3), (5),(6). The validity of the underlying debt is not material in an FDCPA action. McCartney v. First City Bank, 970 F.2d 45 (5th Cir. 1992); Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982). Even fraud in the underlying debt is not admissible, since it is inapplicable as a matter of law. Keele v. Wexler, 149 F.3d 589, 595-96 (7th Cir. 1998) (declining to adopt a fraud exception to the FDCPA); See also Purtle v. Eldridge Auto Sales, Inc., 91 F.3d 797, 801-02 (6th Cir. 1996) (truth in lending); Kiblen v. Pickle, 653 P.2d 1338, 1343 (Wash. App. 1982) (credit bureau must comply with Fair Credit Reporting Act regardless of consumer's fraud or misrepresentation); St. Paul Guardian Ins. Co. v. Johnson, 884 F.2d 881, 883 (5th Cir. 1989) ("[T]here is no indication in the instant case that the protection provisions of the FCRA are reserved for only those who have done no wrong. . . . Rather, the FCRA will only become a problem for an insurance company when the insurance company violates FCRA provisions"); Semar v. Platte Valley Fed. S&L Ass'n, 791 F.2d 699, 705 (9th Cir 1986) (rejecting exception for "unsympathetic" consumers).

     FDCPA cases are generally resolved on summary judgment motions, as this one is expected to be. Defense counsel familiar with FDCPA fee-shifting cases do not take depositions, when liability rests solely on the defendant's documents and records.  There are numerous decisions in this District granting a motion for protective order (deposition) in FDCPA. In this District, courts routinely deny depositions in these circumstances. Fed. R. Civ. P. 26(b)(2). Plaintiff appends several decisions granting a motion for protective order (deposition) unless defendant can show good cause therefor. Dotkowski v. GC Services Ltd Partnership, Civil No. 3:96CV1487 (RNC) (DFM) (D. Conn. July 21, 1997); Csugi v. Monterey Financial Services, Civil

No. 3:95CV2140 (DJS) (D. Conn. June 12, 1996); <u>Cirkot v. Capital Credit Corporation</u>, Civil No. 3:94CV109 (RNC) (D. Conn. Feb. 23, 1996); <u>Taylor v. Teleservices, Inc.</u>, Civil No. 3:95CV2205 (AWT) (D. Conn. May 31, 1996); <u>Bishop v. National Account Systems, Inc.</u>, Civil No. 3:91CV 132 (AHN) (TPS) (D. Conn. Jan. 6, 1992).

## CONCLUSION

Since defendants have breached their agreement to present Boyajian for a deposition, plaintiff reverts to the position that a deposition is inappropriate in an FDCPA case absent a showing of good cause, and requests that a protective order enter.

THE PLAINTIFF

BY___/s/ Joanne S. Faulkner_____
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 065l1-2422
(203) 772-0395

This is to certify that the foregoing and attached was mailed on February 24, 2004, postage prepaid, to:

Jonathan D. Elliot
Sabatino Fiano
P. O. Box 763
Southport CT 06490

__/s/ Joanne S. Faulkner____
Joanne S. Faulkner