UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS                         :        CIVIL ACTION NO.
                                      :        3:03 CV 636 (JBA)
                                      :
                                      :
vs.                                   :
                                      :
                                      :
JBC & ASSOCIATES, P.C.                :
JACK H. BOYAJIAN                      :
MARVIN BRANDON                        :        FEBRUARY 25, 2004

### DEFENDANT'S MOTION FOR PROTECTIVE ORDER

The Defendant Jack Boyajian, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, hereby moves for a protective order specifying that the deposition of Mr. Boyajian not be had, or that it be had only at a location in Bloomfield, New Jersey or at a location within a reasonable vicinity of Bloomfield, New Jersey, so as to avoid any annoyance, harassment or undue burden and expense to the Defendant. In support of its Motion, the Defendant states:

1. Mr. Boyajian is an out-of-state defendant who resides in New Jersey and is the principal owner of the defendant JBC & Associates, P.C., an out-of-state law firm with principal offices in Bloomfield, New Jersey.

2. On or about January 23, 2004, the defendants in this action served a notice of deposition scheduling the plaintiff's deposition for February 26, 2004 at 10:00 a.m. at the offices of the undersigned in Southport, Connecticut. (See copy of notice of deposition attached hereto as Exhibit A).

3. Sometime after that date, the plaintiff served a notice of deposition dated January 29,

N\jbc&associates8777\0003\ple\answer              1

2004 scheduling the deposition of Mr. Boyajian for February 26, 2004, also at 10:00 a.m. but at a different location than the offices of the undersigned. Specifically, plaintiff designated a location in New Haven, Connecticut, where the offices of plaintiff's counsel are located. (See copy of notice of deposition attached hereto as Exhibit B).

4. The plaintiff's notice of the defendant Boyajian's deposition is procedurally defective in that it seeks to take the deposition of Boyajian at the same time but at a different location than the previously noticed deposition of the plaintiff.

5. More importantly than the technical defect in the plaintiff's notice, the plaintiff inexplicably insists upon deposing Mr. Boyajian at a location in New Haven, despite the fact that New Haven is approximately 100 miles and two (2) hours away from the defendants Boyajian's and JBC's offices in Bloomfield, New Jersey. Depositions of a corporation through its agents generally should be taken at the corporation's principal place of business. See Thomas v. International Business Machines, 48 F.3d 478, 483 (10th Cir.1995); Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir.1979); Generale Bank Nederland N.V. v. First Sterling Bank, 1997 WL 778861, *2 (E.D.Pa. Dec.18, 1997). See also, Work v. Bier, 107 F.R.D. 789, 792 n. 4 (D.D.C.1985) (plaintiffs cannot complain if discovery at distant locations is required).

6. Simply stated, there is no reasonable basis for Mr. Boyajian's deposition to be had in New Haven other than to maximize the convenience of plaintiff's counsel, and maximize the degree of inconvenience to the defendants. The prejudice to Mr.

Boyajian of having his deposition taken in New Haven is particularly exacerbated in view of the fact that this is one of three (3) separate actions commenced by the plaintiff against the defendants alleging largely overlapping and duplicative consumer debt collection violations. In this regard, the defendants *already* voluntarily agreed to have Mr. Boyajian deposed *in New Haven* with respect to the first action, entitled Goins v. JBC & Associates, P.C., Jack Boyajian and Marvin Brandon, 3:02 CV 1069 (MRK). At that deposition, which occurred on January 27, 2004, *plaintiff's counsel examined Mr. Boyajian with respect to the collection letter which forms the subject matter of the plaintiff's claims in this action.* (See excerpts from deposition of Jack Boyajian dated January 27, 2004, attached hereto as Exhibit C). Accordingly, there appears to be no basis for noticing Mr. Boyajian's deposition *again,* in New Haven and in this action, other than for purposes of annoyance and harassment and so plaintiff can leverage the defendants by maximizing the burden of defending three separate lawsuits.

7. To the extent that the deposition of Mr. Boyajian is even necessary in this action, it should be had only at a location in Bloomfield, New Jersey or at a location within a reasonable vicinity of Bloomfield, New Jersey. There is no reasonable basis to compel Mr. Boyajian to incur the undue burden or expense of appearing for a deposition in New Haven for no other reason other than to maximize the plaintiff's convenience. This is particularly so when Mr. Boyajian has already voluntarily appeared for a deposition in New Haven and been examined at that deposition with

respect to the subject matter of this action. A protective order is a safeguard against "injury, harassment, or abuse of the court's processes." Bridge C.A.T. Scan Assocs. v. Technicare Corp., 710 F.2d 940, 944-45 (2d Cir.1983).

WHEREFORE, the deposition of Jack Boyajian should not be had, or it should only take place at a location in Bloomfield, New Jersey or at a location within a reasonable vicinity of Bloomfield, New Jersey

THE DEFENDANTS,

By: _____
Jonathan D. Elliot (Ct 05762)
Sabato P. Fiano (Ct 18879)
Kleban & Samor, P.C.
2425 Post Road
Southport, CT 06490
(203) 254-8963

## CERTIFICATION

This is to certify that a copy of the foregoing has been hand-delivered this 25th day of February 2004, to:

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT 06511

_____
Sabato P. Fiano

N:\jbc&associates8777\0003\ple\answer            4

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EVELINE GOINS | : | CIVIL ACTION NO. |
| | : | 3:03 CV 636 (JBA) |
| vs. | : | |
| JBC & ASSOCIATES, P.C. | : | |
| JACK H. BOYAJIAN | : | |
| MARVIN BRANDON | : | JANUARY 23, 2004 |

**NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE THAT the Defendants, in accordance with Fed. R. Civ. P. 30 and 45, through their undersigned attorneys, will take the deposition of the plaintiff, Eveline Goins, on February 26, 2004, commencing at 10:00 a.m. at the law offices of Kleban & Samor, P.C., 2425 Post Road, Southport, Connecticut 06890, before Goldfarb & Ajello, court reporters, or other competent authority, to be used in the trial of this matter.

PLEASE TAKE FURTHER NOTICE THAT the deponent is commanded to produce, for inspection and photocopying, the following:

The items defined and specified on Schedule A, attached hereto.

The deposition shall be recorded by stenographic means and will continue from day to day until concluded. Parties are invited to attend and cross-examine the deponent.

1

THE DEFENDANTS,

By: _____
Jonathan D. Elliot (Ct 05762)
Sabato P. Fiano (Ct 18879)
Kleban & Samor, P.C.
2425 Post Road
Southport, CT 06490
(203) 254-8963

2

## SCHEDULE A

1. All documents evidencing communications between you, or your attorney on your behalf, and any of the defendants to this action concerning or relating to any matters alleged in your complaint.

2. All documents evidencing communications between you, or your attorney on your behalf, and the creditor concerning or relating to the alleged debt to Wilson's Suede & Leather referred to in paragraph 6 of your complaint.

3. All returned or cancelled checks concerning or relating to any payments or attempted payments regarding the alleged debt to Wilson's Suede & Leather referred to in paragraph 6 of your complaint.

4. To the extent not otherwise requested, all returned or cancelled checks concerning or relating to any payments or attempted payments regarding any alleged debts or checks referred to in your complaint.

5. All form letters or actual letters evidencing the Defendants' alleged use of the form letter referred to in paragraph 14 of your complaint.

6. To the extent not otherwise requested, a copy of the letter dated February 17, 2003 referred to in paragraphs 22-24 of your complaint.

7.      To the extent not otherwise requested, all documents evidencing communications between you or your attorney and the creditor concerning or relating to any alleged debts or checks referred to in your complaint, including but not limited to the two 1996 checks referred to in paragraphs 22-25 of your complaint.

8.      All documents reflecting or evidencing any actual damages you claim to have suffered as a result of the allegations in your complaint, including but not limited to all medical, psychiatric, psychological or other records and/or billing statements reflecting any professional treatment and/or medication you have received.

4

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, via certified mail, return receipt requested and via Federal Express priority overnight mail this 23rd day of January 2004, to:

>Joanne S. Faulkner, Esq.
>123 Avon Street
>New Haven, CT 06511

_____
Sabato P. Fiano

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS

v.                                          CASE NO. 3:03CV 636 (JBA)

JBC & ASSOCIATES, P.C.
ET AL.                                      January 29, 2004

NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that the plaintiff will take the deposition of defendant Boyajian on the 26th day of February, 2004, at 10:00 A.M. to be held at the Offices of Sanders, Gale & Russell, 437 Orange Street, New Haven CT before a competent authority. Thereafter, examination will continue from day to day until completed.

You are invited to attend and cross-examine.

THE PLAINTIFF

BY _____
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net

```
 1   services to your client in good faith, assuming that
 2   they were receiving medium exchange that was negotiable,
 3   your client obviously intended to defraud my clients.
 4   And my clients gave me enough information, according to
 5   my belief, as an attorney, that I reviewed the
 6   information, and I believe your clients wrote these
 7   checks.
 8       Q.   What information did you base that on, if you
 9   didn't see the checks?
10       A.   My clients' information that is sent to me
11   electronically has consistently been correct when I have
12   had the opportunity or the need to have a check given to
13   me.  It has consistently every single time reflected the
14   accurate name, address, information, and driver's
15   license numbers.  And therefore, if I receive that
16   information electronically, I have no reason to believe
17   that they are incorrect, and if it is the same
18   individual, living in the same location, with the same
19   driver's license number, I am going to have a good faith
20   belief that your client was the writer of these checks.
21   And if you see the letter that you presented to me to
22   review, which is marked as Plaintiff Exhibit N --
23       Q.   N?
24       A.   "N," as in Nancy, it clearly asks whether or
25   not this may have been an identity theft and requests
```

1  information to reflect that.

2    Q.  Where does it ask that?

3    A.  Well, let's see. It says, "We see no reason
4  or excuse why you would avoid responding to our attempts
5  to contact you. If you don't believe you wrote the bad
6  checks in question and this is a matter of fraud or a
7  case of mistaken identity, you must provide us with a
8  copy of the police report obtained from your local
9  authorities and an affidavit of forgery from your bank.
10 Otherwise, we will assume that the obligation is valid
11 and information obtained at the point of check issuance
12 is accurate."

13   Q.  You were telling this unrepresented person
14 that they must provide a copy of a police report; is
15 that correct?

16   A.  Well, I am not sure that they were
17 represented. I wouldn't know one way or the other.
18 Your client didn't respond before or after this letter
19 was sent to them, according to my records.

20        Actually, your client did respond. I
21 apologize. According to my records, your client did not
22 refute that she was the writer of a check that,
23 according to our notes, simply says that they were
24 refusing to pay.

25   Q.  And who was Number 618?

1   A.   I don't know.

2   Q.   Does that reflect a phone call?

3   A.   It reflects that there was a phone call, yes.

4   Q.   And we are looking at Exhibit G, for 1,126.01?

5   A.   Yes.

6   Q.   Now, you said the Wilson Suede & Leather is
7   probably the first account. How do you know that?

8   A.   Because typically, I know when the facts
9   sheets, as they were previously printed, the first
10  record that appears, the first check that appears on the
11  first record -- well, you know what? I don't know. I
12  don't know, just it is generally my assumption that the
13  first check that appears on the first fact sheet printed
14  is usually the first -- the details of the first step.

15  Q.   Which is the first fact sheet printed here?

16  A.   Appears to be Exhibit G.

17  Q.   When JBC sent this November, 2001 letter, was
18  it aware of the date the check or checks were supposedly
19  issued?

20  A.   I am suspecting that we did, yes.

21  Q.   Is Ms. Goins' driver's license reflected
22  anywhere on Exhibit G?

23  A.   No, but I wouldn't expect that it would be.
24  Exhibit G typically does not print a driver's license
25  detail.