UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS

v.                                                    CASE NO. 3:03CV 636 (JBA)

JBC & ASSOCIATES, P.C. ET AL.                         March 4, 2004

PLAINTIFF'S MEMORANDUM RE MOTION TO COMPEL
UNOBJECTED-TO DISCOVERY

On January 29, 2004 plaintiff served the attached interrogatories and production requests on defendants. Defense counsel's regular practice is to withhold discovery until the last possible moment, which is directly contrary to the ideals of speedy and inexpensive determination of every action. For instance, in Salib v. I.C. System, Inc., 3:01CV1983 (JCH), defendant ignored the discovery order until the time came to respond to a motion for sanctions for failure to comply. Doc. No. 28, 32. In Salib v. I.C. System, Inc., Civil No. 99CV 2311 (DJS) (TPS), defendant did not provide the discovery as ordered until after a motion for sanctions was filed. Doc. Nos. 30, 36. In Vernon v. I.C. System, Inc., Civil No. 99CV 1533 (SRU), defendant did not provide discovery as ordered until after a motion for sanctions was filed. Doc. No. 40. In Spector v. Experian, Civil No. 3:01CV 1955, defendant did not provide the discovery for several months, even though the dates on the material showed it had been printed out long since, until the time came to respond to a motion to compel. Doc. No. 57.

The failure to serve a proper objection on opposing counsel within the time limited by the rules waives any objection. *E.g.*, Chubb Integrated Systems v. National Bank, 103

F.R.D. 52 (D.C. 1984). Absent timely objection, a defendant is obligated to provide the requested discovery without court order. <u>Penthouse International Ltd. v. Playboy Enterprises, Inc.</u>, 663 F.2d 371 (2d Cir. 1981).

In granting a similar motion in like circumstances, Judge Dorsey ruled "Though plaintiff has not shown a detailed compliance with Local Rule 9, where there is an unexplained failure to comply with disclosure requests that are unobjected to, there is little to discuss." <u>Rosa v. Gramatan Investors Corp.</u>, Civil No. N-86-170 (D. Conn. Aug. 19, 1986).

## CONCLUSION

Since defendant has not responded to discovery requests, the Motion to Compel should be granted in all respects. "District courts should not countenance 'purposeful sluggishness' in discovery on the part of parties or attorneys and should be prepared to impose sanctions when they encounter it." <u>Residential Funding Corp. v. DeGeorge Financial Corp</u>., 306 F.3d 99 (2d Cir. 2002).

THE PLAINTIFF

BY____/s/ Joanne S. Faulkner____
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 065l1
(203) 772-0395
j.faulkner@snet.net

This is to certify that the foregoing was mailed on March 4, 2004, postage prepaid, to:

Jonathan D. Elliot
Sabatino Fiano
P. O. Box 763
Southport CT 06490

___/s/ Joanne S. Faulkner_____
Joanne S. Faulkner