UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS

v.  CASE NO. 3:03CV 636 (JBA)

JBC & ASSOCIATES, P.C.
ET AL.  March 4, 2004

PLAINTIFF'S OPPOSTION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Defendant Boyajian's Motion for Protective Order (Doc. No. 29) should be denied. As the parties informed the Court on February 12, 2004, Mr. Boyajian's deposition had been noticed for February 26, 2004. As has repeatedly occurred in the three Goins litigations, defense counsel announced the deponent was "unavailable." Discovery herein ended on March 1, and defendants have yet to provide significant information, particularly how the $10,000 figure was reached as the amount owing on a Wilson Suede & Leather account which had been substantially less just a year earlier. See discovery responses appended to Motion for Rule 37 Orders filed Feb. 2004.

Defendant did not object to the notice of deposition or to its location. Fed. R. Civ. P. 32(d)(1). Defendant's Motion did not comply with D. Conn. L. Civ. Rule 37(a) -2 or -3, so that his Motion may be denied for that reason alone.

Location of deposition. The normal rule is that the party taking the deposition has the right to choose the location. Buzzeo v. Board of Education of Hempstead, 178 F.R.D. 390, 392 (E.D.N.Y. 1998). Plaintiff had previously noticed a deposition for defendants' office in New Jersey in the other cases. Defendants did not want plaintiff's counsel to have access to their New Jersey operation, and requested that the deposition be moved to Connecticut. The

Connecticut location enabled defendants to conserve on the fees of their own counsel as well as plaintiff's counsel in this fee shifting case.

This Court has substantial discretion to designate the site of a deposition. Mill-Run Tours, Inc. v. Khashoggi, 124 F.R.D. 547, 550 (S.D.N.Y. 1989). One factor is the burden on counsel. Republic of the Philippines v. Marcos, 888 F.2d 954, 957 (2d Cir. 1989). Sending two Connecticut counsel to New Jersey when the transaction arose in Connecticut would burden counsel – not to mention the clients who will have extra fees and costs to pay.

Other factors include cost, convenience, litigation efficiency and need for accessible judicial supervision. Mill-Run, 124 F.R.D. at 550-551; South Seas Catamaran, Inc. v. Motor Vessel Leeway, 120 F.R.D. 17, 21 n.5 (D.N.J. 1988); Work v. Bier, 107 F.R.D. 789 (D.D.C. 1985); Sugarhill Records Ltd. v. Motown Record Corp., 105 F.R.D.166, 171-72 (S.D.N.Y. 1985). In the latter case, the corporation being deposed was given the choice of paying counsel's travel and lodging expenses if it persisted in its desire to have the deposition taken in California. See also Gaetano v. Payco of Wisconsin, Civil No. N-89-220 (TFGD) (D. Conn. Feb. 7, 1990) (because of the disparity in financial positions, defendants were ordered to pay transportation for plaintiff's counsel or be deposed in New Haven)(copy attached); Lipinski v. Credit Bureau, Civil No. 3:00CV379 (CFD) (D. Conn. Feb. 14, 2001) (same).

Plaintiff submits that defendants have not shown good cause for a protective order. The deposition should be held in Connecticut as originally noticed.

CONCLUSION

Defendants' Motion for Protective Order should be denied, and plaintiff's corresponding Motion to Compel Deposition at Defendants' Expense should be granted in all respects.

THE PLAINTIFF


BY___/s/ Joanne S. Faulkner_____
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511
(203) 772-0395
j.faulkner@snet.net


This is to certify that the foregoing and attached was mailed on March 4, 2004, postage prepaid, to:

Jonathan D. Elliot
Sabatino Fiano
P. O. Box 763
Southport CT 06490

_____/s/ Joanne S. Faulkner_____
Joanne S. Faulkner