UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSEPH LIPINSKI,
    Plaintiff,

v.          CASE NO. 3:00CV00379 (CFD)

CREDIT BUREAU OF CONNECTICUT,
INC. and ASSOCIATES CAPITAL BANK,
    Defendants.          NOVEMBER 8, 2000

### DEFENDANT, ASSOCIATES CAPITAL BANK'S MOTION FOR PROTECTIVE ORDER AND MEMORANDUM OF LAW IN SUPPORT THEREOF

#### I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 26(c), Defendant, Associates Capital Bank ("Associates"), hereby moves that this Court enter a protective order in the above-referenced action and require that Plaintiff's Rule 30(b)(6) deposition of Associates take place at its principal place of business in Salt Lake City, Utah, rather than New Haven, Connecticut. In support of this motion, Associates submits the following memorandum of law.[1]

Associates seeks a protective order to avoid the annoyance, oppression, and undue burden connected with the Rule 30(b)(6) deposition which Plaintiff seeks to take of a designated representative of Associates at the offices of Plaintiff's counsel in New Haven, Connecticut. Plaintiff's attempt to force an out-of-state, corporate defendant to appear for a deposition in Connecticut defies well-settled precedent within this and other Circuits dictating

---

[1] Filed concurrently with this motion is the undersigned's Local Rule 9(d)(2) Affidavit.

SABIA & HARTLEY, LLC • ATTORNEYS AT LAW
190 TRUMBULL STREET • SUITE 202 • HARTFORD, CT 06103-2205 • (860) 541-2077 • Fax (860) 713-8944

*FEBRUARY 7, 1990.- In light of the special circumstances present here, particularly the apparent disparity in the financial positions of the plaintiff and the defendant, defendant's motion is GRANTED in part such that the noted deposition shall take place in Wisconsin with defendant bearing the cost of transporting plaintiff's counsel to such deposition or it shall take place in New Haven at defense counsel's office as originally noted. For the reasons stated above, the general rule concerning the place for deposing corporate defendants is inapplicable here. See Sugarhill Records, Ltd. v. Motown Record Corp., 105 F.R.D. 166, 171-72 (S.D.N.Y. 1985).*

*T.F. Gilroy Daly, U.S.D.J.*

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARY J. GAETANO,<br>    Plaintiff, | : | CIVIL ACTION NO.<br>N-89-220 (TFGD) |
| VS. | : | |
| PAYCO OF WISCONSIN, INC.<br>    Defendant | : | JANUARY 31, 1990 |

### MEMORANDUM IN SUPPORT OF
### MOTION FOR PROTECTIVE ORDER

I.  **NATURE OF CASE**

Plaintiff Mary J. Gaetano brought this action against defendant Payco of Wisconsin, Inc., claiming a violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et. seq. Plaintiff alleges in her complaint that defendant "is a foreign corporation with a place of business at 180 North Executive Drive, Brookfield, WI." (Compl. para. 5). Plaintiff has filed a Notice of Deposition dated January 25, 1990, seeking to take the deposition of the president or officer of defendant on February 8, 1990 in New Haven, Connecticut. Defendant moves for an order from the court that the deposition not be held on the date or at the place scheduled.