FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT    MAR 12    9 46 AM '04

U.S. DISTRICT COURT
NEW HAVEN, CONN.

EVELINE GOINS                    :        CIVIL ACTION NO.
                                 :        3:03 CV 636 (JBA)
                                 :
                                 :
vs.                              :
                                 :
                                 :
                                 :
JBC & ASSOCIATES, P.C.           :
JACK H. BOYAJIAN                 :
MARVIN BRANDON                   :        MARCH 11, 2004

## DEFENDANT'S OPPOSITION TO MOTION FOR RULE 37 ORDERS

On February 12, 2004, the Defendant provided the Plaintiff with responses to her

discovery requests after Defendant's counsel represented to the Court in a telephone status

conference that the Defendant would be providing such responses. On the basis of that

representation, the Court granted the Plaintiff's Motion to Compel.

After receiving and reviewing Defendant's responses, Plaintiff's counsel erroneously

determined that certain materials had not been produced,[1] or argued that Defendant's responses

were "evasive" based on her own subjective assumptions as to the clarity of her discovery

requests or her claims. With respect to some responses, Plaintiff's counsel simply chose to

disbelief the Defendant's answer.[2] In any event, there was no order ever entered by this Court

---

[1] For example, Plaintiff's counsel erroneously insists that the Defendant failed to disclose a Connecticut licensing application filed in 2000 when, in fact, the defendant Jack Boyajian testified at his deposition on January 27, 2004 that the only such application was the 2002 application that was disclosed to the Plaintiff.

[2] Plaintiff's counsel further insists that Boyajian specifically testified at his deposition that he ordered the February 17, 2003 letter at issue, when there was no such testimony. Rather it was and remains the position of the Defendant that the letter was sent as a result of an unintentional error, and therefore there was no specific determination to send the letter.

N\jbc&associates8777\0003\ple\answer                    1

entitling the Plaintiff to the discovery she unilaterally claims she should have received, nor is there any order finding that the Defendant's responses as provided were somehow improper. Accordingly, Defendant's responses cannot be deemed to have violated any order subjecting the Defendant to Rule 37 sanctions.[3]

Notwithstanding the foregoing, Defendant's ability to respond to discovery in this action has been obstructed by the Plaintiff's own tactics. Plaintiff's counsel has continually treated this action and the two other actions she has commenced against these defendants as a game of "blind man's bluff," wherein she resists any discovery of the Plaintiff's claims, relies on a letter which she refuses to disclose, and then argues that the Defendants are being "evasive" in discovery responses despite the fact that they have not been adequately apprised of the Plaintiff's claims.[4] At the time that the Defendant provided its discovery responses on February 12, 2004, neither Defendant nor Defendant's counsel had seen the very letter on which the Plaintiff bases her claims. Defendant did not have a copy of the letter.[5] Defendant was not apprised whether the letter referred to one check or multiple checks. Defendant did not know whether the letter referred to specific checks, or identified such checks by check number, date or amount. This

---

[3] Defendant concedes that its responses on February 12, 2004 were unverified for the reason that Defendant's counsel was awaiting receipt of the acknowledgment of Defendant's principal owner, Jack Boyajian, who, at the time, was in California. As more fully described herein, Defendant has since revised its responses through the undersigned's discussions with the Plaintiff's counsel and due to the fact that the Plaintiff has since disclosed, for the first time, the letter at issue.

[4] Curiously, the Plaintiff chose to perpetuate this gamesmanship at the deposition of the defendant Jack Boyajian on January 27, 2004. At that deposition, Plaintiff's counsel questioned Mr. Boyajian about the February 17, 2003 letter, but chose not to present him with the letter as an exhibit.

[5] As a general practice, JBC does not maintain hard copies of the actual letters sent to debtors in view of the voluminous amount of letters sent. Rather, JBC relies on its internal, computer-recorded account notes to record communications with debtors

failure to apprise the Defendant of the contents of the letter was further complicated by the fact that a total of *twenty-eight (28)* dishonored checks allegedly written by the Plaintiff were placed with the Defendant by different retailer-clients at different times. Such checks were the subject of multiple collection letters concerning different batches of checks.

Despite refusing to disclose the letter at issue, and despite the fact that the Defendant had never seen the letter and had no knowledge of which checks were involved or referenced, Plaintiff insists that the Defendant was somehow evasive by failing to answer specific questions as to the contents and the nature of the letter. To the contrary, Defendant, in an effort to provide the Plaintiff with as much information as possible in its discovery responses, disclosed its master file documents for all twenty-eight checks written by the Plaintiff, despite not knowing whether all such checks were the subject of the February 17, 2003 letter or not. Defendant also disclosed its fact sheet documents which set forth the Defendant's account notes recording its communications with the Plaintiff.

*Subsequent to* the Defendant's February 12th disclosure, the Plaintiff disclosed to the Defendant for the first time the letter at issue. Defendant has now clarified its responses to the extent possible, and served the Plaintiff with such responses on this date. (See Defendant's Supplemental Responses to Discovery attached hereto as Exhibit A). In some instances, Defendant has searched its records and, based on the unique number of dishonored checks involved, or due to the subsequent merger of those checks under a master file, has been unable provide responsive information with the degree of specificity sought by Plaintiff's counsel.

Simply stated, Defendant can only provide that which it is capable of providing and that which is in its possession.

Based on the foregoing, there is no basis for any determination that the Defendant has answered the Plaintiff's discovery requests improperly or inaccurately, or that Defendant has violated any governing court order. The Plaintiff's Motion should be denied

THE DEFENDANTS,

By: _____

Sabato P. Fiano (Ct 18879)
Kleban & Samor, P.C.
2425 Post Road
Southport, CT 06490
(203) 254-8963

**CERTIFICATION**

This is to certify that a copy of the foregoing has been hand-delivered this 11th day of March 2004, to:

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT 06511

_____
Sabato P. Fiano

N\jbc&associates8777\0003\ple\answer                4

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS                    :          CIVIL ACTION NO.
                                 :          3:03 CV 636 (JBA)
                                 :
                                 :
                                 :
vs.                              :
                                 :
                                 :
                                 :
JBC & ASSOCIATES, P.C.           :
JACK H. BOYAJIAN                 :
MARVIN BRANDON                   :          March    , 2004

### DEFENDANT'S SUPPLEMENTAL RESPONSE TO
### FIRST SET OF INTERROGATORIES

1.    Identify Karen Hopkins.

      **Paralegal**
      **JBC & Associates, P.C.**
      **2 Broad Street, 6th Floor**
      **Bloomfield, NJ 07003**

2.    Identify all in-house attorneys employed by JBC during 2001-2003.

      **Marvin Brandon**
      **JBC & Associates, P.C.**
      **2 Broad Street, 6th Floor**
      **Bloomfield, NJ 07003**

3.    Identify Karen Nations.

      **Of-counsel**
      **JBC & Associates, P.C.**
      **2 Broad Street, 6th Floor**
      **Bloomfield, NJ 07003**

4.    Identify Elton Watkins, III.

      **Of-counsel**
      **JBC & Associates, P.C.**
      **306 Dartmouth Street**
      **Boston, MA 02116**

1

5.    If you have form letters for Connecticut debtors referring to §52-265a, please set forth the inclusive dates of the use of all such letters.

> **Defendant utilizes form letters for Connecticut debtors referring to §52-265a, but has no reasonable way to determine the inclusive dates of any and all uses of any and all such letters. Defendant represents that, at a minimum, it utilized such form letters from 2001 to the present.**

6.    State whether a $20.00 service charge was added to plaintiff's check, and if so, when and by whom.

> **A $25.00 service charge was added to the dishonored checks allegedly written by the plaintiff. A service charge was added to the collection of such dishonored checks as a function of the Defendant's computer system, after certain initial collection letters were sent to the Plaintiff and Plaintiff failed to respond in any way to such initial letters. Defendant has no reasonable way to determine the dates when it was determined that a service charge was added to the dishonored checks by virtue of the fact that the letter referred to in Plaintiff's complaint includes twenty-two (22) dishonored checks allegedly written by the Plaintiff that may have been received by the Defendant for collection at separate times, and were the subject of separate initial collection letters. Such checks have since been merged under a master file, and therefore Defendant has no reasonable way to determine the dates a service charge was added to each of the twenty-two (22) separate dishonored checks.**

7.    State whether you purchased plaintiff's check.

> **No.**

8.    Identify the owner(s) of JBC.

> **Jack H. Boyajian**
> **JBC & Associates, P.C.**
> **2 Broad Street, 6th Floor**
> **Bloomfield, NJ 07003**

9.    State all present and past relationship of Jack Cilingiryan with defendant.

> **None**

10.    Identify the person who determined that plaintiff owed a balance of $10277.56 as of Feb. 17, 2003.

**Defendant is not aware of any person who made any specific determination on or about February 17, 2003 that plaintiff owed a balance of $10277.56 at that time. Any letter sent to the Plaintiff indicating that such a balance be paid at that time was sent as a result of an unintentional error.**

11.    Set forth the calculations used to arrive at the balance of $10277.56 set forth in your letter of Feb. 17, 2003.

**Defendant is not aware of any person who made any specific determination on or about February 17, 2003 that plaintiff owed a balance of $10277.56 at that time. Any letter sent to the Plaintiff indicating that such a balance be paid at that time was sent as a result of an unintentional error. Defendant nonetheless notes that to the extent a letter was sent to the plaintiff setting forth a claim for an amount of $10277.56, that figure related to and was based upon a total of twenty-two (22) dishonored checks that were referred to the Defendant JBC for collection. The amount of the balance included the aggregate amount of, for each of the 22 dishonored checks written, the debt represented by the check itself, damages equal to the face amount of the check or four hundred dollars (whichever was less), and a service charge and/or other fees. The calculations are set forth as follows:**

|  | Client | Check # | Check date | Principal | Interest | CkChg | Stats | Costs | Balance |
|---|---|---|---|---|---|---|---|---|---|
| 1) | WSU -1 | 297 | 1/29/1996 | 243.79 | 0 | 25 | 243.79 | 0 | 512.58 |
| 2) | WSU -1 | 189 | 1/28/1996 | 158.99 | 0 | 25 | 158.99 | 0 | 342.98 |
| 3) | BOB -1 | 292 | 1/28/1996 | 178.95 | 0 | 25 | 178.95 | 0 | 382.9 |
| 4) | BOB -1 | 186 | 1/26/1996 | 354.17 | 0 | 25 | 354.17 | 0 | 733.34 |
| 5) | BOB -1 | 194 | 1/27/1996 | 360.06 | 0 | 25 | 360.06 | 0 | 745.12 |
| 6) | KAY -1 | 285 | 1/28/1996 | 291.44 | 0 | 25 | 291.44 | 0 | 607.88 |
| 7) | FTA -1 | 234 | 1/25/1996 | 190.78 | 0 | 25 | 190.78 | 0 | 406.56 |
| 8) | CVS -1 | 200 | 1/27/1996 | 74.45 | 0 | 25 | 74.45 | 0 | 173.9 |
| 9) | CVS -1 | 283 | 1/28/1996 | 55.81 | 0 | 25 | 55.81 | 0 | 136.62 |
| 10) | CVS -1 | 289 | 1/28/1996 | 51.07 | 0 | 25 | 51.07 | 0 | 127.14 |
| 11) | CVS -1 | 280 | 1/27/1996 | 118.3 | 0 | 25 | 118.3 | 0 | 261.6 |
| 12) | CVS -1 | 290 | 1/28/1996 | 104.24 | 0 | 25 | 104.24 | 0 | 233.48 |
| 13) | CVS -1 | 187 | 1/26/1996 | 143.22 | 0 | 25 | 143.22 | 0 | 311.44 |
| 14) | CVS -1 | 291 | 1/28/1996 | 152.57 | 0 | 25 | 152.57 | 0 | 330.14 |
| 15) | CVS -1 | 227 | 1/25/1996 | 67.76 | 0 | 25 | 67.76 | 0 | 160.52 |
| 23) | CVS -1 | 237 | 1/28/1996 | 110.14 | 0 | 25 | 110.14 | 0 | 245.28 |
| 16) | MRL-X-1 | 195 | 1/26/1996 | 283.96 | 0 | 25 | 283.96 | 0 | 592.92 |
| 17) | MRL-X-1 | 239 | 1/25/1996 | 349.79 | 0 | 25 | 349.79 | 0 | 724.58 |
| 18) | MRL-X-1 | 278 | 1/27/1996 | 326.17 | 0 | 25 | 326.17 | 0 | 677.34 |
| 19) | MRL-X-1 | 190 | 1/27/1996 | 336.79 | 0 | 25 | 336.79 | 0 | 698.58 |
| 20) | MRL-X-1 | 236 | 1/25/1996 | 294.69 | 0 | 25 | 294.69 | 0 | 614.38 |
| 21) | MRL-X-1 | 240 | 1/25/1996 | 275.58 | 0 | 25 | 275.58 | 0 | 576.16 |
| 22) | MRL-X-1 | 184 | 1/26/1996 | 328.56 | 0 | 25 | 328.56 | 0 | 682.12 |

10,277.56

# VERIFICATION

This is to verify that I have read the foregoing responses and they are true to the best of my knowledge.

Notary Public
My Commission Expires
12/18/05

KAREN HOPKINS
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 12/18/2005

THE DEFENDANT,

By: _____
Sabato P. Fiano (Ct 18879)
Kleban & Samor, P.C.
2425 Post Road
Southport, CT 06490
(203) 254-8963

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 11th day of March 2004, to:

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT 06511

_____
Sabato P. Fiano

5

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EVELINE GOINS | : | CIVIL ACTION NO. |
| | : | 3:03 CV 636 (JBA) |
| | : | |
| | : | |
| vs. | : | |
| | : | |
| | : | |
| JBC & ASSOCIATES, P.C. | : | |
| JACK H. BOYAJIAN | : | |
| MARVIN BRANDON | : | MARCH    , 2004 |

## DEFENDANT'S SUPPLEMENTAL RESPONSE TO
## FIRST REQUEST FOR PRODUCTION

1.  A copy of the NSF check on which your collection efforts for Wilson Suede & Leather were based.

**The letter referred to in Plaintiff's complaint relates to twenty-two (22) dishonored checks allegedly written by the Plaintiff that were placed with the Defendant for collection. Disclosed herewith are copies of seven (7) such checks that are in the Defendant's possession. Defendant does not have in its possession the other fifteen (15) checks and notes that, generally, it does not maintain a copy of each and every NSF check on which it seeks to collect.**

2.  A copy of the employment agreement of each in house counsel.

**None.**

3.  A copy of your retainer, purchase or collection agreement which applies to the collection at issue in this case.

**No such written agreement exists.**

4.  All manuals, documents, promotional material, and descriptions of your Check Recovery Program.

**At one time all promotional material regarding the Check Recovery Program could be viewed at http // www.j-b-c.com. Such promotional material is no longer displayed at that website, nor does Defendant possess any such promotional material beyond that which was displayed on the website.**

5. All reports, studies, evaluations, statistical analyses on which you base any claim to be an industry leader in asset recovery and collections.

**There are no reports, studies, evaluations or statistical analyses.**

6. All reports, studies, evaluations, statistical analyses on which you base any claim that the Check Recovery Program is effective for secondary placements of bad check portfolios.

**There are no reports, studies, evaluations or statistical analyses.**

7. All reports, studies, evaluations, statistical analyses on which you base any claim that your results may be two or three times industry average.

**There are no reports, studies, evaluations or statistical analyses.**

8. All manuals, documents, promotional material and descriptions of your Computer Aided Auto Strategies.

**At one time all promotional material regarding the Computer Aided Auto Strategies could be viewed at http // www.j-b-c.com. Such promotional material is no longer displayed at that website, nor does Defendant possess any such promotional material beyond that which was displayed on the website.**

9. All manuals, documents, promotional material, reports and descriptions of your evaluation of an uncollected portfolio which included plaintiff's check.

**Defendant is unable to determine what is meant by an "evaluation" of an uncollected "portfolio" which included the Plaintiff's check. Notwithstanding, the Defendant previously disclosed on or about February 12, 2004 the master file documents for each of the twenty-two (22) dishonored checks relating to the letter dated February 17, 2003. Also disclosed herewith are copies of seven (7) dishonored checks in Defendant's possession upon which collection efforts against the Plaintiff were based. Defendant would have evaluated any collection effort against the Plaintiff based on, among other things, the information set forth in such documents.**

10. All manuals, procedures, and protocols used by defendant to comply with the Connecticut laws.

**Previously disclosed on or about February 12, 2004.**

11. All documents concerning plaintiff's alleged debt and defendant's efforts to investigate and collect thereon, including internal collection records, audit records and correspondence.

N\jbc&associates8777\0003\disc\rspns to first rqst for prod          2

Defendant previously disclosed on or about February 12, 2004 fact sheets and master file documents concerning the twenty-two (22) dishonored checks relating to the letter dated February 17, 2003. Also disclosed herewith are copies of seven (7) dishonored checks allegedly written by the Plaintiff in Defendant's possession. Defendant's collection efforts against the Plaintiff would have been based on, among other things, the information set forth in such documents.

12. Any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered herein or to indemnify or reimburse for payments made to satisfy the judgment.

   **None.**

13. All communication with the Connecticut Department of Banking in and since 1998 related to licensing.

   Previously disclosed on or about February 12, 2004. Defendant further represents that, to its recollection, a certain questionnaire and resume concerning Marvin Brandon also was submitted to the Department. However, after diligent search, Defendant has been unable to locate copies of those particular documents submitted to the Department concerning Mr. Brandon.

14. All documents reflecting defendant's authority to seek relief in a court of proper jurisdiction in plaintiff's matter.

   Defendant is unable to determine from the plaintiff's request what "authority" the plaintiff is referring to. Should plaintiff clarify her request, Defendant will supplement its response to the extent necessary or to the extent that responsive documents are in Defendant's possession. Otherwise, Defendant relies upon the authority provided by law with respect to the collection of a debt and the oral authority of its clients to pursue the collection of a debt.

                    THE DEFENDANT,

                    By: _____
                        Sabato P. Fiano (Ct 18879)
                        Kleban & Samor, P.C.
                        2425 Post Road
                        Southport, CT 06490
                        (203) 254-8963

N\jbc&associates8777\0003\disc\rspns to first rqst for prod          3

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 11th day of March 2004, to:

> Joanne S. Faulkner, Esq.
> 123 Avon Street
> New Haven, CT 06511

_____
Sabato P. Fiano