UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS

v.  CASE NO. 3:03CV 636 (JBA)

JBC & ASSOCIATES, P.C.
ET AL.  March 29, 2004

## PLAINTIFF'S LOCAL RULE 56(a)1 STATEMENT

Following are the material facts as to which there is no genuine issue to be tried:

1. Plaintiff is a consumer within the FDCPA. Admitted, Answer ¶ 4, Doc No. 9; stipulated in Planning Report Doc. No. 10.

2. Defendant JBC is a debt collector within the FDCPA. Stipulated in Planning Report Doc. No. 10.

3. The corporate Defendant has a place of business at 2 Broad Street 6th floor, Bloomfield NJ 07003-2591 which was not licensed pursuant to chapter 669 Part XII of the Connecticut General Statutes when communicating with plaintiff in an effort to collect a personal debt to Wilson's Suede & Leather. Admitted, Answer ¶ 6, Doc. No. 9.

4. Defendant Boyajian is an attorney licensed to practice in California who owns and operates defendant JBC. Boyajian Deposition p. 8; Response to Int. 8, attached.

5. Defendant Boyajian is a debt collector. Boyajian Dep. p. 25.

6. Defendant Brandon is an attorney licensed to practice in New Jersey who is an employee of JBC. Admitted, Answer ¶ 8.

7. Defendant Brandon is a debt collector. Boyajian Dep. p. 50-51.

8. Defendant JBC sends letters to Connecticut residents in which it describes itself as "Attorneys at Law." Admitted, Answer ¶ 9.

9. Defendant JBC has been sued in Connecticut repeatedly since August 24, 1998, on the basis of its unlicensed collection efforts as to Connecticut residents. Judicial Notice, Copies of file-stamped face sheet of Complaints, attached.

10. Defendants Brandon and Boyajian have been sued in Connecticut repeatedly since August, 2001 on the basis of their unlicensed collection efforts as to Connecticut residents. Judicial notice, Copies of file-stamped face sheet of Complaints, attached.

11. As of the date of this Complaint, defendants have not become licensed as a consumer collection agency in Connecticut. Admitted, Answer ¶ 12.

12. Defendants have at least one form collection letter devised specifically for Connecticut residents. Admitted, Answer ¶ 14.

13. Neither defendant Brandon nor Boyajian takes responsibility for Connecticut licensing. Brandon Dep. p. 51; Boyajian Dep. p. 29

14. Before the date of this Complaint Defendants have sent collection letters to Connecticut residents without being licensed as a consumer collection agency, on behalf of such entities as Toys-R-Us, Kids-R-Us, CVS, Marshall, Linens & Things, Foot Action, Bob's Stores, KayBee Toys, and Acme Markets. Admitted, Answer ¶ 15.

15. JBC's internet site, as of the date of this Complaint, asserts. "You can be assured that every account placed will be handled professionally and within full compliance of all federal and state laws. Our in-house attorneys are fully responsible for ensuring compliance by the staff, associates and corresponding attorneys in all fifty states." Admitted, Answer ¶ 16.

16. Defendant's letterhead claims that it has offices in New Jersey, California, New York, and Massachusetts. Admitted, Answer ¶ 17.

17. Defendants engage in collection in all fifty states. Portion of Conn. License App., attached.

18. Defendant's web site asserts their ability to impose statutory dishonored check fees in the forty-four states which provide therefor. Attached.as Admission per <u>Van Westrienen v. Americontinental Collection Corp.</u>, 94 F. Supp. 2d 1087 (D. Or. 2000).

19. JBC was subject to the attached Order issued by the Massachusetts Authority.

20. JBC has been subpoenaed by the West Virginia Attorney General based on unlicensed collection activity per the attached (Ex. M to Boyajian Dep.)

21. In September, 1997, Defendants received a claim for two checks written by plaintiff to Wilson Suede & Leather during January 1996 for $243.79 and $158.99. Admitted, Answer ¶ 19.In June, 2002, Plaintiff sued defendants for their unlicensed November 2001 collection activity on behalf of Wilson Suede & Leather, Civil No. 3:02CV 1069 (CFD). Admitted, Answer ¶ 20. (The matter has since been transferred to Judge Kravitz.)

22. Thereafter, defendants became aware that plaintiff had filed bankruptcy in April 2002. Admitted, Answer ¶ 21.

23. Defendants sent plaintiff a letter dated February 17, 2003, demanding a balance of $10,277.56 on the 1996 Wilson checks. Plaintiff's Affidavit.

24. The letter of February 17, 2003, mentioned "intent to defraud," "statutory penalties as determined by the court, but in no event shall such amount be greater than the face value of the check of $400, whichever is less, for a total amount of $10277.56." Plaintiff's Affidavit.

25. The letter of February 17, 2003, urged settlement before "we seek appropriate relief before a court of proper jurisdiction." Plaintiff's Affidavit.

26. Each Defendant does not proceed with court remedies unless it requests and receives permission from its client, here Wilson Suede & Leather. Failure to respond to Request for Admissions, attached.

27. Each Defendant is not able to seek relief against a Connecticut resident. Failure to respond to Request for Admissions, attached.

28. Each Defendant has never sought court relief before a Connecticut court of proper jurisdiction in a case involving Wilson Suede & Leather. Failure to respond to Request for Admissions, attached.

29. Defendants' "Talk Off" mandate that the collectors mention attorneys and court consequences routinely. Copy attached as produced in discovery.

30. The amount sought by the letter of February 2003 included 22 checks, only two of which were Wilson checks; a $25 check fee on each of the 22 checks, and the amount of the statutory penalty for each of the 22 checks. Def. Supp. Response to Int.

31. Defendant Brandon is a debt collector within the FDCPA. Brandon Deposition p. 12

32. Defendant Boyajian reviews the accounts and makes the decisions to send the letters. Brandon Dep at 22-25 attached.

33. Defendant Boyajian makes the decision about the amount demanded in the letters. Brandon Dep. at 34-35 attached.

34. Defendant Boyajian makes the decision whether to sue. Brandon Dep. at 28-29 attached; Boyajian Dep. at 37, 39-40 attached.

35. Neither Brandon nor Boyajian is admitted to practice in Connecticut. Brandon Dep. at 7, 33 attached.

36. Defendants did not have and were not able to obtain copies of the alleged Wilson checks. Brandon Dep. at 54-56 attached.

37. Neither Brandon nor Boyajian takes responsibility for Connecticut licensing. Brandon Dep. at 51; Boyajian Dep. at 29.

                    THE PLAINTIFF

BY_____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137
   123 Avon Street
   New Haven, CT 06511-2422
   (203) 772-0395
   j.faulkner@snet.net

     This is to certify that the foregoing and attached was mailed on March 27, 2004, postage prepaid, to:

Jonathan D. Elliot
Sabatino Fiano
P. O. Box 763
Southport CT 06490

                 ___/s/ Joanne S. Faulkner___
                 Joanne S. Faulkner