5.      If you have form letters for Connecticut debtors referring to §52-265a, please set forth
        the inclusive dates of the use of all such letters.

        **Defendant utilizes form letters for Connecticut debtors referring to §52-265a,
        but has no reasonable way to determine the inclusive dates of any and all
        uses of any and all such letters.  Defendant represents that, at a
        minimum, it utilized such form letters from 2001 to the present.**

6.      State whether a $20.00 service charge was added to plaintiff's check, and if so, when
        and by whom.

        **A $25.00 service charge was added to the dishonored checks allegedly written
        by the plaintiff.  A service charge was added to the collection of
        such dishonored checks as a function of the Defendant's computer system,
        after certain initial collection letters were sent to the Plaintiff and
        Plaintiff failed to respond in any way to such initial letters.  Defendant has no
        reasonable way to determine the dates when it was determined that a service
        charge was added to the dishonored checks by virtue of the
        fact that the letter referred to in Plaintiff's complaint includes twenty-two
        (22) dishonored checks allegedly written by the Plaintiff that may have been
        received by the Defendant for collection at separate times, and were the
        subject of separate initial collection letters.  Such checks have since been
        merged under a master file, and therefore Defendant has no
        reasonable way to determine the dates a service charge was added to each of
        the twenty-two (22) separate dishonored checks.**

7.      State whether you purchased plaintiff's check.

        **No.**

8.      Identify the owner(s) of JBC.

        **Jack H. Boyajian
        JBC & Associates, P.C.
        2 Broad Street, 6th Floor
        Bloomfield, NJ 07003**

9.      State all present and past relationship of Jack Cilingiryan with defendant.

        **None**



FILED

AUG 24  3 16 PM '98

U.S. DISTRICT COURT
NEW HAVEN, CONN.

## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

DONNA HENRY

v.

JBC & ASSOCIATES, INC.
JACK CILINGIRYAN

CASE NO. **398CV01700**

JURY TRIAL DEMANDED

PCD

### COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a.

2. The Court's jurisdiction is conferred by 15 U.S.C. § 1692k and 28 U.S.C. § 1331 and § 1367.

3. Plaintiff is a natural person who is a resident of Connecticut.

4. Plaintiff is a consumer within the FDCPA.

5. Each Defendant is a debt collector within the FDCPA.

6. Each Defendant has a place of business at 33 Wood Avenue South # 701, Iselin NJ 08830 which was not licensed pursuant to chapter 669 Part XII of the Connecticut General Statutes within one year prior to the date of this action when communicating with plaintiff in an effort to collect a disputed personal debt to CVS Drug Store.

7. Each Defendant violated § 1692e, -f or -g of the FDCPA in connection with collection efforts.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IVETTE CLAUDIO                    JURY TRIAL DEMANDED

v.                                              CASE NO.

GOLDMAN & COMPANY                **399CV02225  RNC**
JACK BOYAJIAN
FILENE'S, A DIV. OF THE MAY DEPARTMENT STORES COMPANY

## COMPLAINT

1.  Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; the Connecticut Creditor Collection Practices Act, Conn. Gen. Stat. § 36a-645 or the Consumer Collection Agency Act, Conn. Gen. Stat. § 36a-800 and regulations issued thereunder; and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a.

2.  The Court's jurisdiction is conferred by 15 U.S.C. § 1692k and 28 U.S.C. §1331 and § 1367.

3.  Plaintiff is a natural person who resides in CT.

4.  Plaintiff is a consumer within the FDCPA.

5.  Defendant Goldman & Company is a debt collector within the FDCPA.

6.  Defendant Jack Boyajian is a debt collector within the FDCPA.

7.  Upon information and belief, Defendant Filene's knew about, adopted, ratified, or approved the collection letters used by defendants Goldman and Boyajian in this matter.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

LISA MOODY

JURY TRIAL DEMANDED

Aug 24   3 12 PM '01

v.

CASE NO.

U.S. DISTRICT COURT
NEW HAVEN, CONN.

JBC & ASSOCIATES, INC.
JACK H. BOYAJIAN
MARVIN BRANDON

**301CV01626** AVC

COMPLAINT

1.   Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15

U.S.C. § 1692; the Connecticut Creditor Collection Practices Act, Conn. Gen. Stat. § 36a-645 or the

Consumer Collection Agency Act, Conn. Gen. Stat. § 36a-800 and regulations issued thereunder; and

the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a.

2.   The Court's jurisdiction is conferred by 15 U.S.C. § 1692k and 28 U.S.C. §1331 and § 1367.

3.   Plaintiff is a natural person who resides in CT.

4.   Plaintiff is a consumer within the FDCPA.

5.   Each Defendant is a debt collector within the FDCPA.

6.   The corporate Defendant has a place of business at 33 Wood Ave, Iselin NJ 08830 which

was not licensed pursuant to chapter 669 Part XII of the Connecticut General Statutes when

communicating with plaintiff in an effort to collect a disputed personal debt to Toys 'R' Us.

7.   Each Defendant engaged in collection efforts and communicated with plaintiff or others on

or after one year before the date of this action, in connection with collection efforts with regard to

plaintiff's disputed personal debt.

FIRST COUNT

8.   In the collection efforts, each defendant violated the FDCPA, *inter alia*, § 1692e, -f, or -g.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

HELENA COLEMAN-MOORE

JURY TRIAL DEMANDED
AUG 24  '3 12 PH '01

v.

CASE NO.

U.S DISTRICT COURT
NEW HAVEN, CONN.

JBC & ASSOCIATES, INC.
JACK H. BOYAJIAN
MARVIN BRANDON

301CV01627

COMPLAINT

1.  Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15

U.S.C. § 1692; the Connecticut Creditor Collection Practices Act, Conn. Gen. Stat. § 36a-645 or the

Consumer Collection Agency Act, Conn. Gen. Stat. § 36a-800 and regulations issued thereunder; and

the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a.

2.  The Court's jurisdiction is conferred by 15 U.S.C. § 1692k and 28 U.S.C. §1331 and § 1367.

3.  Plaintiff is a natural person who resides in CT.

4.  Plaintiff is a consumer within the FDCPA.

5.  Each Defendant is a debt collector within the FDCPA.

6.  The corporate Defendant has a place of business at 33 Wood Ave, Iselin NJ 08830 which

was not licensed pursuant to chapter 669 Part XII of the Connecticut General Statutes when

communicating with plaintiff in an effort to collect a disputed personal debt to Toys 'R' Us.

7.  Each Defendant engaged in collection efforts and communicated with plaintiff or others on

or after one year before the date of this action, in connection with collection efforts with regard to

plaintiff's disputed personal debt.

FIRST COUNT

8.  In the collection efforts, each defendant violated the FDCPA, *inter alia*, § 1692e, -f, or -g.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT    **303CV01400**

JESSICA PEASE

JURY TRIAL DEMANDED

v.                                        CASE NO.

JBC & ASSOCIATES, P.C.
JACK H. BOYAJIAN

<u>COMPLAINT</u>

1.    Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15

U.S.C. § 1692; the Connecticut Creditor Collection Practices Act, Conn. Gen. Stat. § 36a-645 or the

Consumer Collection Agency Act, Conn. Gen. Stat. § 36a-800 and regulations issued thereunder; and

the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a.

2.    The Court's jurisdiction is conferred by 15 U.S.C. § 1692k and 28 U.S.C. §1331 and § 1367.

3.    Plaintiff is a natural person who resides in CT.

4.    Plaintiff is a consumer within the FDCPA.

5.    Each Defendant is a debt collector within the FDCPA.

6.    The corporate Defendant has a place of business at 2 Broad Street 6th floor, Bloomfield NJ

07003-2591 which was not licensed pursuant to chapter 669 Part XII of the Connecticut General

Statutes when communicating with plaintiff in an effort to collect a disputed personal debt to Marlin-

Global.

7.    Upon information and belief, Defendant Boyajian is an attorney licensed to practice in

California who owns and operates defendant JBC.

8.    Defendant JBC sends letters to Connecticut residents in which it describes itself as

"Attorneys at Law."

9.    Defendant JBC has been sued in Connecticut repeatedly since August 24, 1998, on the

basis of its unlicensed collection efforts as to Connecticut residents.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

EVELINE GOINS

JURY TRIAL DEMANDED
2002 JUN 20  A  9: 45

v.

CASE NO.  302 CV1069

U.S. DISTRICT COURT
HARTFORD CT

JBC & ASSOCIATES, P.C.
JACK H. BOYAJIAN
MARVIN BRANDON

COMPLAINT

1.  Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15

U.S.C. § 1692; the Connecticut Creditor Collection Practices Act, Conn. Gen. Stat. § 36a-645 or the

Consumer Collection Agency Act, Conn. Gen. Stat. § 36a-800 and regulations issued thereunder; and

the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a.

2.  The Court's jurisdiction is conferred by 15 U.S.C. § 1692k and 28 U.S.C. §1331 and § 1367.

3.  Plaintiff is a natural person who resides in CT.

4.  Plaintiff is a consumer within the FDCPA.

5.  Each Defendant is a debt collector within the FDCPA.

6.  The corporate Defendant has a place of business at 2 Broad Street 6th floor, Bloomfield NJ

07003-2591 which was not licensed pursuant to chapter 669 Part XII of the Connecticut General

Statutes when communicating with plaintiff in an effort to collect  a disputed personal debt to Wilson's

Suede & Leather..

7.  Each Defendant engaged in collection efforts and communicated with plaintiff or others on

or after one year before the date of this action, in connection with collection efforts with regard to

plaintiff's disputed personal debt.

FIRST COUNT

8.  In the collection efforts,  each defendant violated the FDCPA, *inter alia*, § 1692e, -f, or -g.



STATE OF CONNECTICUT

DEPARTMENT OF BANKING

CONSUMER CREDIT DIVISION

260 CONSTITUTION PLAZA • HARTFORD, CT 06103-1800



## APPLICATION FOR A CONSUMER COLLECTION AGENCY LICENSE

Application is hereby made for a license under Chapter 669, Part XII, of the Connecticut General Statutes:

1.  Name of Applicant:  __JBC & ASSOCIATES, PC__
    **(Complete name under which business is conducted)**
    D/B/A Name (If applicable)  __N/A__

    1a.  Telephone No.:  __(973) 259-1701__

2.  Location of office to be licensed under this application:

    __2 BROAD ST 6th FL__              __BLOOMFIELD__        __NJ__        __07003__
    **(Number and Street)**                **(City)**            **(State)**        **(Zip Code)**

    Mailing address if different from location of office to be licensed:

    __N/A__
    **(Number and Street)**                **(City)**            **(State)**        **(Zip Code)**

    2a.  Name and address of home office or parent company if Applicant is operated as a branch or subsidiary:

    __N/A__
    **(Name)**

    _____
    **(Number and Street)**                **(City)**            **(State)**        **(Zip Code)**

3.  Is the Applicant presently engaged in the consumer collection agency business?  Yes ☒  No ☐  If yes,
    (a)  Date business commenced:  __MARCH 2, 2001__
    (b)  States in which Applicant operates:  __ALL__

4.  Form of organization:  __PROFESSIONAL CORPORATION__
                **(Sole Proprietorship, Partnership, Corporation, Limited Liability Company ("LLC"), etc.)**
    If incorporated, state and date of incorporation.  If an LLC, the state and date of formation of the LLC:

    __CALIFORNIA__                      __FEBRUARY 7, 2001__
        **(State)**                              **(Date)**
    a.  Federal Employer Identification Number: __95-4883328__
    b.  If a Sole Proprietorship, Federal Social Security Account Number: _____

5.  Name and residence of the owner or partners or in the case of a corporation, association or trust, list the directors, trustees, principal officers, and authorized agent.  In the case of an LLC, list each member:

| FULL NAME | TITLE | RESIDENCE | DATE OF BIRTH | OTHER OCCUPATION |
|---|---|---|---|---|
| JACK BOYAJIAN | PRESIDENT | 252 JOLENE CT. PARAMUS, NJ 07652 | 12/1/59 | |

6.  Are you engaged, or do you intend to engage in the consumer collection agency business in conjunction with any other business?
    Yes ☐  No ☒  If yes, specify other business in detail:



## Check Recovery

**Inside Check Recovery**

**Home**
**Check Recovery**
**How (CRP) Works**
**Committed to Success**
**Industry Leader**
**Strategies**
**Contact Us**

## Email JBC



**JBC &**
**Associates PC**
2 Broad St.,
6th Floor
Bloomfield, NJ
07003
**800-241-8424**





# JBC's UNIQUE CHECK RECOVERY PROGRAM DELIVERS RESULTS

JBC & Associates, P.C. has developed a nationwide Check Recovery Program™ (CRP) which, for the first time, offers its retail clients the opportunity to utilize the statutory civil penalties adopted for forty-four out of fifty states in the United States.

These statutes are intended to allow retailers and other payees of dishonored checks to impose heavy penalties on those who have been given an opportunity to make good on their obligations and have simply refused to do so.

In most cases, statutory penalties include three (3) times the face amount of the check, service charges, court costs and attorney's fees.

Until now, nationwide retailers have not been able to justify using these statutes as a technique to recover NSF checks.

Enormous administrative and legal costs associated with recovery of relatively small face amounts of checks have made these statutes virtually benign, failing to meet their purpose as a deterrent to passing NSF checks.

The Check Recovery Program (CRP) is designed to consolidate thousands of checks from major retailers in a joint effort to take advantage of these statutes in a cost-effective fashion.

We have organized attorneys in every state who are prepared to file suit against debtors who have been given at least three opportunities to settle their account as part of the CRP.

Without any additional cost to our clients, except for our normal contingency fee, JBC will pursue all legal avenues available to accomplish recovery. Our expense is justified by the results we have achieved – a significantly higher recovery rate for all of our clients.

The program has worked remarkably well for many national retailers. All have experienced higher rates of recovery on returned checks, particularly on what was deemed to be un-collectible portfolios of bad checks.

Isn't it time for you to see how JBC's unique program can deliver results for your company?



*The Commonwealth of Massachusetts*

*Office of the Commissioner of Banks*

*Leverett Saltonstall Building, Room 2004*

*100 Cambridge Street*

*Boston, Massachusetts 02202*

ARGEO PAUL CELLUCCI
GOVERNOR

THOMAS J. CURRY
COMMISSIONER

October 27, 1998

J.B.C. and Associates, Inc.
33 Wood Avenue South
Iselin, New Jersey 08830

To Whom It May Concern:

The Division of Banks ("Division") has received a complaint with respect to your collection activities in the Commonwealth of Massachusetts.

The records of the Division do not show that you are licensed and bonded to do business as a collection agency in Massachusetts. Any collection of debt without a license is a violation of Massachusetts General Laws chapter 93, sections 24 through 28 inclusive and 209 CMR 18.00 *et seq.*, under which you may be subject to punishment by a fine of up to five hundred dollars or by imprisonment for not more than three months, or both. Further, violations of G.L.c. 93, §§ 24 through 27 are considered unfair or deceptive acts or practices under the provisions of G.L.c. 93A. For violations of G.L.c. 93A you may be subject to action by the Attorney General of the Commonwealth and by consumers; who are provided, by the statute, with certain rights to seek damages against you.

You are hereby directed to cease engaging in your collection operations until such time as you have been issued a license by the Commissioner of Banks for the operation of a collection agency in Massachusetts.

Enclosed are copies of the statute and regulations relating to the business of collection agencies within the Commonwealth of Massachusetts and an opinion of the Attorney General. Also find enclosed an affidavit which must be completed by an authorized officer of J.B.C. & Associates, Inc. and returned to the Consumer Compliance Unit of the Division within two weeks of the receipt of this letter.

Very truly yours,

Thomas J. Curry
Commissioner of Banks

Enclosures
Certified Mail# Z 389 750 414

CC      John M. Traier, Deputy Commissioner
        Banking and Insurance
        20 West State Street — CN 040
        Trenton, New Jersey 08525

TEL (617) 727-3145 · FAX (617) 727-0607 · TDD (617) 727-7625 · http://www.state.ma.us/dob/

Case 3:03-cv-00630-JBA    Document 38-3     Filed 03/29/2004     Page 11 of 24

## Consumer Protection Division



January 20, 2004

### *Press Releases*

The Office of the Attorney General annually reports its activities and concerns regarding numerous consumer concerns and anti-trust matters.

Back to November Press Release Directory

### *November 5, 2003*

FOR IMMEDIATE RELEASE

CONTACT: Norman Googel
304-558-8986
1-800-368-8808

**Departments**
Consumer Protection
Antitrust Division
Other Divisions
FAQ Index

**Publications**
Annual Reports
Press Releases
Complaint Forms
Preneed Contracts
Medicaid Estate
Recovery

**Helpful Links**
Consumer Links
Law Links
State Agencies
Federal Agencies

*U.S. Consumer
Product Safety
Commission Recalls*



**About the Office**
Contact Us
Other Divisions

**Site Tools**
Privacy Statement
Liability Policy
Free Downloads
Home

### ATTORNEY GENERAL DARRELL McGRAW SUES TO ENFORCE INVESTIGATIVE SUBPOENA AGAINST ANOTHER NEW JERSEY COLLECTION AGENCY

Attorney General Darrell McGraw announced today the filing of a petition asking the Kanawha Circuit Court to order JBC & Associates, a New Jersey collection agency, and its owner, Jack Boyajian, to produce records about its West Virginia collection activities as required by a subpoena issued by McGraw's office on August 11, 2003.

McGraw's office opened an investigation of JBC after several consumers complained that the law firm/collection agency was attempting to coerce payments of alleged bad checks by threatening arrest and criminal prosecution, harassing consumers repeatedly by telephone, refusing to identify itself, and refusing to provide copies of canceled checks or other verification of debts when disputed by consumers. The Attorney General's office also found that JBC was not licensed and bonded to collect debt in West Virginia.

Kanawha Circuit Judge Todd Kaufman ordered JBC and Boyajian to appear in his courtroom on December 12, 2003 at 9:30 a.m., to show



PLAINTIFF'S EXHIBIT
Boyajic M
1-27-04

cause why an order should not be issued compelling compliance with the subpoena and prohibiting the company from collecting debts in West Virginia until it complies with the subpoena and with West Virginia's collection agency licensing and bonding laws.

Any persons who wish to file a complaint against JBC or other consumer matters may do so by calling the Consumer Protection hotline at 1-800-368-8808, or by obtaining a complaint form from this site. (Complaint Form)

**Press Release Listing**

| The Attorney General | In The News | Antitrust | Consumer Protection | | FAQ | Home |

| Privacy Statement | Disclaimer of Liability |

© 2000 State of West Virginia Office of The Attorney General
Design by Anthony Romeo for Ablaze Online Web Development



## STATE OF WEST VIRGINIA
### Department of Tax and Revenue
### State Tax Department

**Bob Wise**
Governor

**Rebecca Melton Craig**
State Tax Commissioner

IN RE:  J B C & ASSOCIATES PC
Attorneys at Law
#2 Broad Street 6th Floor
Bloomfield, NJ  07073

DATE: October 23, 2003

### CERTIFICATE OF ABSENCE OF OFFICIAL RECORD

I, Dana L. Miller, do hereby certify that I am Director of the Revenue Division of the West Virginia State Tax Department, duly appointed by the West Virginia State Tax Commissioner and, as such officer, I have been delegated the authority for receiving, recording and maintaining the custody of all tax returns required to be filed with the West Virginia State Tax Department, and all records of all taxes required to be paid to the West Virginia State Tax Department pursuant to Chapter 11 of the West Virginia Code.

I further certify that I have made or caused to be made a thorough and diligent search of the records of my office in the name(s) of J B C & ASSOCIATES PC, Attorneys at Law, #2 Broad Street 6th Floor, Bloomfield, NJ  07073, which revealed that no company, organization, or business entity under the name J B C & ASSOCIATES PC, is registered to do business in the State of West Virginia as required under the provisions of the West Virginia Business Registration Tax as set forth in W. Va. Code §11-12-1 et seq.

Witness my hand and seal this 23rd of October, 2003.

Dana L. Miller, Director
Revenue Division
West Virginia State Tax Department

STATE OF WEST VIRGINIA
COUNTY OF KANAWHA, to wit:

I, Diana L Webb _____, a Notary Public, do certify that Dana L. Miller, whose name is signed to the writing above bearing date the 23rd of October, has this day acknowledged the same before me.

Given under my hand this 23rd of October, 2003.

Notary Public

My Commission expires _Feb. 8, 2009_____.

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
Diana L Webb
WV Dept of Tax & Revenue
1001 Lee Street, E
Charleston, WV 25301
My Commission Expires February 8, 2009



**State of New Jersey**
**Department of Treasury**
**Collection Agency Bond Status**

At the time of issuance of this certificate JBC Legal Group, PC does not appear on the records of this office.

Produced by the Notary Public Unit
New Jersey Division of Revenue
17th   Day of February, 200

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS

v.                                          CASE NO. 3:03CV 636 (JBA)

JBC & ASSOCIATES, P.C.
ET AL.                                      September 2, 2003

## PLAINTIFF'S REQUEST FOR ADMISSIONS

Pursuant to Fed. R. Civ. P. Rule 36, Plaintiff requests each Defendant to admit,

for the purposes of this action only, the truth of the following matters and the existence,

genuineness and due execution of the referenced documents.

1. Defendant does not proceed with court remedies unless it requests and

receives permission from its client, here Wilson Suede & Leather.

2. Defendant is not able to seek relief against a Connecticut resident.

3. Defendant has never sought court relief before a Connecticut court of proper

jurisdiction in a case involving Wilson Suede & Leather.


THE PLAINTIFF



BY_____
JOANNE S. FAULKNER ct04137
      123 Avon Street
      New Haven, CT 06511-2422
      (203) 772-0395


3

## TALK OFF  (SEPT, 2001)E

"Hello, my name is _____, calling from the Law Offices of JBC and Associates, PC in reference to what <u>appear</u>(s) to be fraudulent checks that you have issued in your state. The attorney has asked me to contact you in regard to these bounced checks. We are authorized to inform you <u>in accordance with</u> (*name the state*) <u>State Statutes we will immediately recommend disposition by a court of competent jurisdiction</u>. For the record, I've been instructed by the attorney to provide you with the Western Union Quick Collect instructions so that every opportunity has been afforded to you to clear this debt as quickly as possible."

<u>(a)Debtor's Response</u>: Yes.

"Do you have a pen and paper available?"
<u>Proceed to give Western Union info to debtor</u>.

<u>(b)Debtor's Response</u>: No.

"Thank you. This case will be <u>immediately</u> recommended to the attorney for action to be taken against you."

<u>Terminate call</u>.

\*\*\*\*\*((If questioned as to what that "<u>a court of competent jurisdiction</u>" is, advise the debtor this means that refusal to resolve this matter may lead to action by us in the appropriate court in their area by our associate attorneys.))\*\*\*\*\*\*

1

**\*\*\*<u>DO NOT</u> ADVISE THE DEBTOR THAT THEY HAVE 72 HOURS TO REMIT VOLUNTARY RESTITUTION. THIS IS AN IN-HOUSE TARGET. <u>GIVE THEM AN EXACT DATE AND AN EXACT TIME OF DAY</u> !!! (<u>WHICH SHOULD NOT EXCEED 72 HRS</u>)\*\*\*\*\*\*\***

---

**<u>DTR RESPONSES:</u>**

**"I'm willing to pay the check, not the damages"**

**"Everyone in your state who issues a check for insufficient funds is subject to statutory penalties, which are enacted by your state legislature. Partial payment will not prevent action in the appropriate court regarding this matter."**

- **Make sure you advise the debtor that statutory penalties are <u>incurred by the debtor's state</u>, not by our law office, and that <u>ONLY</u> the full balance is acceptable. Advise them that this is their litigation balance, which includes the check, bounced check fee and statutory damages. (*Only if the debtor questions the balance*)**

---

**<u>DEBTOR RESPONDS TO AUTOMATED MESSAGE ON A/MACH:</u>**

**\*\*\*\*\*<u>ONLY IF THE CALLER IDENTIFIES THEMSELVES AS THE DEBTOR</u>)\*\*\*\*\*\***

**<u>Debtor:</u>"I received an automated message to call this office."**

**\*\*\*((DO NOT ADVISE THE DEBTOR THAT THEIR ACCOUNT INFO HAS POPPED ON THE SCREEN. VERIFY THE NUMBER WE**

2

DIALED (update the account), **THE MASTER NUMBER LEFT**, and **THE DEBTOR NAME** (to search for other accounts)***

Collector:"This was a message sent out by the attorney in an attempt to notify you as to how you can <u>avoid disposition by a court of competent jurisdiction</u> against you scheduled to be filed in the near future. You can avoid this situation by forwarding payment in full to this office through Western Union Quick Collect. Here are the instructions.

## FOR WRONG NUMBER RESPONSES TO AUTOMATED MESSAGES:

<u>UNAUTHORIZED 3RD PARTY</u>:"I received an automated message to call this office."

"What number was it that we dialed? We were calling for (<u>Debtor's name</u>). Do you know him/her?

<u>If yes- Collect.</u>

<u>If no- Say the following:</u>

"We apologize for the error and we will remove the number immediately. Have a nice day."

Terminate call.
Remove number from system.

_____

_____


## RESPONSES TO DEBTORS:

## A) I never received notification.

(1)"Your case would not be in our offices if you had not received prior notification from your bank. In addition, our attorney has sent notification to (<u>debtor's address</u>) ***This is**

_the way to verify the debtor's address_. ** The transcript of this contact is in itself proof of notification."

(2)"If your bank statements are subpeonaed in court, it will show that you had insufficient funds in your account at the time you wrote the check. This may show intent to defraud."

(3)"Under <u>Article 3</u> of the <u>Uniform Commercial Code</u> your bank is required to notify you when a check bounces."

## B) I filed Bankruptcy and this was discharged.

"What was the date of your petition?"

_If the debtor gives you the information, check it against the date the check was written._

- **If the check was written BEFORE the petition date, say:**

  "You must submit proof to validate your claim. Please fax or mail a copy of your filing to our attorney (provide JBC address or fax number). Please be advised if neither you nor your attorney provide proof that this has been lawfully discharged we will assume that this has not been filed." **[USE STATUS CODE 70-CLAIMS BANKRUPTCY]**- _command is U(pdate)/M(aster)_

- **If the check was written AFTER the petition date, advise the debtor that their check(s) are not covered by that filing and they must remit full payment thru Western Union in 72 hours.**

4

**C) I did not write this check. My checkbook/license was stolen.**

"You must provide an <u>affidavit of forgery from your bank and a copy of a police report</u> showing that the checks were stolen. You have <u>one week</u> to either remit payment in full or fax the appropriate documentation to our office. Here is the Western Union information." **[USE STATUS CODE 71-CLAIMS FRAUD]**-*command is (U)pdate/(M)aster*

**D) "I NEVER RECEIVED YOUR LETTER"**

"If you are receiving all of your other mail, <u>a court of competent jurisdiction</u> will assume that you got this letter also.

**IF THE DEBTOR INSISTS ON SPEAKING WITH THE ATTORNEY:**

**"I will be happy to, Sir/Madam, but please be aware that you will be responsible for all attorney fees if I transfer you to the attorney."**

## BROKEN PROMISE TALKOFF:

"Mr/Ms _____, we were unable to close your case because of your failure to make payment. The only way to prevent your case from being reviewed for action today at (<u>GIVE THEM A TIME</u> !!!), is to remit your payment in full to our office today through Western Union Quick Collect. Otherwise, we may be forced to proceed with a disposition by a court of competent jurisdiction in your case."

## HELPFUL PHRASES:

- "<u>Do not doubt our client's resolve in this matter</u>. Your lack of payment up to this point has shown that you do not believe that we will take action against you."

- "Statutory fees are damages instituted by your state legislature for committing an illegal act (<u>like bouncing a check and not paying it back</u>)."

- "I am calling to see if you wish to handle this voluntarily."

- "I am calling to see if you want to settle this matter <u>out of court</u>."

6

## Common Debtor Objections:

1. "I'm not working"
2. "I'm sick or my children are sick"
3. "I'm divorced"

All of these debtor objections are irrelevant. However, you should <u>QUICKLY</u> and <u>POLITELY</u> deflect these issues with:

"I'm very sorry about your situation, Sir/Madam. However, the attorney has asked me to call you in regard to these <u>apparently</u> fraudulent checks. Your payment is required in this office within 72 hours to avoid action that may result in you being brought to court. Here is the Western Union information you will need to do this."

---

## *SETTLEMENTS WITH THE DEBTOR*

- **If the debtor absolutely cannot bay the full balance, and you think they may be able to pay a settlement, do the following:**

   "Sir/Madam, you may be eligible for a hardship settlement subject to the attorney's approval. However, you must make payment in our office within 72 hours of this date. Would you like me to ask the attorney?"

### *PUT THE DEBTOR ON HOLD FOR A FULL 60 SECONDS !!!!!*

   "The attorney has approved your request for a settlement provided you forward (<u>settlement amount</u>) through Western Union Quick Collect within 72 hours. Here is the information that you need."

## CLOSING STATEMENT

- "Mr/Mrs._____, you have no other alternatives regarding resolution of this situation. If you break this arrangement, you may be subject to further legal actions and any legal fees incurred as a result in addition to your existing balance. Please keep this in mind."

8

10.   Identify the person who determined that plaintiff owed a balance of $10277.56 as of Feb. 17, 2003.

**Defendant is not aware of any person who made any specific determination on or about February 17, 2003 that plaintiff owed a balance of $10277.56 at that time. Any letter sent to the Plaintiff indicating that such a balance be paid at that time was sent as a result of an unintentional error.**

11.   Set forth the calculations used to arrive at the balance of $10277.56 set forth in your letter of Feb. 17, 2003.

**Defendant is not aware of any person who made any specific determination on or about February 17, 2003 that plaintiff owed a balance of $10277.56 at that time. Any letter sent to the Plaintiff indicating that such a balance be paid at that time was sent as a result of an unintentional error. Defendant nonetheless notes that to the extent a letter was sent to the plaintiff setting forth a claim for an amount of $10277.56, that figure related to and was based upon a total of twenty-two (22) dishonored checks that were referred to the Defendant JBC for collection. The amount of the balance included the aggregate amount of, for each of the 22 dishonored checks written, the debt represented by the check itself, damages equal to the face amount of the check or four hundred dollars (whichever was less), and a service charge and/or other fees. The calculations are set forth as follows:**

|      | Client   | Check # | Check date | Principal | Interest | CkChg | Stats  | Costs | Balance |
|------|----------|---------|------------|-----------|----------|-------|--------|-------|---------|
| 1)   | WSU -1   | 297     | 1/29/1996  | 243.79    | 0        | 25    | 243.79 | 0     | 512.58  |
| 2)   | WSU -1   | 189     | 1/28/1996  | 158.99    | 0        | 25    | 158.99 | 0     | 342.98  |
| 3)   | BOB -1   | 292     | 1/28/1996  | 178.95    | 0        | 25    | 178.95 | 0     | 382.9   |
| 4)   | BOB -1   | 186     | 1/26/1996  | 354.17    | 0        | 25    | 354.17 | 0     | 733.34  |
| 5)   | BOB -1   | 194     | 1/27/1996  | 360.06    | 0        | 25    | 360.06 | 0     | 745.12  |
| 6)   | KAY -1   | 285     | 1/28/1996  | 291.44    | 0        | 25    | 291.44 | 0     | 607.88  |
| 7)   | FTA -1   | 234     | 1/25/1996  | 190.78    | 0        | 25    | 190.78 | 0     | 406.56  |
| 8)   | CVS -1   | 200     | 1/27/1996  | 74.45     | 0        | 25    | 74.45  | 0     | 173.9   |
| 9)   | CVS -1   | 283     | 1/28/1996  | 55.81     | 0        | 25    | 55.81  | 0     | 136.62  |
| 10)  | CVS -1   | 289     | 1/28/1996  | 51.07     | 0        | 25    | 51.07  | 0     | 127.14  |
| 11)  | CVS -1   | 280     | 1/27/1996  | 118.3     | 0        | 25    | 118.3  | 0     | 261.6   |
| 12)  | CVS -1   | 290     | 1/28/1996  | 104.24    | 0        | 25    | 104.24 | 0     | 233.48  |
| 13)  | CVS -1   | 187     | 1/26/1996  | 143.22    | 0        | 25    | 143.22 | 0     | 311.44  |
| 14)  | CVS -1   | 291     | 1/29/1996  | 152.57    | 0        | 25    | 152.57 | 0     | 330.14  |
| 15)  | CVS -1   | 227     | 1/25/1996  | 67.76     | 0        | 25    | 67.76  | 0     | 160.52  |
| 23)  | CVS -1   | 237     | 1/28/1996  | 110.14    | 0        | 25    | 110.14 | 0     | 245.28  |
| 16)  | MRL-X -1 | 195     | 1/26/1996  | 283.96    | 0        | 25    | 283.96 | 0     | 592.92  |
| 17)  | MRL-X -1 | 239     | 1/25/1996  | 349.79    | 0        | 25    | 349.79 | 0     | 724.58  |
| 18)  | MRL-X -1 | 278     | 1/27/1996  | 326.17    | 0        | 25    | 326.17 | 0     | 677.34  |
| 19)  | MRL-X -1 | 190     | 1/27/1996  | 336.79    | 0        | 25    | 336.79 | 0     | 698.58  |
| 20)  | MRL-X -1 | 236     | 1/25/1996  | 294.69    | 0        | 25    | 294.69 | 0     | 614.38  |
| 21)  | MRL-X -1 | 240     | 1/25/1996  | 275.58    | 0        | 25    | 275.58 | 0     | 576.16  |
| 22)  | MRL-X -1 | 184     | 1/26/1996  | 328.56    | 0        | 25    | 328.56 | 0     | 682.12  |

10,277.56