IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
-----------------------------------------------------------x
                                            :
EVELINE GOINS                               :    3:03 CV 636 (JBA)
                                            :
v.                                          :
                                            :
JBC & ASSOC. PC ET AL.                      :    DATE: MAY 17, 2004
                                            :
-----------------------------------------------------------x
```

<u>RULING ON PENDING DISCOVERY MOTIONS</u>

Plaintiff Eveline Goins commenced this action against defendants JBC & Associates, P.C. ["JBC & Assoc."], Jack H. Boyajian ["Boyajian"] and Marvin Brandon [collectively "defendants"] on April 8, 2003, asserting violation of the Fair Debt Collection Practices Act,15 U.S.C. § 1692e, -f or -g (Count One); and violation of the Connecticut Creditor's Collection Practices Act, CONN. GEN. STAT. § 36a-645 <u>et seq.</u> or the Connecticut Consumer Collection Agency Act, CONN. GEN. STAT. § 36a-800 <u>et seq.</u>, and the Connecticut Unfair Trade Practices Act, CONN. GEN. STAT. § 42a-110a <u>et seq.</u> (Count Two).  (Dkt. #1). Defendants filed their Answer, with affirmative defense, on August 14, 2003. (Dkt. #9).

Five discovery motions presently are pending.  On January 21, 2004, plaintiff filed her first Motion to Compel: No Objections, requesting that defendants respond to interrogatories and production requests.  (Dkt. #15).  On February 12, 2004, United States District Judge Janet Bond Arterton granted plaintiff's motion on consent in light of defendants' "represent[ation] that they have fully complied with plaintiff's discovery" as of that date.  (Dkt. #19).  Thereafter, on February 19, 2004, plaintiff filed her Motion for Rule 37 Orders, and brief and affidavit in support.  (Dkts. ##20-22).[1]  Six days later, plaintiff filed

_____

[1]Attached to plaintiff's brief in support (Dkt. #21) is a copy of Response to First Set of Interrogatories and Defendant[s'] Response to First Request for Production, both mailed on February 12, 2004.

her Motion to Compel Deposition at the Cost of Defendants, and brief and affidavits in support. (Dkts. ##23-24 & 27-28). That same day, plaintiff filed a Motion for Protective Order and brief in support. (Dkts. ##25-26).[2] Also on February 25, 2004, defendants filed their Motion for Protective Order. (Dkt. #29).[3]

On March 5, 2004, plaintiff filed another Motion to Compel: No Objections, and brief and affidavit in support. (Dkts. ##30-31 & 33).[4] The same day, plaintiff filed her brief in opposition to defendants' Motion for Protective Order. (Dkt. #32).[5] Defendants filed their brief in opposition to plaintiff's Motion for Rule 37 Orders on March 12, 2004. (Dkt. #34).[6] Except for the pending motions, discovery closed in this case on March 1, 2004. (Dkt. #11).

On April 26, 2004, United States District Judge Janet Bond Arterton referred all discovery matters in this lawsuit to this United States Magistrate Judge. (Dkt. #40).

For the reasons set forth below, plaintiff's Motion for Rule 37 Orders (Dkt. #20) is denied; defendants' Motion for Protective Order (Dkt. #29) is granted; plaintiff's Motion to Compel Deposition at the Cost of Defendants (Dkt. #23) is denied; and plaintiff's Motion for Protective Order (Dkt. #25) and plaintiff's Motion to Compel (Dkt. #30) are granted absent objection.

_____

[2]Attached to plaintiff's brief in support (Dkt. #26) are copies of margin endorsements on three motions.

[3]Attached is a copy of a Notice of Deposition and Schedule A, dated January 23, 2004 (Exh. A); copy of Notice of Deposition, dated January 29, 2004 (Exh. B); and copy of excerpts from Boyajian's deposition, taken on January 27, 2004 (Exh. C).

[4]Attached to plaintiff's brief in support (Dkt. #31) is the Second Discovery Request, dated January 29, 2004.

[5]Attached are copies of margin endorsements on two motions.

[6]Attached is a copy of Defendant[s'] Supplemental Response to First Set of Interrogatories and Defendant[s'] Response to First Request for Production, both mailed on March 11, 2004 (Exh. A).

## I. DISCUSSION

### A. PLAINTIFF'S MOTION FOR RULE 37 ORDERS (Dkt. #20)

As previously indicated, plaintiff filed her Motion for Rule 37 Orders on February 19, 2004, seven days after Judge Arterton granted plaintiff's Motion to Compel and defendants represented that they have fully complied with plaintiff's discovery as of February 12, 2004. (See Dkts. #19-20).  In this pending motion, plaintiff contends that defendants "instead served unverified interrogatory responses, did not 'identify' per the D. Conn. Local R. Civ. 26, and evasively responded to interrogatories and production requests"; plaintiff also moves for the entry of default against defendants and for an order striking their affirmative defenses. (Dkt. #20).    Defendants have acknowledged that their February 12, 2004 responses were unverified because defense counsel was "awaiting receipt of the acknowledgment of [d]efendant [JBC & Assocs.'] principal owner, . . . who, at the time, was in California," and defendants have since served supplemental notarized responses. (Dkt. #34, at 2 & n.3; see also Dkt. #34, Exh. A).  Moreover, defendants contend that plaintiff has subjectively declared that the responses are evasive and plaintiff has "obstructed" defendants' ability to respond to discovery as plaintiff's counsel has relied on a letter as a basis for discovery that, until recently, she refused to disclose.  (Dkt. #34, at 2-4).

Accordingly, plaintiff's Motion for Rule 37 Orders (Dkt. #20) is denied.

### B. DEFENDANTS' MOTION FOR PROTECTIVE ORDER & PLAINTIFF'S MOTION TO COMPEL DEPOSITION AT THE COST OF DEFENDANTS (Dkts. ##29 & 23)

Defendants move for a protective order "specifying that the deposition of [defendant] Boyajian not be had, or that it be had only at a location in Bloomfield, New Jersey or at a location within a reasonable vicinity of Bloomfield, New Jersey, so as to avoid any annoyance, harassment or undue burden and expense to the [d]efendant[s]." (Dkt. #29, at 1). Defendants served a notice of deposition on or about January 23, 2004, scheduling

plaintiff's deposition for February 26, 2004 at 10:00 am at defense counsel's office in Southport, Connecticut. (Id. at 1). Thereafter, on or about January 29, 2004, plaintiff served a notice of deposition scheduling the deposition of defendant Boyajian for the same date and time as plaintiff's deposition but in New Haven, Connecticut despite the fact that defendant Boyajian's office is approximately 100 miles and two hours away from New Haven and depositions of a corporation through its agents generally should be taken at the corporation's principal place of business. (Id. at 1-2)(multiple citations omitted).

On the same day that defendants filed their Motion for Protective Order, plaintiff filed her Motion to Compel Deposition at the Cost of Defendants, contending that the parties agreed that both plaintiff's and defendants' depositions would be taken in New Haven, Connecticut on February 26, 2004 and thereafter, on February 20, 2004, plaintiff's counsel was informed that defendant Boyajian was unavailable. (Dkts. ##23-24). Plaintiff contends that her motion should be granted in light of defendants "purposeful sluggishness" in discovery. (Dkt. #24, at 1)(citation omitted).

Although depositions of a corporation are generally conducted at the corporation's principal place of business, "where a dispute arises courts have discretion to order a different location depending upon the circumstances." In re: Vitamin Antitrust Litig., 2001 U.S. Dist. LEXIS 25070, at * 28 (D.D.C. Sept. 11, 2001)(multiple citations omitted); see Thomas v. International Bus. Machs., 48 F.3d 478, 483 (10th Cir. 1995). Moreover, "[c]ourts have suggested that the presumption . . . that depositions occur at a corporation's place of business, is merely a decisional rule that facilitates determination when other relevant factors do not favor one side over the other." In re: Vitamin Litig., 2001 U.S. Dist. LEXIS 25070, at *29 (citations and internal quotations omitted).

This Court will consider factors including the costs incurred in transporting the

defendants to New Haven from New Jersey, the convenience of counsel, the residence of the witnesses, the extent to which the witness' affairs would be disrupted if required to travel to attend the deposition, and the elements that may affect litigation efficiency, including accessibility to documents and access to judicial supervision. Mill-Run Tours, Inc. v. Khashoggi, 124 F.R.D. 547, 550-51 (S.D.N.Y. 1989). In this case, unlike In re: Vitamin Antitrust Litig. and Mill-Run, the disputed location of the deposition is approximately one hundred miles from the corporation's place of business, rather than in an entirely different country; thus, the costs incurred are relatively minimal, while the convenience, or lack thereof, to counsel and the parties is somewhat moderate. Additionally, in this case, the latter two factors, accessibility to documents and access to judicial supervision, are not a consideration.

Plaintiff has not provided the Court with any affidavits attesting to the financial burden on plaintiff in holding this deposition at the defendant-corporation's headquarters; rather, plaintiff has focused on the convenience to her counsel, to the inconvenience of defendants.[7] In light of the foregoing, and the fact that the other relevant factors favor defendants over plaintiff in this case, the presumption of holding the deposition at a corporation's place of business prevails, unless counsel agree to an alternative location.

---

[7]Defendants have pointed out that this case is one of three separate actions commenced by plaintiff against defendants "alleging largely overlapping and duplicative consumer debt collection violations [and] [i]n this regard, . . . defendants already voluntarily agreed to have [defendant] Boyajian deposed in New Haven with respect to the first action . . . ." (Dkt. #29, at 3)(emphasis omitted). At that deposition, which was held on January 27, 2004, "plaintiff's counsel examined [defendant] Boyajian with respect to the collection letter which forms the subject matter of the plaintiff's claims in this action." (Id.)(emphasis omitted) . Thus, to the extent that plaintiff would like to reduce future costs, there is recent deposition testimony that may obviate the need for further examination at a distant location.

Counsel should be able to agree to a date to reschedule the deposition.

See In re: Vitamin Litig., 2001 U.S. Dist. LEXIS 25070, at *29.

## II. CONCLUSION

_____For the reasons stated above, plaintiff's Motion for Rule 37 Orders (Dkt. #20) is denied; defendants' Motion for Protective Order (Dkt. #29) is granted; and plaintiff's Motion to Compel Deposition at the Cost of Defendants (Dkt. #23) is denied. Plaintiff's Motion for Protective Order (Dkt. #25) and plaintiff's Motion to Compel (Dkt. #30) are granted absent objection.[8]

_____This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

_____See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 17th day of May, 2004.

_____/s/_____
Joan Glazer Margolis
United States Magistrate Judge

_____

[8]These motions reflect an utter failure of communication between counsel. Both counsel can, and should, do better.

If either attorney believes that a settlement conference before this Magistrate Judge would be productive, she or he should contact Chambers accordingly.