FILED

Jun 1 2 12 PM '04

U. S DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EVELINE GOINS | : | CIVIL ACTION NO. |
| | : | 3:03 CV 636 (JBA) |
| | : | |
| | : | |
| vs. | : | |
| | : | |
| | : | |
| | : | |
| JBC & ASSOCIATES, P.C. | : | |
| JACK H. BOYAJIAN | : | |
| MARVIN BRANDON | : | MAY 27, 2004 |

## DECLARATION OF JACK H. BOYAJIAN

I, Jack H. Boyajian, do hereby state under penalties of perjury, as follows:

1.    I am an attorney, a principal in the firm of JBC and Associates, P.C. ("JBC")

Both the firm and I are named as defendants in the above captioned action.

2.    I make this affidavit in opposition to the plaintiff's motion for partial summary

judgment in the action.

3.    A JBC client located outside of Connecticut placed with the firm for collection

nearly two dozen checks which had been dishonored for insufficient funds checks

that apparently had been written by plaintiff, Eveline Goins.  As part of a

collection effort relating to these checks, JBC wrote letters to Ms. Goins

1

concerning one or more of these checks. The checks were listed under a single master account number maintained by JBC.

4.    Although JBC's efforts were all part of the effort to collect on this single master account, the plaintiff's attorney Joanne Faulkner, filed two separate civil actions under the Fair Debt Collection Practices Act regarding those efforts. The first action was filed on or about June 20, 2002 bearing the caption <u>Goins vs. JBC Associates, et al</u>, Civil Action No3:02CV1069(MRK)  The second action was commenced on or about August 30, 2002 and bears the caption <u>Goins vs. Brandon</u>, Civil Action, No. 3:02CV1537(AVC).  Defendants contend, among other things, that the second of the two actions improperly violates the rule against splitting causes of action.  JBC submits that the collection effort, with respect to Ms. Goins should not be the subject of multiple civil proceedings asserting a single cause of action. Summary judgment motions are pending in both of the other actions.

5.    As a result of a bankruptcy, JBC put a hold upon further communications with Ms. Goins regarding the debts that then had been placed with JBC.  JBC has standardized procedures in place to avoid further communications with the consumer when JBC learns that the consumer is represented by counsel or has

2

filed for bankruptcy protection. Upon receipt of notice of such representation or filing, codes reflecting such representation or filing are entered into the consumer's file, notifying collectors or attorneys working the file that such representation or filing has taken place. The collectors and/or attorneys are trained and informed that under such circumstances, further communication with the consumer is prohibited. No further collection efforts were to occur as to Ms. Goins master account.

6.    In accordance with the practices and policies mentioned above, the February 2003 letter at issue in this case never should have been sent. The inadvertent transmittal was not the product of a conscious decision by me or Mr. Brandon or anyone else at JBC. Notwithstanding the hold that had been placed upon Ms. Goins account, JBC's computers generated an unintended piece of correspondence.

7.    This correspondence appears to have been triggered by a later, separate placement by a JBC client of additional bad checks written by Ms. Goins. This new placement resulted in the creation of a separate new master account number. Due to an imperfection in the computer program or an inadvertent creation of a merged account, the computer issued a letter which included information, not

3

only about the newly placed checks, but swept in information concerning the prior placements as well.

8.   JBC had no reason to want to send additional correspondence to Ms. Goins in the midst of ongoing litigation. The correspondence was unintended despite JBC's proceduresdesigned to prevent consumer contact when there is a known attorney or bankruptcy involved.

9.   On an additional item addressed by the plaintiff's motion, on accounts placed with JBC, JBC is authorized to pursue legal action, either itself or based upon referral to counsel in the appropriate jurisdiction. In connection with such authorization, JBC has placed account for collection with attorneys in numerous states, including Connecticut.

Under penalties of perjury, I hereby state that the foregoing declaration is true to the best of my knowledge and belief.

Jack H. Boyajian

4

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed postage prepaid this 1st day of June 2004, to:

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT 06511

_____
Jonathan D. Elliot