FILED
Jun 1 2 12 PM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EVELINE GOINS | : | CIVIL ACTION NO. |
| | : | 3:03 CV 636 (JBA) |
| vs. | : | |
| JBC & ASSOCIATES, P.C. | : | |
| JACK H. BOYAJIAN | : | |
| MARVIN BRANDON | : | MAY 31, 2004 |

## DEFENDANTS' LOCAL RULE 56(a)(2) STATEMENT

The defendants hereby object to or dispute the following numbered assertions set forth in the Plaintiff's Local Rule 56(a)(1) statement on the grounds that such assertions are irrelevant or immaterial, not properly supported by authenticated, admissible evidence, denied or disputed, inadmissible or otherwise, as follows:

5.   Defendant Boyajian is a debt collector. Boyajian Dep. P. 25.

Denied. Declaration of Jack H. Boyajian

7.   Defendant Brandon is a debt collector. Boyajian Dep. P. 50-51.

Denied. Affidavit of Marvin Brandon.

9.   Defendant JBC has been sued in Connecticut repeatedly since August 24, 1998, on the basis of its unlicensed collection efforts as to Connecticut residents. Judicial Notice, Copies of file stamped face sheet of Complaints attached.

Immaterial to any issue of liability presented by the instant motion and offered for sole purpose of prejudicing the defendants.

10.  Defendants Brandon and Boyajian have been sued in Connecticut repeatedly since August 2001 on the basis of their unlicensed collection efforts as to Connecticut residents.

Judicial notice, Copies of file stamped face sheet of Complaints attached

Immaterial to any issue of liability presented by the instant motion and offered for sole purpose of prejudicing the defendants.

15. JBC's internet site, as of the date of this Complaint, asserts. "You can be assured that every account placed will be handled professionally and within full compliance of all federal and state laws. Our in-house attorneys are fully responsible for ensuring compliance by the staff, associates and corresponding attorneys in all fifty states." Admitted Answer ¶16.

Immaterial to any issue of liability presented by the instant motion and offered for the sole purpose of prejudicing the defendants.

16. Defendant's letterhead claims that it has offices in New Jersey, California, New York, and Massachusetts. Admitted Answer ¶17.

Immaterial to any issue of liability presented by the instant motion and offered for the sole purpose of prejudicing the defendants.

17. Defendants engaged in collection in all fifty states. Portion of Conn. License App., attached.

Not supported by any properly authenticated document.

18. Defendant's web site asserts their ability to impose statutory dishonored check fees in the forty-four states which provide therefor. Attached as Admission per Van Westrienen v. Americontinental Collection Corp., 94 F. Supp. 2d 1087 (D Or. 2000)

Immaterial to any issue of liability presented by the instant motion and offered for the sole purpose of prejudicing the defendants. Also not supported by any properly authenticated document.

19. JBC was subject to the attached Order issued by the Massachusetts Authority.

Immaterial to any issue of liability presented by the instant motion and offered for the sole purpose of prejudicing the defendants. Also not supported by any properly authenticated document. Inadmissible hearsay.

20. JBC has been subpoenaed by the West Virginia Attorney General based on unlicensed collection activity per the attached (Ex M to Boyajian Dep).

Immaterial to any issue of liability presented by the instant motion and offered for the sole purpose of prejudicing the defendants. Also not supported by any properly authenticated

document.

23.     Defendants sent plaintiff a letter dated February 17, 2003, demanding a balance of $10,277.56 on the 1996 Wilson checks. Plaintiff's Affidavit.

Denies that the amount referred to in the February 17, 2003 letter refers only to 1996 checks payable to Wilson Suede &Leather. Interrogatory Responses, attached to Plaintiff's Local Rule 56(a)(1) Statement.

26.     Each Defendant does not proceed with court remedies unless it requests and received permission from its client, here Wilson Suede & Leather. Failure to respond to Request for Admissions attached.

Denied. Declaration of Jack Boyajian. The alleged Request for Admission attached to the plaintiff's paper has never been seen or received by the defendant's counsel. See Affidavit form the Defendant's counsel.

27.     Each Defendant is not able to seek relief against a Connecticut resident. Failure to respond to Request for Admissions, attached.

Denied. Declaration of Jack Boyajian. The alleged Request for Admission attached to the plaintiff's paper has never been seen or received by the defendant's counsel. See Affidavit form the Defendant's counsel. Statement is incorrect as a matter of law.

28.     Each Defendant has never sought court relief before a Connecticut court of proper jurisdiction in a case involving Wilson Suede & Leather. Failure to responds to Request for Admissions. Attached.

Not admitted. Request for Admission attached to the Plaintiff's appears has never been seen or receive by the defendant's counsel. See affidavit of the Defendant's counsel.

29.     Defendants' "Talk Off" mandates that the collectors mention attorneys and court consequences routinely. Copy attached as produced in discovery.

Immaterial to the liability issues resented by the plaintiff's motion. No evidence submitted that any such conversation occurred with the plaintiff. Document is not properly authenticated.

31.     Defendant Brandon is a debt collector within the FDCPA. Brandon Deposition p.12.

Denied. Affidavit of Marvin Brandon.

Pursuant to Local Rule of Civil Procedure 56(a)(2) the defendants submit that there are material questions of fact for trial not eliminated or precluded by the submissions of the plaintiff in connection with this instant motion, as follows:

1. Whether defendant Brandon acted as a debt collector with respect to the collection letter in question.

2. Whether defendant Boyajian acted as a debt collector with respect to the collection letter in question.

3. Whether JBC was required to be licensed in Connecticut at relevant times.

4. Whether the sending of the letter at issue was intentional.

5. The applicability of the defense under 15 U.S.C. §1692k(d).

6. Whether plaintiff suffered any ascertainable loss of money or property, real or personal, as a result of any alleged violation by the defendants.

THE DEFENDANTS,

By: _____
Jonathan D. Elliot (Ct 05762)
Kleban & Samor, P.C.
2425 Post Road
Southport, CT 06490
(203) 254-8969

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed postage prepaid this 1st day of June 2004, to:

        Joanne S. Faulkner, Esq.
        123 Avon Street
        New Haven, CT 06511

        _____
        Jonathan D. Elliot

JBC8777\0005\PLE\Local Rule 56(a)(2)Statement     5