UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
JUN 1 2 12 PM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN.

| | | |
|---|---|---|
| EVELINE GOINS | : | CIVIL ACTION NO. |
| | : | 3:03 CV 636 (JBA) |
| vs. | : | |
| JBC & ASSOCIATES, P.C. | : | |
| JACK H. BOYAJIAN | : | |
| MARVIN BRANDON | : | MAY 31, 2004 |

### DEFENDANTS' MEMORANDUM
### IN SUPPORT OF MOTION TO STRIKE

The plaintiff's statement under Local Rule of Civil Procedure 56(a)(1) thereto are filled with matter which is irrelevant and immaterial to the liability issues presented by the plaintiff's motion, and attachments which are unsworn, unauthenticated hearsay or otherwise not presented in admissible form as required by the Federal Rules.

Federal Rule 56(e) provides:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

The Rule sets forth a standard that statements and documents supporting a motion for summary judgment be admissible. E.g. Yeatman v. Ireland Property Management, Inc. 845 F. Supp. 625 (N.D. Ill. 1994). Unauthenticated documents may not be relied upon. E.g. Countryside Oil Co., Inc. v. Travelers Insurance Co., 928 F. Supp. 474 (D. N.J. 1995). In-admissible hearsay may not be used. E.g. Buttice v. G.D. Searle & Co., 938 F. Supp. 561 (E.D. Mo. 1996).

JBC8777\0005\PLE\memo in support of
motion to strike060104

1

The plaintiff's submissions in support of her motion are in violation of some of the foregoing principles as follows:

<u>Irrelevant and Immaterial Matter</u>

9 - 10. References to other lawsuits filed by the plaintiff's counsel for other plaintiffs have nothing whatever to do with the determination of liability in this case and are offered for no other reason than to prejudice the defendants in the mind of the Court.

15. References to JBC's website also have no bearing on liability in the instant action.

16. References to out-of-state offices are immaterial to any issue raised by the plaintiff's motion.

17. The purported excerpt from a licensing application is not properly authenticated.

18. Website statement that check fees will be imposed in states that permit them is irrelevant and not properly authenticated.

19. An unauthenticated 1998 letter directed to an entity not a party herein is hearsay and irrelevant to the liability issues in this case.

20. References to a subpoena in West Virginia are immaterial.

29. The document in question is not properly authenticated and has no relationship to collection activity alleged by the plaintiff in this case.

WHEREFORE, the foregoing numbered items and documents should be stricken from the record in support of the plaintiff's motion for partial summary judgment as to liability in this action.

JBC8777\0005\PLE\memo in support of
motion to strike060104

2

THE DEFENDANTS,

By: _____
Jonathan D. Elliot (Ct 05762)
Kleban & Samor, P.C.
2425 Post Road
Southport, CT 06490
(203) 254-8969

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed postage prepaid this 1st day of June 2004, to:

    Joanne S. Faulkner, Esq.
    123 Avon Street
    New Haven, CT 06511

_____
Jonathan D. Elliot

JBC8777\0005\PLE\memo in support of
motion to strike060104

3