UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS

v.                                           CASE NO. 3:03CV 636 (JBA) (JGM)

JBC & ASSOCIATES, P.C.  et al.               July 12, 2004

## PLAINTIFF'S OPPOSITION TO MOTION TO STRIKE

Defendant's Motion to Strike (Doc. No. 53) Paragraphs 9, 10, 15, 16, 17, 18, 19, 20, 29, and 31 from plaintiff's Local Rule 56(a)1 Statement should be denied. The Motion is procedurally and substantively improper.

Procedurally, there is no authority for a motion to strike the mandatory Statement, and defendants cite none. Fed. R. Civ. P. 12(f) provides only for motions to strike from a "pleading" (before responding to it) any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. No pleading is involved. In addition, Defendants have responded to the Local Rule 56(a)1 Statement (Doc. No. 51), thus the motion to strike is waived or moot as duplicative.

Substantively, the basis for the motion to strike is that matter is "irrelevant and immaterial." That bald assertion is unsupported by discussion, citation, or analysis. Following are the paragraphs defendants seek to strike.

Defendants' memorandum did not discuss any basis for striking Paragraph 31, which provides: "Defendant Brandon is a debt collector within the FDCPA. Brandon Deposition p. 12." Defendants submitted, in opposition to plaintiff's Statement, an Affidavit of Brandon which contradicts his deposition. The Court must disregard any affidavit inconsistent with Brandon's prior sworn statement in determining summary

judgment issues. <u>Mack v. United States,</u> 814 F.2d 120, 145-25 (2d Cir. 1987). Moreover, issues of judicial estoppel are raised by Brandon's having admitted being a debt collector in the two prior cases brought against him by Ms. Goins. Indeed, Defendants admit that "JBC's efforts were all part of the effort to collection on this single master account." Declaration of Boyajian Doc No. 49. If Brandon is a debt collector in the other cases, he is a debt collector in this case.

  <u>Paragraph 9.</u>  Defendant JBC has been sued in Connecticut repeatedly since August 24, 1998, on the basis of its unlicensed collection efforts as to Connecticut residents. Judicial Notice, Copies of file-stamped face sheet of Complaints, attached.

  <u>Paragraph 10.</u>  Defendants Brandon and Boyajian have been sued in Connecticut repeatedly since August, 2001 on the basis of their unlicensed collection efforts as to Connecticut residents. Judicial notice, Copies of file-stamped face sheet of Complaints, attached.

  <u>Paragraph 15.</u>  JBC's internet site, as of the date of this Complaint, asserts. "You can be assured that every account placed will be handled professionally and within full compliance of all federal and state laws. Our in-house attorneys are fully responsible for ensuring compliance by the staff, associates and corresponding attorneys in all fifty states." Admitted, Answer ¶ 16.

  <u>Paragraph 16.</u>  Defendant's letterhead claims that it has offices in New Jersey, California, New York, and Massachusetts. Admitted, Answer ¶ 17.

  <u>Paragraph 19.</u>  JBC was subject to the attached Order issued by the Massachusetts Authority.

  <u>Paragraph 20.</u>  JBC has been subpoenaed by the West Virginia Attorney General based on unlicensed collection activity per the attached (Ex. M to Boyajian Dep.)

Defendants claim these paragraphs are immaterial to any issue of liability. See also Defendants' Rule 56(a)2 Statement.  In their opposition to summary judgment, they take the opposite position: that plaintiff must defeat their "unintentional bona fide error" defense Doc. No. 52 at 5-6. These paragraphs show the intentional nature of the

defendants' collecting in Connecticut without a license, and defeat the bona fide error defense. They were inserted for notice, knowledge, pattern and practice, not to prejudice the Court as defendants claim.

Paragraph 17.  Defendants engage in collection in all fifty states. Portion of Conn. License App., attached.

Defendants' Rule 56(a)2 Statement and their Motion to Strike claim the portion of the Connecticut license application, on the letterhead of the Connecticut Banking Department, provided by defendants in discovery pursuant to their obligations under Rule 26(g), and signed by defendant Boyajian under oath, is not properly authenticated. Surely it is what it appears to be under Fed. R. Evid. 901. At page 29 of his deposition of Jan 27, 2004, appended as an Ex to the Local Rule 56(a)1 Statement, Boyajian refers to having filed the application. In the event defendants are quibbling about the absence of the notarization page, it is supplied herewith.

Paragraph 18.  Defendant's web site asserts their ability to impose statutory dishonored check fees in the forty-four states which provide therefor. Attached.as Admission per <u>Van Westrienen v. Americontinental Collection Corp.</u>, 94 F. Supp. 2d 1087 (D. Or. 2000).

Defendants claim that the web site is not properly authenticated and irrelevant. It is an admission against interest and defeats defendants' bona fide error defense if they had asserted that their addition of statutory fees was unintentional. (They do not oppose any aspect of the summary judgment as to imposition of improper and excessive fees.)

Paragraph 29.  Defendants' "Talk Off" mandate that the collectors mention attorneys and court consequences routinely. Copy attached as produced in discovery.

3

Defendants claim the document is not properly authenticated but they do not deny they produced it in discovery pursuant to their Rule 26(g) obligations. The latter admission alone is sufficient authentication without an affidavit of plaintiff's counsel. Defendants claim that the document has no relationship to collection activity alleged by the plaintiff in this case. She alleged getting a letter which mentioned remedies, court, and "appropriate relief before a court of proper jurisdiction." The document underscores the intentional nature of the letter's (illegal) threat of suit.

## CONCLUSION

Since defendants' Motion to Strike is procedurally improper and substantively untenable, it should be denied.

THE PLAINTIFF

BY___/s/ Joanne S. Faulkner____
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net

This is to certify that the foregoing was mailed on July 12, 2004, postage prepaid, to:

Jonathan D. Elliot
Sabatino P. Fiano
P. O. Box 763
Southport CT 06490

_/s/ Joanne S. Faulkner_
Joanne S. Faulkner

02/10/2004 11:30   9732590497                                                                PAGE   19

-2-

8. Has the Applicant or any employee, officer, director, partner, member, sales agent, collector or similar person, whether an independent contractor or not:

   (a) ever been convicted in any state or federal court of any crime (not including motor vehicle traffic misdemeanors)?
   Yes ☐   No ☒

   (b) ever been the subject of actions (cease and desist orders, consent orders, injunctions, license suspensions or revocations, etc.) by any regulatory agency, state or federal?
   Yes ☐   No ☒

   (c) ever been refused any license (except motor vehicle operator) by the Department of Banking or any other governmental agency or withdrawn such an application?
   Yes ☐   No ☒

   (d) ever been a defendant in any litigation filed in connection with the consumer credit business?
   Yes ☒   No ☐

If the answer to any of the foregoing is yes, explain the circumstances fully using additional sheets if necessary.

9. If the Applicant is a corporation, name and address of any stockholder owning 10% or more of the outstanding stock in the corporation. If the Applicant is a partnership or LLC, list the percentage of ownership of each partner or member. If any such stockholder is a corporation, on a separate sheet, please provide a list of the principal officers and all directors of such corporation together with the title, residence address and date of birth of each principal officer or director.

| FULL NAME | NUMBER AND STREET | CITY | STATE | PERCENT OF OWNERSHIP |
|---|---|---|---|---|
| JACK BOYAJIAN | 2 BROAD ST. 6th FL | BLOOMFIELD | NJ | 100% |

10. Is the Applicant a subsidiary, direct or indirect, of a banking corporation, a savings bank or a savings and loan association, or a subsidiary of a holding company of such institutions? Yes ☐ No ☒ If yes, provide details using additional sheets as necessary.

SIGNATURE OF APPLICANT

JPC & ASSOCIATES, PC
Corporation Name and d/b/a (if applicable)
By: _____
Name and Title

LLC and Partnership Name
By: _____
General Partner or Member

Sole Proprietorship Name and d/b/a (if applicable)
By: _____
Name

STATE OF  New Jersey
COUNTY OF  Essex
On this  29th  day of  October , 20 02 , personally appeared
JACK BOYAJIAN, PRESIDENT
(Name and Title)

to me known, and known by me to be the signer of the foregoing instrument, who being first duly sworn upon oath, deposes and says he/she has read, and knows the contents thereof, and that the alleged facts herein contained are true to his/her knowledge.

_____
(Notary Public)
(Commissioner of the Superior Court)
My Commission Expires: Commission Expires 12/18/2005

KAREN HOPKINS
NOTARY PUBLIC OF NEW JERSEY