UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS

v.                                          CASE NO. 3:03CV 636 (JBA) (JGM)

JBC & ASSOCIATES, P.C. et al.                July 12, 2004

MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION TO STRIKE DECLARATIONS

Plaintiff moves to strike the declarations submitted in opposition to summary judgment by Brandon and Boyajian as improper under Fed. R. Civ. P. 56(e) in that they are conclusory or do not state admissible facts and for the reasons explained below:

Boyajian ¶4, last two paragraphs are legal argument, improper in an affidavit. A witness is not permitted to present testimony in the form of legal conclusions. Hygh v. Jacobs, 961 F.2d 359, 363 (2d Cir. 1992); Daniels v. City of Binghamton, 946 F. Supp. 590, 594 (N.D.N.Y. 1996) (affidavit that consists of legal arguments inadmissible). (Plaintiff disputes and can disprove the assertion that the efforts were all part of an effort to collect on a single master file, since Mr. Boyajian's July 6 deposition admitted to the contrary. However, this aspect is not material to her motion for summary judgment).

Boyajian ¶ 5 after the first sentence should be stricken since, on its face, it refers to current procedures.[1] Current procedures are irrelevant any bona fide error defense relating to defendant's communication with plaintiff in Feb. 2003. It is also vague and conclusory: no mention of which codes "are" entered, who enters them, and whether and when they were entered in this case. Affidavits are inadmissible to the extent they contain assertions of ultimate fact without supporting factual specifics. Burlington Coat Factory

---

[1] At his deposition of July 6, 2004, Boyajian testified that the procedures were not put into place until after the letter of Feb. 2003, at issue in this case.

Warehouse Corp. v. Esprit de Corp., 969 F.2d 919, 922-23 (2d Cir. 1985); Randell v. United States, 64 F. 3d 101, 109 (2d Cir. 1995).

Boyajian ¶ 6 to the extent it refers to a "hold" that had been placed on plaintiff's account with no documentation that such a hold was entered, when, or by whom.

Boyajian ¶ 6-7. Computers act the way they are programmed to act. A computer cannot generate an "unintended" letter. Paragraph 7 admits such by asserting that the cause of the letter was "an imperfection in the computer program" or an "inadvertent" creation of a merged account. Those characterizations – unintended, imperfection, inadvertent – do not apply to computers which do what they are told to do. The characterizations should be stricken as conclusory and without factual basis. As one court noted, defendant's proof is "evidence of the error itself," rather than evidence of procedures reasonably adapted to avoid the error. Sibley v. Firstcollect, Inc., 913 F. Supp. 469, 472 (M.D. La. 1995).

Brandon Declaration ¶ 3, to the extent he contradicts earlier sworn statements and is estopped by his judicial admissions that he is a debt collector. A party cannot create an issue of fact by contradicting earlier sworn testimony. Buttry v. General Signal Corp., 68 F.3d 1488, 1493 (2d Cir. 1995); Wilson v. Westinghouse Elec. Corp., 838 F.2d 286, 289 (8th Cir. 1988); Martin v. Merrell Dow Pharmaceuticals, Inc., 851 F.2d 703, 706 (3d Cir. 1985).

In his Answer in Goins v. Brandon, Civil No. 3:02CV 1537 (AVC), Brandon admits that he is a debt collector. Copy attached. In the sworn answer to discovery in this case, Interrogatory 3, defendants admit that Jack Boyajian and Marv Brandon were the persons involved in reviewing or drafting the form of letters sent in conjunction with the

collection or plaintiff's alleged debt. Copy Attached. In the affidavit filed by defendants in opposition to the motion for summary judgment in Goins v. JBC et al., Civil No. 3:02CV 1069 (MRK), Doc. No. 44, p. 27-28, defendants make the same assertion. Copy attached.

    Moreover, Brandon's Declaration is insufficient to establish that he is not a debt collector. A debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts." 15 U.S.C. § 1692a(6). That describes Mr. Brandon exactly. Alternatively, a debt collector is one who "regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due another." That is exactly what Mr. Brandon does. On the face of the FDCPA, there is no requirement of personal participation in any particular collection. Direct contact or interaction with the consumer is not an element of a violation of the FDCPA. Romine v. Diversified Collection Services, Inc., 155 F.3d 1142, 1149 (9th Cir. 1998). Indirect participation, such as by drafting the letter, is sufficient, as set forth in the plaintiff's Reply Memorandum. Moreover, the FDCPA includes prohibitions of acts done "in connection with" the collection of debt. §1692c, including the deceptive use of any representations, means, or implications. § 1692e.

    Brandon ¶ 3 in which he opines as to the ultimate legal issue for the Court to decide: whether he is a debt collector. A witness is not permitted to present testimony in the form of legal conclusions. Hygh v. Jacobs, 961 F.2d 359, 363 (2d Cir. 1992); Daniels v. City of Binghamton, 946 F. Supp. 590, 594 (N.D.N.Y. 1996) (affidavit that consists of legal arguments inadmissible).

CONCLUSION

The Declarations of Boyajian and Brandon should be stricken. They do not comply with Rule 56 so as to interpose any effective opposition to summary judgment.

THE PLAINTIFF

BY__/s Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 065l1
(203) 772-0395

This is to certify that the foregoing was mailed on July 12, 2004, postage prepaid, to:

Jonathan D. Elliot
Sabatino Fiano
P. O. Box 763
Southport CT 06490

_____/s/ Joanne S. Faulkner_____
Joanne S. Faulkner

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS                                    JURY TRIAL DEMANDED

v.                                                        CASE NO. 3:02CV 1537 (AVC)

MARVIN BRANDON

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; the Connecticut Creditor Collection Practices Act, Conn. Gen. Stat. § 36a-645 or the Consumer Collection Agency Act, Conn. Gen. Stat. § 36a-800 and regulations issued thereunder; and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a.

2. The Court's jurisdiction is conferred by 15 U.S.C. § 1692k and 28 U.S.C. §1331 and § 1367.

3. Plaintiff is a natural person who resides in CT.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a debt collector within the FDCPA.

6. Defendant has a place of business at 2 Broad Street 6th floor, Bloomfield NJ 07003-2591.

7. Defendant was not licensed as a Consumer Collection Agency pursuant to chapter 669 Part XII of the Connecticut General Statutes when communicating with plaintiff in an effort to collect a disputed personal debt to Marshalls-Marmax.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EVELINE GOINS | : | CIVIL ACTION NO. |
| | : | 3:02 CV 01537 (AVC) |
| vs. | : | |
| MARVIN BRANDON | : | December 17, 2002 |

### ANSWER

For his answer to the Complaint herein, the defendant, by and through the undersigned counsel, herewith states this as follows:

1. Admits that the plaintiff purports to seek relief under the statutes enumerated in this paragraph but denies liability thereunder.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies same and leaves the plaintiff to her proof, and affirmatively denies that jurisdiction obtains under 28 USC Section 1367.

3. Admits that the plaintiff is a natural person and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and leaves the plaintiff to her proof.

4. Admits.

n\j\Jbc8777\0004\ple\answer

3. Identify all your personnel involved in reviewing or drafting the form of letters sent in conjunction with the collection of plaintiff's alleged debt.

**ANSWER: Jack Boyajian and Marv Brandon.**

4. Identify all Connecticut attorneys to whom you have forwarded individual debts for collection in and after 1998.

**ANSWER: Joel M. Jolles, Esq., 45 Court Street, New Haven, CT 06511**
**Kantrovitz & Brownstein, P.C., 1764 Litchfield Turnpike,**
**P.O Drawer 3557, New Haven, CT 06525.**

5. Identify all FDCPA lawsuits to which you have been a party in and since 1998, including lawsuits under the JBC name ending in "Inc."

8. Identify all persons employed by JBC & Associates, P.C. at its New Jersey office during November 2001.

**ANSWER: None located in that office.**

9. Identify all persons employed by JBC & Associates, P.C. at its New York office during November 2001.

**ANSWER: None located in that office.**

10. Identify all persons employed by JBC & Associates, P.C. at its California office during November 2001.

**ANSWER: None located in that office.**

JAN-20-2003 16:21        KLEBAN & SAMOR                    259 9617    P.09

# VERIFICATION

This is to verify that I have read the foregoing responses and that they true to the best of my knowledge.

_____
JACK BOVAJIAN

_____
Notary Public:
My Commission Expires

KAREN HOPKINS
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 12/18/2005

JBC Assoc. 8777\0003\Intcrog Answers 121202        8

JAN-20-2003 16:21        KLEBAN & SAMOR                    259 9617    P.09

| | |
|---|---|
| Check Amount: | a) $283.96  b) $349.79  c) $326.17  d) $336.79  e) $294.69  f) $275.58  g) $328.56 |
| ABA Number: | a) through f) 011110552    g) 011105523 |
| Account Number: | a) through f) 324 2722    g) 24272201 |
| Drivers License Number: | CT 212895428 |
| Payor's Name: | Eveline J. Goins |
| Payor's Address: | 45 3rd Street, New Haven, CT 06519 |
| Payor's Phone Number: | (203) 562-6153 |
| Check Balance: | a) $283.96  b) $349.79  c) $326.17  d) $336.79  e) $294.69  f) $275.58  g) $328.56 |

*(handwritten annotations: 9554, 4811.36)*

3. Identify all your personnel involved in reviewing or drafting the form of letters sent in conjunction with the collection of plaintiff's alleged debt.

**ANSWER:** Jack Boyajian and Marv Brandon.

4. Identify all Connecticut attorneys to whom you have forwarded individual debts for collection in and after 1998.

**ANSWER:** Joel M. Jolles, Esq., 45 Court Street, New Haven, CT 06511
Kantrovitz & Brownstein, P.C., 1764 Litchfield Turnpike,
P.O Drawer 3557, New Haven, CT 06525.

5. Identify all FDCPA lawsuits to which you have been a defendant in and since 1998.

**ANSWER:** Please see list attached hereto as Exhibit A and made a part hereof.

6. Identify all FDCPA lawsuits in which you have been deposed or otherwise served as a witness, including testimony or affidavits.

# VERIFICATION

This is to verify that I have read the foregoing responses and that they are true to the best of my knowledge.

_____
MARV BRANDON

_____
~~Notary Public:~~
~~My Commission Expires~~
Commissioner of the
Superior Court