18.    Although JBC's legal threats are empty, JBC falsely conveys to the unsophisticated consumer that it will institute legal action.

19.    JBC threatens to sue on time-barred debts even though it knows the suit is barred by Minnesota's six-year statute of limitations. Hence, JBC threatens to take action that cannot legally be taken.

### False Appearance of Attorney Involvement

20.    JBC's initial communication to consumers is often by letter. JBC's initial letter is computer generated and is on JBC's attorney letterhead. The initial letter threatens penalties, interest and attorney's fees "after suit has been filed" if the consumer does not pay in full within 30 days. JBC closes the letter with:

> Very truly yours,
> JBC & ASSOCIATES, P.C.
> *Attorneys at Law*

This closing, the stationery used and the threat of suit gives the representation or implication that the initial letter is from an attorney. The representation is false because an attorney is not meaningfully involved with the attempt to collect the alleged debt.

21.    JBC reinforces the appearance of attorney involvement in follow-up letters. The letters are once again computer generated, are sent on attorney letterhead and conclude with the "*Attorneys at Law*" closing. The follow-up letter urges consumers to settle the matter "before [JBC] seek[s] appropriate relief before a court of proper jurisdiction by a qualified attorney . . .." An attorney, however, is not meaningfully involved with the attempt to collect the alleged debt.

### Misleading Representations about Statutory Civil Penalties and Attorney's Fees

22.    JBC's initial letter threatens Minnesota consumers with statutory penalties and attorney's fees:

5

You are cautioned that unless this total amount is paid in full within thirty (30) days after the date this letter is received, you may be subject to statutory penalties equal to twice the amount of each check or $100.00 per check, whichever is greater, interest and reasonable attorney's fees after suit has been filed. These penalties will be in addition to your check amount(s), service charge(s), interest and attorney's fees.

23.     If consumers do not respond to JBC's initial letter, or respond with anything other than full payment, JBC sends a second letter to consumers that falsely claims:

Since you have not tendered payment for the full amount of the check(s) and service charge(s) within the 30 days provided, pursuant to Minnesota Statutes Annotated Section 604.113, you will be subject to statutory penalties equal to the greater of either twice the amount of each check or $100.00.

The second letter once again threatens that "if you do not resolve this matter now, you will be subject to additional statutory fees including interest and attorney's fees."

24.     Minn. Stat. § 604.113, subd.2(b)(1) only provides for a civil penalty of "up to $100," the precise amount to be determined by a court after considering the "amount of the check and the reason for nonpayment." JBC first misrepresents that the civil penalty is "**equal to . . . $100.00**" in its initial letter instead of "**up to $100**." (Emphasis added). JBC makes a separate and distinct misrepresentation in its second letter by summarily imposing a $100 civil penalty in the amount due and telling consumers they "**will be** subject to statutory penalties **equal to . . . $100.00**" without any determination having been made by a court. (Emphasis added).

25.     Minn. Stat. § 604.113, subd.2(b)(1) also requires a debt collector to send "a copy of [Minn. Stat. § 604.113] and a description of the liability contained in [Minn. Stat. § 604.113] to the issuer's last known address" when making a written demand for payment of a civil penalty. JBC does not send a copy of the statute to Minnesota consumers when making the written demand.

6

26.     Moreover, Minn. Stat. § 604.13, subd.2(b)(3) only allows attorney's fees "if the aggregate amount of dishonored checks issued by the issuer to all payees within a six-month period is over $1,250." Hence, JBC's threat of "reasonable attorney's fees" pursuant to Minn. Stat. § 604.113 constitutes a threat to take action that cannot legally be taken in many, if not all, instances.

### Misleading Representations about Amounts Due

27.     Some of JBC's initial collection letters to Minnesota consumers alleged to have issued dishonored checks also state that the "[f]ull amount of the check(s) and a **$25.00 service charge** for each check listed is now due in our office." (Emphasis added). Following this paragraph, JBC includes a chart setting forth the (a) store; (b) check number; (c) check date; (d) face amount of the check; (e) bank account number; (f) bank name; (g) open amount on the check; (h) a return charge of **$30.00**; and (i) total due. (Emphasis added).

28.     JBC's representations about the service charge and amount due are confusing and contradictory. JBC initially tells the consumer a $25.00 service charge has been assessed, but then adds a $30.00 "return charge" to the "total due."

### Collection of Disputed, Unverified Debts

29.     As required by the FDCPA, JBC's initial collection letters state that if a consumer disputes the debt "in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification." The FDCPA also requires that JBC cease collection of the disputed debt until JBC has actually mailed a copy of the verification to the consumer. 15 U.S.C. § 1692g(b).

30.     JBC, however, sometimes ignores timely, written disputes by consumers and continues collection efforts without providing the necessary verification. Instead, JBC falsely accuses the consumer of choosing to "ignore" the previous communication.

7

### Consumer Complaints Regarding JBC's Collection Efforts

<u>Kathleen Underhill</u>

31.    JBC sent Kathleen Underhill an initial collection letter dated May 1, 2003, attempting to collect $48.60 on an $18.60 check from July 2, 1997.

32.    On August 12, 2003, JBC sent Ms. Underhill a second letter. JBC had imposed a $100 civil penalty and demanded "immediate payment" of $148.60.

33.    Although, Ms. Underhill did not believe she owed this debt, she did not think she could prove it because she no longer had a copy of the six-year old cancelled check. JBC had effectively turned the table on Ms. Underhill. Fearful of being sued, Ms. Underhill paid JBC the entire $148.60 on August 22, 2003, and hoped to resolve the matter latter. Ms. Underhill contacted the Minnesota Attorney General's Office for assistance. JBC rebuffed the Office's attempt to obtain a refund for Ms. Underhill.

<u>Catherine Greskovics</u>

34.    JBC sent Catherine Greskovics an initial collection letter dated August 5, 2003, attempting to collect $49.99 on a $19.99 dishonored check from June 8, 1997.

35.    Ms. Greskovics did not believe she owed the debt. She called JBC to inquire about the alleged debt, but JBC could not, or would not, provide Ms. Greskovics with the name and address of the original creditor. On September 4, 2003, Ms. Greskovics disputed the debt in writing and requested that JBC verify the alleged debt.

36.    JBC sent another computer generated letter to Ms. Greskovics on September 26, 2003. JBC had imposed a $100 civil penalty and demanded "immediate payment" of $149.99.

37.    Ms. Greskovics contacted the Minnesota Attorney General's Office for assistance. The Office successfully mediated the matter with JBC, which agreed to close Ms. Greskovics' file because "a copy of the check [was] unavailable from [JBC's] client."

8

Jennifer Konieczny

38.    JBC sent Jennifer Konieczny an initial collection letter dated October 24, 2003 (the letter was actually addressed to Jennifer Kesanen, Ms. Konieczny's maiden name), attempting to collect $89.13 on a $59.13 dishonored check from 1993. Ms. Konieczny did not believe she owed the debt and, therefore, did not pay the debt.

39.    On January 14, 2004, JBC sent Ms. Konieczny a second letter. JBC had imposed a $100 civil penalty and demanded "immediate payment" of $189.13. Ms. Konieczny has not paid the disputed debt.

## COUNT 1
### Threats of Time-Barred Lawsuits that Cannot Legally be Taken

40.    The State re-alleges the allegations and exhibits of each paragraph above as if fully set forth herein.

41.    The FDCPA prohibits JBC from threatening to take action that cannot legally be taken or that is not intended to be taken. 15 U.S.C. § 1692e(5).

42.    JBC's threats to Minnesota consumers of lawsuits which are barred by Minnesota's statutes of limitations are threats to take action that cannot legally be taken, and constitutes multiple, separate violations of Minn. Stat. § 332.37(12) (2002).

## COUNT 2
### Misleading and Deceptive "Attorney" Communications

43.    The State re-alleges the allegations and exhibits of each paragraph above as if fully set forth herein.

44.    Minn. Stat. § 332.37(5) prohibits JBC from communicating with debtors in a misleading or deceptive manner by using the stationery of a lawyer, forms or instruments which only lawyers are authorized to prepare, or instruments which simulate the form and appearance of judicial process. Minn. Stat. § 332.37(5) (2002).

9

45.     The FDCPA prohibits JBC from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e. Such conduct includes the false representation or implication that any individual is an attorney or that any communication is from an attorney. 15 U.S.C. § 1692e(3).

46.     Both JBC's initial and follow-up collection letters to alleged debtors use the stationary of a lawyer despite being form, computer generated letters that lack meaningful, if any, attorney involvement, and issuance of the letters constitutes multiple, separate violations of Minn. Stat. §§ 332.37(5) and 332.37(12) (2002).

## COUNT 3
### False and Misleading Representations about $100 Civil Penalties

47.     The State re-alleges the allegations and exhibits of each paragraph above as if fully set forth herein.

48.     The FDCPA prohibits JBC from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e. Such conduct includes the false representation of the character, amount or legal status of any debt. 15 U.S.C. § 1692e(2)(A).

49.     JBC's threat of a civil penalty "equal to . . . $100.00" in its initial collection letter misrepresents Minnesota law which only provides for a civil penalty of "up to $100," the precise amount to be determined by a court after considering the "amount of the check and the reason for nonpayment."

50.     JBC's subsequent imposition of a $100 civil penalty fee in its follow-up letter also misrepresents Minnesota law, which only provides for a civil penalty of "up to $100," the precise amount to be determined by a court after considering the "amount of the check and the reason for nonpayment."

10

51.    JBC's written demand of a $100 civil penalty fee in its follow-up letter also misrepresents Minnesota law which requires a debt collector to send "a copy of [Minn. Stat. § 604.113] and a description of the liability contained in [Minn. Stat. § 604.113] to the issuer's last known address" when making a written demand for payment of a civil penalty pursuant to Minn. Stat. § 604.113.

52.    JBC's threat of a civil penalty "equal to . . . $100.00" and imposition of a $100 civil penalty without sending a copy of Minn. Stat. § 604.113 to the issuer and without a judicial determination are false representations of the character, amount or legal status of any debt, and constitutes multiple, separate violations of Minn. Stat. § 332.37(12) (2002).

## COUNT 4
### Threat of Attorney's Fees that Cannot Legally be Taken

53.    The State re-alleges the allegations and exhibits of each paragraph above as if fully set forth herein.

54.    The FDCPA prohibits JBC from threatening to take action that cannot legally be taken or that is not intended to be taken. 15 U.S.C. § 1692e(5).

55.    JBC's threat of attorney's fees in its initial and follow-up collection letters to alleged debtors when the debtor's amount of dishonored checks was less than $1,250 is a threat to take an action that cannot legally be taken, and constitutes multiple, separate violations of Minn. Stat. § 332.37(12) (2002).

## COUNT 5
### False and Misleading Representations About Amounts Due

56.    The State re-alleges the allegations and exhibits of each paragraph above as if fully set forth herein.

57.    The FDCPA prohibits JBC from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e. Such

11

conduct includes the false representation of the character, amount or legal status of any debt. 15 U.S.C. § 1692e(2)(A).

58.    JBC's repeated use of initial collection letters stating that a $25 service charge has been assessed, but then assessing a $30 return charge to the total amount due is a false representation of the character, amount or legal status of any debt, and constitutes multiple, separate violations of Minn. Stat. § 332.37(12) (2002).

## COUNT 6
### Attempts to Collect on Disputed Debts without Providing Verification

59.    The State re-alleges the allegations and exhibits of each paragraph above as if fully set forth herein.

60.    The FDCPA prohibits JBC from attempting to collect on a debt that has been disputed in writing within thirty days of JBC's initial communication, until JBC has mailed the consumer a copy of the verification of the debt. 15 U.S.C. § 1692g(b).

61.    JBC's refusal to cease collection on a disputed debt without providing verification of the debt constitutes multiple, separate violations of Minn. Stat. § 332.37(12) (2002).

## COUNT 7
### Violation of Uniform Deceptive Trade Practices Act

62.    The State re-alleges the allegations and exhibits of each paragraph above as if fully set forth herein.

63.    Minn. Stat. § 325D.44, subd. 1, provides, in part, that:

A person engages in a deceptive trade practice when, in the course of business, vocation, or occupation, the person:

(5)    represents that . . . services have characteristics . . . that they do not have; [or]

* * *

12

(13)    engages in any other conduct which similarly creates a likelihood of
confusion or misunderstanding.

64.    In the course of attempting to collect debts from Minnesota consumers, JBC
represents that its debt collection services have characteristics they do not have, namely that JBC
will take legal action and that an attorney is meaningfully involved in the collection effort.

65.    In the course of attempting to collect on delinquent accounts, JBC threatens
Minnesota consumers with lawsuits based on time-barred debts, gives the false appearance of
meaningful attorney involvement, makes false and misleading representations about $100 civil
penalties, attorney's fees, and amounts due, and continues to collect on disputed debts without
providing verification. By doing so, JBC engages in conduct which creates a likelihood of
confusion or misunderstanding.

66.    By threatening to sue on time-barred debts, giving the false appearance of
meaningful attorney involvement, making false and misleading representations about $100 civil
penalties, attorney's fees, and amounts due, and continuing to collect on disputed debts without
providing verification, JBC has engaged in a deceptive practice that falsely represents that its
services have characteristics that they do not have, and conduct which creates a likelihood of
confusion or misunderstanding, and thus committed multiple, separate violations of Minn. Stat.
§ 325D.44, subd. 1(5) and (13) (2002).

## COUNT 8
## Violation of Consumer Fraud Act

67.    The State re-alleges the allegations and exhibits of each paragraph above as if
fully set forth herein.

68.    Minn. Stat. § 325F.69, subd. 1, provides that:

The act, use, or employment by any person of any fraud, false pretense, false
promise, misrepresentation, misleading statement or deceptive practice, with the
intent that others rely thereon in connection with the sale of any merchandise,

13

whether or not any person has in fact been misled, deceived, or damaged thereby, is enjoinable as provided herein.

69.    JBC has engaged in a pattern of misleading and unlawful debt collection practices on debts resulting from check purchases of merchandise, including threatening to sue on time-barred debts, giving the false appearance of meaningful attorney involvement, making false and misleading representations about $100 civil penalties, attorney's fees, and amounts due, and continuing to collect on disputed debts without providing verification.

70.    By threatening to sue on time-barred debts, giving the false appearance of meaningful attorney involvement, making false and misleading representations about $100 civil penalties, attorney's fees, and amounts due, and continuing to collect on disputed debts without providing verification, JBC has engaged in a deceptive practice and false pretense, and thus committed multiple, separate violations of Minn. Stat. § 325F.69, subd.1 (2002).

### RELIEF

**WHEREFORE,** Plaintiff State of Minnesota, by its Attorney General, Mike Hatch, respectfully asks the Court to award judgment against Defendant JBC:

A.    Declaring that the acts and practices of Defendant described in this Complaint constitute multiple, separate violations of Minn. Stat. §§ 325D.44, 325F.69 and 332.37 (2002);

B.    Enjoining Defendant and its employees, officers, directors, agents, successors, assignees, affiliates, merged or acquired predecessors, parent or controlling entities, subsidiaries, and all other persons acting in concert or participation with them, from engaging in the practices alleged in this Complaint or otherwise violating Minnesota law pursuant to Minn. Stat. §§ 325F.70, 332.39 and 8.31, subd. 3 (2002);

14

C.   Awarding judgment against Defendant for civil penalties pursuant to Minn. Stat. § 8.31, subd. 3 (2002), for each separate violation of Minn. Stat. §§ 325D.44, 325F.69 and 332.37 (2002);

D.   Awarding judgment against Defendant for restitution under the *parens patriae* doctrine, Minn. Stat. § 8.31, the general equitable powers of this Court, and any other authority; for all persons injured by Defendant's acts described in this Complaint;

E.   Awarding Plaintiff its costs, including costs of investigation and attorney's fees, as authorized by Minn. Stat. § 8.31, subdivision 3a (2002); and

F.   Granting such further relief as the Court deems appropriate and just.

Dated: _____          MIKE HATCH
                                         Attorney General
                                         State of Minnesota

15

## MINN. STAT. § 549.211
## ACKNOWLEDGMENT

The party or parties on whose behalf the attached pleading is served, acknowledge through the undersigned counsel that costs, disbursements and reasonable attorney and witness fees may be awarded to the opposite party or parties pursuant to Minn. Stat. § 549.211 (2002).

Dated: _____       MIKE HATCH
                                         Attorney General
                                         State of Minnesota

                                    _____

16



## Home



**Home**
**Check Recovery**
**How (CRP) Works**
**Committed to Success**
**Industry Leader**
**Strategies**
**Contact Us**

# The unique source for RECOVERY of Del

A national, full-service collections/law firm, JBC has earned a reputation for r
when all other efforts, including placement with collection agencies, have not l

## Email JBC



**JBC &
Associates PC**
2 Broad St.,
6th Floor
Bloomfield, NJ
07003
**800-241-8424**

### Check Recovery Program
JBC & Associates, P.C. has developed a nationwide Check Recovery Program™ (CRP) which, for the first time, offers its retail clients the opportunity to utilize the statutory civil penalties adopted for forty-four out of fifty states in the United States.

### Committed to Success
As a nationwide legal collection firm, our in-house and corresponding attorneys cover all fifty states, assuring full compliance with local, state and federal laws.

### Experience
We have over 30 years combined Experience, collecting over 1 billion in receivables.

### Strategies that Work
Computer Aided Auto Strategies approved by client, is implemented on every account.

### Industry Leader
As an industry leader in asset recovery & collections, we service national retailers.

### Recovery Guarantee.
Based upon an initial analysis of your uncollected portfolio, JBC guarantees a specific percentage of net dollar liquidation. We always meet, and usually exceed our guaranteed recovery, a real benefit to projecting bottom-line results.

JBC is positioned as the last line of defense for the collection of returned checks

### We get results
### when others can not!

- JBC offers major retailers the opportunity to extract further dollars from aged NSF/returned checks in their portfolio.
- Even if internal efforts and/or other agency placements have been exhausted, our unique system assures further recovery from your portfolio of checks.
- The sooner you place with JBC, the higher the rate of recovery.



Copyright 2003 JBC & Associates, PC.
**800-241-8424  EMAIL JBC**

**Back
To Top**

http://www.j-b-c.com/

1/21/2004

JBC & Associates - Nationwide Legal Collection Firm



**Home**
**Check Recovery**
**How (CRP) Works**
**Committed to Success**
**Industry Leader**
**Strategies**
**Contact Us**

## Contact Us

Our goal is not simply to out-collect others, but rather to serve as a reliable source for your un-recovered bad checks; delivering unparalleled results in some cases two or three times industry average.

Call or Email Joel Galante to discuss how JBC can be of service to your company.

**Joel Galante**
**JBC & Associates PC**
2 Broad St., 6th Floor
Bloomfield, NJ 07003
**800-241-8424**
**EMAIL:** jgalante@j-b-c.com

### Email JBC



**JBC &**
**Associates PC**
2 Broad St.,
6th Floor
Bloomfield, NJ
07003
**800-241-8424**



Back To Top

Copyright 2003 JBC & Associates, PC.
**800-241-8424** EMAIL JBC

JBC & Associates - Nationwide Legal Collection Firm



**Home**
**Check Recovery**
**How (CRP) Works**
**Committed to Success**
**Industry Leader**
**Strategies**
**Contact Us**

## Email JBC



**JBC &**
**Associates PC**
2 Broad St.,
6th Floor
Bloomfield, NJ
07003
**800-241-8424**

## Industry Leader



A national, full-service collections/law firm, JBC has earned a reputation for recovering money when all other efforts, including placement with collection agencies, have not been successful.

As an industry leader in asset recovery & collections, we service national retailers including:

- Toys-R-Us
- Kids-R-Us
- CVS
- Marshall
- Kay-Bee Toys
- Linens & Things
- Foot Action
- Bob's Stores
- Wilson's Suede & Leather
- Acme Markets
  (division of Albertson's)



Copyright 2003 JBC & Associates, PC.
**800-241-8424** EMAIL JBC

JBC & Associates - Nationwide Legal Collection Firm



**Committed to Success**

Home
Check Recovery
How (CRP) Works
Committed to Success
Industry Leader
Strategies
Contact Us



# *JBC IS COMMITED TO OUR CLIENTS' SUCCESS*

## Email JBC



**JBC & Associates PC**
2 Broad St.,
6th Floor
Bloomfield, NJ
07003
**800-241-8424**

### *YOUR CUSTOMERS ARE OUR PRIORITY*

As always, we at JBC &Associates, P.C. are sensitive to our retail clients' needs to maintain a positive public image, even amongst those who have been unwilling to meet their obligations for returned checks. It is noteworthy that in the Check Recovery Program (CRP), your customer is repeatedly given opportunities to settle the matter before legal action is taken. Our goal is to create a sense of urgency and priority as to the customer's obligations to settle their account while maintaining a highly professional, courteous relationship. You can be assured that every account placed will be handled professionally and within full compliance of all federal and state laws. Our in-house attorneys are fully responsible for ensuring compliance by the staff, associates and corresponding attorneys in all fifty states.

### *WE EARN EVERY BIT OF OUR FEE*

The JBC program will cost you no more than the typical contingency fee arrangements. Such fees can range from 30-50%, depending upon the age and status of the bad checks in any given portfolio. The Check Recovery Program (CRP) has proven to be extremely effective with secondary placements of bad check portfolios, and its success with early-out and primary accounts has set new standards and thresholds for our clients and the industry. We are so confident of the results we can achieve for you that we are prepared to guarantee results on portfolios that others have returned as un-collectible (minimum restrictions apply). Our goal is not simply to out-collect others, but rather to serve as a reliable source for your un-recovered bad checks; delivering unparalleled results in some cases two or three times industry average.

http://www.j-b-c.com/Committed%20to%20Success.htm

1/21/2004

Jack H. Thogerson*
Mary Brandon**

Of Counsel:
Karen Niemans**
Elton Watkins, III***

*Member of CA Bar
**Member of NJ & NY Bars
***Member of MA Bar

# JBC & ASSOCIATES, P.C.
*Attorneys at Law*
A California Professional Corporation
2 Broad Street 6th Floor · Bloomfield NJ 07003-2550
Telephone: (800) 241-1510 Fax: (973) 259-0497

CA Office
9465 Wilshire Blvd Suite 335
Beverly Hills CA 90212

NY Office
11 Penn Plaza 5th Floor
New York NY 10001

MA Office
306 Dartmouth Street
Boston MA 02116

November 19, 2003

**Re:   Dishonored Check(s)**

File #:      Y96115
Balance:   $112.95

Dear ▇▇▇▇▇▇▇▇

This firm represents the successors in interest of the obligation you created and have not yet satisfied when you passed the bad check(s) identified below. The check number, check date and bank account number against which the check was dishonored have been listed below. Full amount of the check(s) and a $25.00 service charge for each check listed is now due in our office.

| STORE | CHK # | CHECK DATE | FACE AMT | BANK ACCOUNT# | BANK | OPEN AMT ON CHECK | RETURN CHARGE | TOTAL DUE |
|-------|-------|------------|----------|---------------|------|-------------------|---------------|-----------|
| T J Maxx 0379 | 1152 | 09/21/93 | 82.95 | | 1of National B | 82.95 | 30.00 | 112.95 |

Pursuant to Minnesota Statutes Annotated Section 332.50, you have thirty (30) days from receipt of this letter to pay the full amount of each check and a service charge of $30.00 per check for a total payment of $112.95. You are cautioned that unless this total amount is paid in full within thirty (30) days after the date this letter is received, you may be subject to statutory penalties equal to twice the amount of each check or $100.00 per check, whichever is greater, interest and reasonable attorney's fees after suit has been filed. These penalties will be in addition to your check amount(s), service charge(s), interest and attorney's fees.

Please remit $112.95 payable to JBC & Associates, P.C. and mail to the above address.  Otherwise, contact **Lori Brown** at **800-241-1510** between the hours of 8:00 a.m. and 9:00 p.m. to resolve this outstanding debt. If you qualify, you may also be able to use your American Express, Discover, Mastercard or Visa credit card to meet this obligation.

Very truly yours,
**JBC & ASSOCIATES, P.C.**
*Attorneys at Law*

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification. If you request from this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.  This is an attempt to collect a debt by a debt collector.  Any information obtained will be used for that purpose.

ISDJBCA01B1MN

***Detach Lower Portion And Return With Payment***

JBC & Associates, P.C.
Attorneys at Law
2 Broad Street 6th Floor
Bloomfield NJ 07003-2550
ADDRESS SERVICE REQUESTED

# JBC & ASSOCIATES, P.C.
Attorneys at Law
2 Broad Street 6th Floor
Bloomfield NJ 07003-2550
Telephone: (800) 241-1510 Fax: (973) 259-0497

November 19, 2003

#BWNIRMD   692316   46428
#1119 0811 0046 4284#   Y96115--B1MN



JBC & Associates, P.C.
*Attorneys at Law*
2 Broad Street 6th Floor
Bloomfield NJ 07003-2550

OUTSOURCE RECOVERY MANAGEMENT, INC.

### Privacy Notice

This notice is being forwarded to you in compliance with the requirements of the Gramm-Leach-Bliley Privacy Act, 15 U.S.C. sec. 6801 et seq. It has no reflection or bearing upon the status of your account.

**Information We May Collect**

Outsource Recovery Management, Inc., together with its affiliated companies listed above (collectively, the "Account Owners" or "we"), collects nonpublic personal information about you that is obtained from one or more of the following sources:

1.  Information we received from companies that sold us your account (for example, applications and other related forms)
2.  Information about your transactions with us, our affiliates, or others; and
3.  Information we received from a consumer-reporting agency.

**Information We May Share With Our Affiliates**

The Account Owners may share identification information (such as name and address), information about our transactions and experiences with you (such as payment history), and information that does not identify you, with companies related to us by common control or ownership ("affiliates"). By sharing this information, we are better able to service your accounts.

**Information We May Share With Nonaffiliated Companies**

The Account Owners may share all of the information we collect about you, as described above, with nonaffiliated companies, as permitted by law. For example:

*   We may share information about you with companies that we use to perform account-servicing functions to manage and maintain your account and to process transactions that you have authorized; and
*   We may report information about you to consumer reporting agencies, government agencies in response to subpoenas or others in connection with investigations.

**Confidentiality and Security of your Account**

The Account Owners restrict access to nonpublic personal information about you to only those employees who need to know such information, and third party service providers who provide support services to us. We maintain physical, electronic and procedural safeguards to protect your personal information. If we use other companies to provide services for us, we require them to keep the information we share with them safe and secure and we do not allow them to use or share the information for any purpose other than the job they are hired to do.

**Additional Rights and Modifications**

You may have other privacy protections under state or Federal laws including the Fair Debt Collection Practices Act. We may amend this Privacy Notice at anytime, and will inform you of changes as required by law.

Please be advised that your account is being serviced by JBC & Associates, P.C. Please direct all inquiries in regard to this notice to JBC & Associates, P.C. at (800) 241-1510.

Jack H. Boyajian*
Marv Brandon**

Of Counsel:
Karen Watkins**
Elton Watkins, III***

*Member of CA Bar
**Member of NJ & NY Bars
***Member of MA Bar

# JBC LEGAL GROUP, P.C.

### *Attorneys at Law*
A California Professional Corporation
2 Broad Street 6th Floor - Bloomfield NJ 07003-2550
Telephone: (800) 241-1510 Fax: (973) 259-0497

CA Office
9465 Wilshire Blvd  Suite 335
Beverly Hills CA 90212

NY Office
11 Penn Plaza 5th Floor
New York NY 10001

MA Office
306 Dartmouth Street
Boston MA 02116

January 14, 2004

|  |  |
|---|---|
| Re: | **Goodman Jewelers #102** |
| File #: | **W37770** |
| Bank Name: | **Queen City Federal Savings Ban** |
| Amount: | **$189.13** |

Dear Jennifer Kesanen:

You apparently have chosen not to address the dishonored check(s) made payable to Goodman Jewelers #102 and possibly other merchants from a bank account as referenced above. Therefore, our clients have no choice but to assume that you never intended for such checks to clear your bank and now may proceed with the allowable remedies available under your state's statute.

Since you have not tendered payment for the full amount of the check(s) and service charge(s) within the 30 days provided, pursuant to Minnesota Statutes Annotated Section 604.113, you will be subject to statutory penalties equal to the greater of either twice the amount of each check or $100.00.

You may wish to settle this matter before we seek appropriate relief before a court of proper jurisdiction by a qualified attorney by remitting immediate payment to our offices. Contact **Lori Brown** at **800-241-1510** between the hours of 8:00 a.m. and 9:00 p.m. if you need further instructions. If you qualify, you may be able to use your American Express, Discover, Mastercard or Visa credit card to meet this obligation.

Be advised that if you do not resolve this matter now, you will be subject to additional statutory fees including interest and attorney's fees.

Very truly yours,

## JBC LEGAL GROUP, P.C.
### *Attorneys at Law*

This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.

NSDJBCAJH.F2MN

***Detach Lower Portion And Return With Payment***

JBC Legal Group, P.C., Attorneys at Law
2 Broad Street 6th Floor
Bloomfield NJ 07003-2550
ADDRESS SERVICE REQUESTED



January 14, 2004

#BWNHRMD    269731    58061
#0114 1628 0058 0616#    W37770-F2MN

JBC Legal Group, P.C.
*Attorneys at Law*
2 Broad Street 6th Floor
Bloomfield NJ 07003-2550



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS            :        CIVIL ACTION NO.
                                   :        3:03 CV 636 (JBA)
                                   :
                                   :

vs.                                 :
                                   :

JBC & ASSOCIATES, P.C.        :
JACK H. BOYAJIAN
MARVIN BRANDON            :

## **DECLARATION OF NORMAN K.K. LAU**

I, Norman K.K. Lau, do hereby state under penalties of perjury, as follows:

1.      I am an attorney practicing law in the State of Hawaii since 1976.

2.      I represented a consumer named Howard Matsuura in a lawsuit he filed in the United

States District Court for the District of Hawaii against JBC & Associates, P.C. and Marv

Brandon on August 21, 2002 for violations of the Fair Debt Practices Act, 15 U.S.C. Chapter

1692, and for violations of Hawaii's Collection Agencies statute found in Hawaii Revised

Statutes, Chapter 443B in Civil No. 02-00532 HG/KSC. The principals of JBC & Associates are

Jack Boyajian and Marv Brandon. Defendants were attempting to collect on a "bounced" check

for Toys R Us that was issued in December 1999 for $192.62 but sought to collect $717.62

1

$717.62 which included a $25 NSF fee and an additional $500 "bounced' check fee which were not allowed by statute. Defendants' file number for this collection account was 268641. Attached as Exhibit 1 is a true and accurate copy of the June 29, 2002 letter from Defendants to Mr. Matsuura.

3.      A Stipulation for Dismissal With Prejudice was filed on March 28, 2003 in that case. Attached as Exhibit 2 is a true and accurate copy of the Stipulation for Dismissal.

4.      On or about May 9, 2004, Mr. Matsuura was telephoned by a female working for JBC Legal Group, P.C. whose principals are Jack Boyajian and Marv Brandon. She was attempting to collect on the same Toys R Us debt. A letter dated May 13, 2004 from the JBC Legal Group, P.C. was sent to Mr. Matsuura for the same creditor, Toys R Us, for the same file number, 268641, and for the same amount, $717.62. A true and accurate copy of the May 13, 2004 letter is attached as Exhibit 3.

5.      Mr. Matsuura telephoned me on May 27, 2004 and faxed me a copy of the May 13, 2004 letter from the JBC Legal Group, P.C. Coincidentally, Marv Brandon faxed me a letter dated May 27, 2004 before Mr. Matsuura's telephone call to me. Mr. Brandon's letter referred to "Howard Matsuura v. JBC & Associates, P.C." and informed me that he was about to release all information about our case to a Colorado governmental entity and requested my consent for the release. Attached as Exhibit 4 is a true and accurate copy of the May 27, 2004 letter. Obviously,

2

Mr. Brandon knew I still represented Mr. Matsuura with respect to the Toys R Us matter but communicated directly with Mr. Matsuura regardless.

6.      I will be filing another lawsuit on behalf of Mr. Matsuura for this most recent collection attempts and will include a claim for communicating directly with a person represented by an attorney with full and actual knowledge of that representation.

        DATED:      Honolulu, Hawaii.  June 1, 2004.


                                        NORMAN K.K. LAU


3

Attorneys at Law                                    New York NY 10001
2 Broad Street 6th Floor - Bloomfield NJ 07003-2
Telephone: (800) 655-9107  Fax: (973) 259-0497             CA Office
                                                    270 N Canon Dr. Suite 210
                                                    Beverly Hills CA 90210

                                                    MA Office
                                                    306 Dartmouth Street
                                                    Boston MA 02116

June 29, 2002

Howard A Matsuura              Re:          Toys R Us
3340 Kaimuki Ave               File #:      268641
Honolulu HI 96816-2141         Balance:     $717.62

Dear Howard A Matsuura:

This law firm represents the above-referenced client regarding a bad check(s), which you wrote and passed on to our client(s).
Before we seek authorization to commence legal proceedings against you, we are extending one last opportunity for you to
resolve this matter on a voluntary basis.

Our records are clear that an individual with your identification, including the possible use of your driver's license, wrote this
check(s) drawn against your bank, BK OF HAWAII. As of this date, you have not provided sufficient proof that you did not
commit this potentially fraudulent act with either a police report or an affidavit of forgery. Accordingly, we and the law now
must assume that this obligation is yours and yours alone.

You have been contacted on numerous occasions regarding this outstanding obligation, including but not limited to once by
your banking institution, several times by our client's collection agencies, and at least twice by this office. You have been
advised that under your state's laws, the amount you owe because of this bad check(s) has increased as a result of your refusal
to provide immediate restitution to our client(s). If you continue to avoid this important legal matter, the amount owing may
increase substantially at the completion of the legal action for which we will be seeking authorization.

Unless we receive immediate payment of the total obligation specified above, on behalf of our client(s) we reserve the right to
proceed with any and all actions necessary under the laws of the State of Hawaii to protect our client's interest and we intend
to use any and all information which we currently have regarding the bad check you wrote for that purpose.

If you need further instructions, you may contact Lori Brown at 800-655-9107. If you qualify, you may also be able to use
your American Express, Discover, MasterCard or Visa credit card to meet this obligation.

Be guided accordingly.

Very truly yours,

*Marv Brandon*

Marv Brandon, Esq.

This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.

***Detach Lower Portion And Return With Payment***                        N3DJBCA013

---

JBC & ASSOCIATES, P.C., Attorneys at Law          File #: 268641
2 Broad Street 6th Floor
Bloomfield NJ 07003-2591
ADDRESS SERVICE REQUESTED

June 29, 2002
                                              JBC & Associates, P.C.
                                              *Attorneys at Law*
                                              2 Broad Street 6th Floor
268641-005  268523  19438                     Bloomfield NJ 07003-2591

Howard A Matsuura
3340 Kaimuki Ave
Honolulu HI 96816-214;

# EXHIBIT 1

MCCORRISTON MILLER MUKAI MACKINNON LLP

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 2 8 2003

at ___1___ o'clock and __2v__ min. __K__ __M.
WALTER A. Y. H. CHINN, CLERK

DAVID J. MINKIN    #3639-0
PHILIP W. MIYOSHI  #7459-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawaii  96813
Telephone No.: (808) 529-7300
Facsimile No. : (808) 524-8293
minkin@m4law.com

Attorneys for Defendants
JBC & ASSOCIATES, P.C.
and MARV BRANDON

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HOWARD MATSUURA,<br><br>                    Plaintiff,<br><br>        vs.<br><br>JBC & ASSOCIATES, P.C. and<br>MARV BRANDON,<br><br>                    Defendants.<br><br>—————————————————— | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. 02-00532 HG/KSC<br><br>STIPULATION FOR<br>DISMISSAL WITH<br>PREJUDICE AS TO ALL<br>CLAIMS AND PARTIES AND<br>ORDER<br><br><br>No Trial Date |

44305-1

# EXHIBIT 2

## STIPULATION FOR DISMISSAL WITH PREJUDICE
## AS TO ALL CLAIMS AND PARTIES AND ORDER

IT IS HEREBY STIPULATED by and between all parties hereto, through their respective counsel, that the Complaint filed herein by Plaintiff Howard Matsuura on August 21, 2002, be hereby dismissed with prejudice as to all claims and parties;

The parties further stipulate that the Court shall maintain the appropriate jurisdiction to enforce the terms and conditions of the Settlement Agreement and Release.

This stipulation for dismissal is based on Rules 41(a)(1)(ii) of the Federal Rules of Civil Procedure and has been signed by counsel for all parties who have made an appearance in this action.  Trial has not been set in this action.  There are no remaining claims or parties.

DATED: Honolulu, Hawaii, _March 18, 2003_____.


_____
NORMAN K.K. LAU

Attorney for Plaintiff


2

_____
DAVID J. MINKIN
PHILIP W. MIYOSHI

Attorneys for Defendants
JBC & ASSOCIATES, P.C.
and MARV BRANDON

*Jurisdiction shall be retained for 30 days from the date of filing of the order.* HG

APPROVED AND SO ORDERED:

_____
Judge of the Above-Entitled Court

================================================================
HOWARD MATSUURA v. JBC & ASSOCIATES, P.C.; CIVIL NO. 02-00532
HG/KSC; STIPULATION FOR DISMISSAL WITH PREJUDICE AS TO ALL
CLAIMS AND PARTIES AND ORDER
================================================================

3

Jack H. Boyajian*
Marv Brunkim**

Of Counsel:
Karen Nelson***
Karen Waclei****
*Member of CA Bar
**Member of FL, NJ, & NY Bars
***Member of NJ, NY, DC, & KS Bars
****Member of NJ, & PA Bars

# JBC Legal Group, P.C.
*Attorneys at Law*
A California Professional Corporation
2 Broad Street 6th Floor - Bloomfield NJ 07003-2550
Telephone: (800) 241-1510 Fax: (973) 259-0497

NY Office
11 Penn Plaza 5th Floor
New York NY 10001

CA Office
9465 Wilshire Blvd Suite 335
Beverly Hills CA 90212

May 13, 2004

Howard A Matsuura
415 Kekupua St
Honolulu HI 96825-2308

| | |
|---|---|
| Original Creditor: | Toys R Us |
| File #: | 268641 |
| Balance: | $717.62 |

Dear Howard A Matsuura:

It is unfortunate that you have refused our offer to voluntarily make restitution for the above-referenced "returned" check(s) you wrote.

We see no reason or excuse why you would avoid responding to our attempts to contact you. If you don't believe you wrote the bad check(s) in question, and this is a matter of fraud or a case of mistaken identity, you must provide us with a copy of the police report obtained from your local authorities and an affidavit of forgery from your bank. Otherwise, we will assume that the obligation is valid and that all information obtained at the point of check issuance is accurate. If you used your drivers license number or any other identification, please be advised that we may have the right to inquire as to the validity of the information provided.

**Please note the information we have establishes that a person using your name, address and/or drivers license obtained merchandise, presumably with fraudulent intent, by issuing a bad check(s) to our client(s).**

Unless we receive immediate payment or sufficient documentation that relieves you of this obligation, we reserve the right to seek authorization to proceed with civil action.

If you need further instructions, you may contact **Lori Brown** at **800-241-1510** between the hours of 8:00 a.m. and 9:00 p.m. You may use your American Express, Discover, Mastercard or Visa credit card to meet this obligation by contacting us or completing and returning the lower portion of this letter.

Be guided accordingly.

Very truly yours,

# JBC Legal Group, P.C.
*Attorneys at Law*

This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.

***Detach Lower Portion And Return With Payment***

JBC Legal Group, P.C., Attorneys at Law
2 Broad Street 6th Floor
Bloomfield NJ 07003-2550
ADDRESS SERVICE REQUESTED

| IF PAYING BY CREDIT CARD, FILL OUT BELOW | | |
|---|---|---|
| CIRCLE CARD USING FOR PAYMENT | | |
| CARD NUMBER | | AMOUNT |
| SIGNATURE | | EXP DATE |
| PHONE NUMBER (REQUIRED) | | |

May 13, 2004

#BWNHRMD   333404   36747
#0513 1826 0036 74744   268641-3

Howard A Matsuura
415 Kekupua St
Honolulu HI 96825-2308

JBC Legal Group, P.C.
*Attorneys at Law*
2 Broad Street 6th Floor
Bloomfield NJ 07003-2550

File #: 268641

# EXHIBIT 3

# California Business Portal
Secretary of State Kevin Shelley

**DISCLAIMER:** The information displayed here is current as of JUN 18, 2004 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| JBC LEGAL GROUP, P.C. | | |
| **Number:** C2331589 | **Date Filed:** 2/7/2001 | **Status:** suspended |
| **Jurisdiction:** California | | |

| Mailing Address |
|---|
| 9465 WILSHIRE BLVD SUITE 335 |
| BEVERLY HILLS, CA 90212 |

| Agent for Service of Process |
|---|
| DAN WAGNER |
| 9465 WILSHIRE BLVD SUITE 335 |
| BEVERLY HILLS, CA 90212 |

For information about certification of corporate records or for additional corporate information, please refer to Corporate Records. If you are unable to locate a corporate record, you may submit a request to this office for a more extensive search. Fees and instructions for requesting this search are included on the Corporate Records Order Form.

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.



PLAINTIFF'S
EXHIBIT
Boya Jean - V
Wk        7/6/04