UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EVELINE GOINS | : | CIVIL ACTION NO. |
| | : | 3:03 CV 636 (JBA) |
| vs. | : | |
| JBC & ASSOCIATES, P.C. | : | |
| JACK H. BOYAJIAN | : | |
| MARVIN BRANDON | : | AUGUST 3, 2004 |

## MEMORANDUM IN OPPOSITION TO STRIKE PORTIONS OF BOYAJIAN AND BRANDON DECLARATIONS

### PRELIMINARY STATEMENT

In a continuing effort to confuse and confound multiple-related actions alleging the same general collection effort by defendant JBC & Associates, PC against the plaintiff who had written approximately two dozen bad checks, plaintiff's counsel seeks to strike affidavits supporting certain affirmative defenses by the defendants. In so doing, plaintiff's counsel seeks to use discovery in other actions to confuse the issues in this action. Plaintiff completely ignores its own failure to address the defendant's affirmative defenses in its original motion for summary judgment, a failure which should be fatal to its motion at the outset. This failure cannot be repaired in a reply memorandum or by the instant motion to strike.

Notwithstanding, the plaintiff's attempt to strike the defendant's declaration is an effort to prevent the Court from seeking the truth. Plaintiff asks the Court to engage in the completely unsupported fiction that the single letter in question in this case was issued intentionally despite defendant's belief that its computer system was designed so as to prevent further

1

communications with the debtor.

## ARGUMENT

Boyajian ¶4: The declaration does not assert mere legal conclusions. Mr. Boyajian is competent to testify that the letter in question did not issue by the design or decision of any authorized person employed by the defendant and was not initiated by him.

Boyajian ¶5 and 6. Again, the declaration provides competent information as to procedures in place at the time of the sending of the letter in question. Plaintiff has offered nothing to contradict the information in these paragraphs. The mere fact that further refinements to the defendant's procedures were made after discovery of the issuance of the additional letter does not alter the fact that certain procedures were already in place.

Boyajian ¶ 6-7. The arguments made by plaintiff do not support striking the allegations of these paragraphs. In fact, the plaintiff's argument on page 2 is nothing more than argument of counsel highlighting the factual issue raised by the declarations.

A letter generated by a computer system despite the lack of defendant's intention to issue such a letter, which letter was produced without a consciousness that the letter was issued and in the reasonable belief that its commercial software would have prevented it, should clearly be regarding as unintentional.

Brandon Declaration ¶3: Plaintiff has offered no evidence that Brandon acted as a debt collector with respect to the collection effort at issue in this case. Once again, the plaintiff is disingenuously attempting to offer discovery from other cases and in other contexts as irrelevant admissions in this case, admissions which counsel knows would be contrary to the truth. Brandon's Declaration that he had nothing to do with the sending of the letter in question, and

2

that it was not from him, remains uncontradicted.

The plaintiff's assertion that once you are a debt collector, you are a debt collector for all purposes is patently absurd. A somewhat similar argument was unsuccessful in the case of <u>Plummer v. Gordon</u>, Civil Action 3:99CV02533JCH, wherein defendant Gordon, an attorney generally engaged in a collection practice, acted as defense counsel for a client who had been sued by Attorney Faulkner. She termed defendant Gordon a "debt collector" even though he had done no debt collection with respect her client, merely acting as defense counsel. The particular complaint was dismissed without leave to amend despite the fact that Gordon had served as a debt collector in numerous other collection cases. Even one who is generally regarded as a debt collector does not become liable for conduct in which he had no involvement or culpability. Plaintiff has not supported her motion for summary judgment in this case with any evidence of Brandon's actionable conduct as a debt collector and may not do so for the first time in her reply. *See Ernst Haas Studio, Inc. v. Palm Press, Inc.,* 164 F.3d 110, 112 (2d Cir.1999) ["new arguments may not be made in a reply brief"]; *see also* D. Conn. L. Civ. R. 7(d) ("[A reply brief] must be strictly confined to a discussion of matters raised by the responsive brief and must contain references to the pages of the responsive brief to which reply is being made."); *see also Cuba-Diaz v. Town of Windham*, 274 F.Supp.2d 221, 230 (D. Conn. 2003); *see also Books A Million, Inc. v. H & N Enterprises, Inc.*, 140 F.Supp.2d 846, 859 (S.D. Ohio 2001) [motion for summary judgment denied where movant was not permitted to address defendant's affirmative defenses in reply brief]. Brandon's denials as to his involvement in the production of the collection letter are competent, should not be stricken, and in the context of a motion for summary judgment by plaintiff, must be viewed in a light favorable to the defendant.

## CONCLUSION

The plaintiff's failure to address in any way in her motion for summary judgment the existence of affirmative defenses should be fatal to her motion and cannot be cured with her reply. In any event, however, the competent relevant declarations of the defendant should not be stricken, and the Plaintiff's motion should be denied.

THE DEFENDANTS,

By:_____
Sabato P. Fiano, Esq. (ct 18879)
Jonathan D. Elliot (Ct 05762)
Kleban & Samor, P.C.
2425 Post Road
Southport, CT 06490
(203) 254-8969

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed postage prepaid this 3rd day of August 2004, to:

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT 06511

_____
Sabato P. Fiano

4