UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS

   v.                                                                      CASE NO. 3:03CV 636 (JBA)

JBC & ASSOCIATES, P.C. ET AL.                  March 22, 2005

## **PLAINTIFF'S MEMORANDUM IN SUPPORT OF FEE DISCOVERY**

     Based on past experience, Plaintiff believes that defense fees and costs herein far exceeded the fee application she will be submitting. One of the factors that courts have long used to determine the reasonableness of requested fees is the other side's attorneys' fees and costs. See Taylor v. Scarborough, 66 F.2d 589, 591 (2d Cir. 1933). In Taylor the Court looked at the defendant's legal bill of $22,500.00, and stated "their services extended over a shorter period than did the plaintiffs', and necessarily the plaintiffs had the laboring oar and the more difficult task in working up the case and in extracting evidence from the defendants' officers. The controversy was of a character of admitted complexity and difficulty. While the fee paid counsel on the other side is by no means conclusive of what is a reasonable fee for the plaintiffs' services, we do think that it is quite persuasive in the circumstances here disclosed." Id.

     At least one court has held that it is an abuse of discretion to refuse to allow discovery as to defense counsel's hours and fees when defendant is challenging the reasonableness of plaintiff's hours and fees. Henson v.Columbus Bank & Trust Co., 770 F.2d 1566, 1575 (11th Cir. 1985).

     For other examples of courts' considering opponents' fees, See Chambless v. Masters, Mates & Pilots Pension Plan, 885 F.2d 1053, 1059 (2d Cir. 1989); Gaines v. Dougherty County Bd. of Ed., 775 F.2d 1565, 1571 n.12 (11th Cir. 1985); Brinkman v.

1

Gilligan, 557 F. Supp. 610, 612 (S.D. Ohio 1982), aff'd, 697 F.2d 163 (6th Cir. 1983); Bayless v. Irv Leopold Imports, Inc., 659 F. Supp. 942 (D. Or. 1987); Real v. Continental Group, 116 F.R.D. 211, 213 (N.D. Cal. 1986); Mitroff v. Xomox Corp., 631 F. Supp. 25, 28 (S.D. Ohio 1985); Naismith v. Professional Golfers Ass'n, 85 F.R.D. 552, 562 (N.D. Ga. 1979); McPherson v. School Dist. No. 186, 465 F. Supp. 749, 758-59 (S.D. Ill. 1978); Stasny v. Southern Bell Tel. & Tel. Co., 77 F.R.D. 662 (W.D.N.C. 1978); Duchscherer v. W.W. Wallwork, Inc., 534 N.W.2d 13, 19 (N.D. 1995).

          THE PLAINTIFF

BY____/s/ Joanne S. Faulkner___  
JOANNE S. FAULKNER ct04137  
123 Avon Street  
New Haven, CT 06511-2422  
(203) 772-0395  
j.faulkner@snet.net

This is to certify that the foregoing was mailed on March 22, 2005, postage prepaid, to:

Peter Reynolds  
MacDermid, Reynolds & Glissman, P.C>  
86 Farmington Ave  
Hartford CT 06105

      _/s/ Joanne S. Faulkner_____  
      Joanne S. Faulkner