UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

EVELINE GOINS
        Plaintiff,

v.

CIVIL ACTION NO.
3:03CV 636 (JBA) (JGM)

JBC & ASSOCIATES, P.C.,
JACK H. BOYAJIAN,
MARVIN BRANDON                        MARCH 31, 2005
        Defendants.

### DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR DISCOVERY ORDER

The defendants hereby object to plaintiff's motion for discovery order dated March 22, 2005. Plaintiff's request for the defendants' time and billing records is untimely as plaintiff has not filed a fee application to date. By moving for a discovery order before she has filed a fee application, plaintiff is putting the cart before the horse and placing a burden on defendants she has not herself undertaken. Defendants' fees may not be relevant at all, and certainly not before plaintiff submits her fee application and defendants determine whether or not to contest plaintiff's proposed fees. A memorandum in support is attached hereto.

Therefore, on grounds of untimeliness, relevance and undue burden, defendants object to plaintiff's motion for a discovery order.

DEFENDANTS,
JBC & ASSOCIATES, P.C., JACK H.
BOYAJIAN, MARVIN BRANDON

By: _____
Peter R. Reynolds
Federal Bar Number (ct06535)
MacDermid, Reynolds & Glissman, P.C.
86 Farmington Avenue
Hartford, CT 06105
Tel. (860) 278-1900
Fax (860) 547-1191
preynolds@mrglaw.com

### CERTIFICATION

This is to certify that a copy of the foregoing Objection to Motion for Discovery Order was forwarded first class mail, postage prepaid this 31st day of March 2005 to the following counsel of record:

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT 06511-2422

_____
Peter R. Reynolds

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| EVELINE GOINS<br>   Plaintiff, | :<br>:<br>:  CIVIL ACTION NO. |
| v. | :  3:03CV 636 (JBA) (JGM)<br>: |
| JBC & ASSOCIATES, P.C.,<br>JACK H. BOYAJIAN,<br>MARVIN BRANDON<br>   Defendants. | :<br>:<br>:  MARCH 31, 2005<br>: |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF OBJECTION TO PLAINTIFF'S MOTION FOR DISCOVERY ORDER

Factors In Determining Amount and Reasonableness of Attorney's Fee Award:

An attorney's fee award under 15 U.S.C. § 1692k(a)(3) is left to the discretion of the District Court. When determining what constitutes reasonable attorney's fees, the court should consider the degree of success obtained by the prevailing plaintiff (if the plaintiff had only partial or limited success, a reduction in the award of attorney's fees may be appropriate) and the reasonableness of the hours expended by counsel for the prevailing party. Teng v. Metropolitan Retail Recovery, 851 F. Supp. 61, 70-71 (E.D.N.Y. 1994) (citing United States Supreme Court precedent pertaining to the calculation of reasonable attorney's fees). The extent of the plaintiff's success is the "crucial factor." Hensley v. Eckerhart, 461 U.S. 424, 440 (1983). When determining the reasonableness of attorney's fees, the District Court of Connecticut has considered these additional factors: (1) time and labor expended by counsel; (2) the magnitude

and complexity of litigation; (3) risk of the litigation; (4) quality of representation; (5) requested fee in relation to the settlement; and (6) public policy considerations. In re State Police, 1999 U.S. Dist. LEXIS 21491, at *20-21 (D. Conn. 1999). Finally, the starting point for calculating a prevailing party's attorney's fees under 15 U.S.C. § 1692(a)(3) is known as the "lodestar" method, which consists of multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Sierra v. Foster & Garbus, 48 F. Supp. 2d 393, 396-97 (S.D.N.Y. 1999).

Amount of Discovery Fee Movants May Take Against Their Opponents:

Determining what information about the opponent is relevant for a movant's fee claim depends upon a close analysis of the computation methodology applied by the individual court to see what information about fee opponents is relevant to a determination of the fee amount. Whether discovery is appropriate depends in part on the objections raised by the opponent to the fee petition. See New York v. Microsoft Corp, 2003 U.S. Dist. Lexis 8713, *9n.3 (D.D.C. 2003).

At least one court has held that a trial court did not abuse discretion when it refused to allow discovery, where the sums involved were small and the case not complex. Martinez v. Schock Transfer & Warehouse Co., 789 F.2d 848, 849-50 (10th Cir. 1986) (upholding trial court's decision that discovery would not substantially aid the fee setting process). However, another court found that the trial court abused its discretion by failing to compel discovery into both rate and hours where the litigation lasted ten years, plaintiff's records were inadequate to

determine reasonable fees, and the defendant opposed the reasonableness of plaintiff's fees. Henson v. Columbus Bank & Trust Co., 770 F.2d 1566, 1575 (11th Cir. 1985).

Plaintiff initiated the instant case in April 2003 by a three-page complaint consisting of two counts based on the same allegations. On March 29, 2004, plaintiff moved for partial summary judgment, and in January 2005, the court granted plaintiff's motion for partial summary judgment in part as to plaintiff's FDCPA claims against defendant JBC & Associates, P.C. and Jack H. Boyajian. Thus, the sums involved were small and the case not complex. Discovery into the fees incurred by defendants therefore should not be allowed.

Courts have also stated that opposing counsel's hours are not always relevant, particularly when the number of hours may differ dramatically because of the nature of the work, Harkless v. Sweeny Ind. Sch. Dist., 608 F.2d 594, 598 (5th Cir. 1979), or where one side's case may have greater precedential value, Johnson v. Univ. Coll., 706 F.2d 1205, 1208 (11th Cir. 1983). One court has held the hours irrelevant because the number of pre-trial hours required to represent a defendant in a civil case greatly exceed the pre-trial time to represent a plaintiff. Samuel v. Univ. of Pitt., 80 F.R.D. 293, 295 (W.D. Pa. 1978) (limiting discussion to pre-trial hours).

However, there is often a greater question over requests for the hourly rates of fee opponents. Generally, the hourly rate of the opposing counsel is a relevant, but not controlling comparison as a guide to the prevailing rate in the community for lawyers at a certain level, or for a case of a certain type. Courts vary in their reactions and need for opposing counsels' fees

information.  A court has allowed rates actually charged in the case.  See, e.g., Grumman Corp. v. LTV Corp., 533 F. Supp. 1385, 1391 (E.D.N.Y. 1982) (ordering fee opponent to present rates *sua sponte* where fee opponent objected to plaintiff's showing as inadequate).  Other courts allow discovery as to the general range, but not discovery focusing on the particular rates of opposing counsel in the case.  See, e.g., Blowers v. Lawyers Cooperative Pub'lg Co., 526 F. Supp. 1324, 1327-28 (W.D.N.Y. 1981) (denying discovery as to amount of fees incurred by defendant's counsel where only the prevailing hourly rate of attorneys with like skill in the area is relevant for the lodestar calculation).  And courts have denied discovery into rates altogether.  See, e.g., Samuel v. Univ. of Pitt., 80 F.R.D. 293, 296 (W.D. Pa. 1978).

WHEREFORE, defendants object to plaintiff's discovery into defendants' fees as untimely and irrelevant and request that plaintiff's motion for discovery order re fees be denied.

> DEFENDANTS,
> JBC & ASSOCIATES, P.C., JACK H.
> BOYAJIAN, MARVIN BRANDON
>
> By: _____
> Peter R. Reynolds
> Federal Bar Number (ct06535)
> MacDermid, Reynolds & Glissman, P.C.
> 86 Farmington Avenue
> Hartford, CT 06105
> Tel. (860) 278-1900
> Fax (860) 547-1191
> preynolds@mrglaw.com

## CERTIFICATION

This is to certify that a copy of the foregoing Memorandum of Law was forwarded first class mail, postage prepaid this 31st day of March 2005 to the following counsel of record:

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT 06511-2422

_____
Peter R. Reynolds