UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS

    v.                                        CASE NO. 3:03CV 636 (JBA) (JGM)

JBC & ASSOCIATES, P.C. ET AL.               April 2, 2005

## FEE AFFIDAVIT

Joanne S. Faulkner states:

1. I am an attorney licensed to practice before the United States Supreme Court, the Second, Fifth, Sixth and Seventh Circuit Courts of Appeals, the United States District Courts for the District of Connecticut and the Southern and Eastern Districts of New York, and all Connecticut courts.

2. I represent the plaintiff and submit this affidavit in support of a request for attorneys fees. Blum v. Stenson, 465 U.S. 886 n.5 (1984).

3. I was admitted to practice in New York in 1963, and in Connecticut in 1967. From 1967 to 1985, I was a staff attorney with New Haven Legal Assistance Association, Inc., a nonprofit corporation. I am in private practice, restricted to consumer-related matters, preferably for persons who cannot afford to pay a lawyer.

4. I have been involved in groundbreaking nationally reported cases, including Heintz v. Jenkins, 514 U.S. 291 (1995); Connecticut v. Doehr, 501 U.S. 1 (1991); Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057 (9th Cir. 2002); Romea v. Heiberger & Assoc., 163 F.3d 111 (2d Cir. 1998); Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C., 111 F.3d 1322 (7th Cir. 1997); Charles v. Lundgren & Associates, P.C., 119 F.3d 739 (9th

Cir. 1997); Newman v. Boehm, Pearlstein & Bright, Limited, 119 F.3d 477 (7th Cir. 1997); Poirier v. Alco Collections, Inc., 107 F.3d 347 (5th Cir. 1997); Avila v. Rubin, 84 F.3d 222 (7th Cir. 1996); Clomon v. Jackson, 988 F.2d 1314, 1321 (2d Cir. 1993).

5. I have had extensive experience for more than thirty five years in consumer matters, including litigation, conducting seminars and writing articles. Even before Heintz v. Jenkins, 514 U.S. 291 (1995), I had national renown for my expertise in consumer cases. I am frequently consulted by consumer practitioners from all over the country. In October, 2002, I received the prestigious Vern Countryman Award from the National Consumer Law Center "for excellence and dedication in the practice of consumer law on behalf of low-income consumers."

6. I am a past chair of the Consumer Law Section of the Connecticut Bar Association and was the editor of its newsletter for over ten years until 1998. I was a member of the Federal Reserve Board's Consumer Advisory Council. I was on the Board of Directors of the National Consumer Law Center and am presently a trustee thereof. I am a founding member of the National Association of Consumer Advocates, Inc.

7. I have lectured for the Connecticut Bar Association, the National Consumer Law Center, the National Association of Consumer Advocates, the New Haven County Bar Association, and other entities on consumer laws, and have published articles in those fields. I am a contributing editor of the National Consumer Law Center's Truth in Lending Manual, Automobile Fraud Manual, Credit Discrimination Manual, Fair Credit Reporting Act Manual, Fair Debt Collection Manual, and supplements. I served the Connecticut Law Revision Commission as a member of the Advisory Committee on UCC Article 2A,

and on a Consumer Leasing Committee.

8. My work in connection with these consolidated cases is shown on the schedules attached hereto. I prepared time records contemporaneously with performance of the work. The time records do not duplicate work performed in any other file; they do not include non-legal tasks such as filing or copying, minor calls such as regarding extensions of time, calls from or to client to report on progress. Where there is a plus sign, the time was substantially reduced as a matter of billing judgment. A significant amount of time dealing with defense counsel in emails and phone calls was omitted.

9. Less than a handful of Connecticut attorneys are willing to accept consumer cases because of the special expertise required and the risk of nonpayment.

10. I am requesting attorney's fees at the rate of $300 per hour. I believe that the award requested is reasonable, and is LESS THAN rates being charged by similarly experienced private counsel in the federal court. In Nelson, *supra*, the client paid for my services at $500 per hour. The $300 rate was awarded in Pabon v Recko, Civil No. 3:00CV 380 (DJS)(TPS) (D. Conn. Dec. 30, 2004) Doc. No. 171; Murphy v Kwiatek, Civil No. 3:03cv173 (MRK) (WIG) (D. Conn. Oct. 5, 2004) Doc. Nos. 15, 17; Harvey v. USCB, Inc., Civil No. 3:02CV1770 (DJS) (D. Conn. Jan. 31, 2003) ($300 per hour); Wrightington v. Nationwide Capital Recovery, Civil No. 3:02CV 1175 (JBA) (JGM) (D. Conn. Jan 6, 2003) ($300 per hour). See also Orchano v. Advanced Recovery, Inc. (1998) ($275 per hour); Nickerson v. J&P Credit Services, Civil No. 3:99CV1876 (DJS) (TPS) (D. Conn. Mar. 29, 2000) ($275 per hour granted as requested with finding that $275 "is substantially less than that normally commanded by Ms. Faulkner").

11. Hourly billing rates of Connecticut private counsel with which I am familiar are:

First quarter of 1995:

| | | | |
|---|---|---|---|
| Robert Allen | law degree 1973 | litigation, consumer | 220 |
| John Droney | law degree 1973 | litigation | over 300 |

Third Quarter of 1997:

| | | | |
|---|---|---|---|
| Richard Beider | law degree 1965 | litigation | 350 |

Third quarter of 1998:

| | | | |
|---|---|---|---|
| David Faulkner | law degree 1964 | trusts & estates | 285 |

12. Jonathan Einhorn, a lawyer admitted in 1974, was awarded $250 per hour in Gyadu v. Giordano, Civil No. 3:94CV1144 (JBA), 3 Conn. Ops. 410 (D. Conn. March 14, 1997).

13. The Second Circuit commented favorably on my experience, reputation and ability, noting the "eight federal district court cases in Connecticut in 1993 and 1994 alone" in which Mrs. Faulkner had been awarded fees at $200 per hour. Orchano v. Advanced Recovery, Inc., 107 F.3d 94, 100 (2d Cir. 1997).

15. Typical historical market rates in Connecticut are shown by older awards to other counsel in Lieberman v. Dudley, Civil No. 3:95CV2437 (AHN) (D. Conn. July 27, 1998) ($250/hr); Wallace v. Fox, Civil No. 3:96CV772 (D. Conn. May 11, 1998) (awarding blended rate of $345.57 per hour inclusive of a 1.5 multiplier to several counsel and paralegals in shareholder derivative action); Skubel v. Sullivan, 1998 WL 136176 at *3 (D. Conn. Mar. 11, 1998) ($250/hr); Calovine v. City of Bridgeport, Civil No. 3:94CV 379

(WWE) (D. Conn. Feb. 4, 1998) ($250/hr for a "relatively low number of hours billed:" 179.7 hours); CG v. New Haven Bd. of Education, 988 F. Supp. 60, 69 (D. Conn. 1997) ($250/hr); Mrs. B. v. Milford Bd. of Educ., Civil No. 3:93CV1723 (DJS) (TPS) (D. Conn. Nov. 4, 1997) ($250/hr consistent with prevailing rate in Connecticut); Evans v. State of Connecticut, 967 F. Supp. 673, 691 (D. Conn. 1997) (prevailing 1996 rate is $200 to $225; award at $200/hr despite some criticism of attorney's performance); Russo v. Coppola, Civil No. 3:93CV1734 (AHN) (D. Conn. Feb. 6, 1995) ($250/hr); Kintz v. City of New Haven, 1993 WL 276945 at *3 (D. Conn. June 18, 1993) ($250/hr), aff'd 29 F.3d 622 (2d Cir. 1994); Friends of Animals, Inc. v. Hirsch, Civil No. 3:90CV621 (WWE) (D. Conn. Jan. 20, 1993) ($250/hr); Gonzalez v. Town of Stratford, 830 F. Supp. 111, 113 (D. Conn. 1992) ($250/hr).

The foregoing is true and correct and is signed under the penalties of perjury on April 2, 2005

    \_\_/s/ Joanne S. Faulkner\_\_\_
        JOANNE S. FAULKNER

This is to certify that the foregoing and attached were mailed on April 2, 2005, postage prepaid, to:

Peter Reynolds
MacDermid, Reynolds & Glissman, P.C.
86 Farmington Ave
Hartford CT 06105

    \_\_/s/ Joanne S. Faulkner_____
    Joanne S. Faulkner

Case 3:03-cv-00636-JBA     Document 86     Filed 04/04/2005     Page 6 of 6