UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

EVELINE GOINS                              :
           Plaintiff,                    :
                                 :    CIVIL ACTION NO.
        v.                               :    3:03CV 636 (JBA) (JGM)
                                 :
JBC & ASSOCIATES, P.C.,                     :
JACK H. BOYAJIAN,                           :
MARVIN BRANDON                              :    APRIL 22, 2005
                Defendants.                  :

## MEMORANDUM IN OPPOSITION TO PLAINTIFF'S FEE APPLICATION

The matter before the court is plaintiff's fee application dated April 2, 2005 in which

plaintiff's counsel, Joanne Faulkner, seeks an award of $25, 221 in attorney's fees and $895.19

in expenses. Partial summary judgment was granted in favor of the plaintiff by ruling dated

January 14, 2005, and the defendants paid $1,500 in damages to the plaintiff under the Fair Debt

Collection Practices Act (FDCPA).  Thereafter, plaintiff applied for an award of reasonable

attorney fees to be determined by the court under the FDCPA, 15 U.S.C. § 1692k(a)(3).

Plaintiff's claim for $25,221 in fees is based on a rate of $300 per hour for 84.07 hours.

Defendants object to plaintiff's fee application on the following grounds: (1) the hours spent on

the case were excessive; (2) the fee application contains duplicative and wasteful hours; (3) $300

per hour is not a reasonable rate for all tasks billed; and (4) the nature of the case demands overall reduction of the lodestar figure.

I. BACKGROUND

In April 2003, plaintiff filed a three-page complaint in this case, alleging a violation of the FDCPA in the first count and a violation of state law in the second count (the Creditors' Collection Practices Act, § 36a-645 or the Consumer Collection Agency Act, § 36a-800, and the Conn. Unfair Trade Practices Act, § 42-110a, of the Connecticut General Statutes). This case is the third action plaintiff has filed employing Joanne Faulkner as counsel against the defendants in connection with the defendants' attempts to recover on unpaid debts by the plaintiff. Plaintiff and her counsel filed an action entitiled Eveline Goins v. JBC & Associates, P.C., Jack H. Boyajian, Marvin Brandon on June 20, 2002 (No.3:02 CV 1069(MRK)) and another action entitled Goins v. Marvin Brandon on September 3, 2002 (No. 3:02 CV 01537 (AVC)). While the court has held that these actions may proceed separately and were not duplicative, ruling on plaintiff's motion for partial summary judgment that claim preclusion did not apply (Ruling on Plaintiff's Motion for Partial Summary Judgment dated January 14, 2005), there is considerable overlap and repetition among the three pending cases which involve the same parties, or subsets of parties, debts unpaid by the same plaintiff, and the same statutory framework.

MacDermid, Reynolds & Glissman, P.C.
ATTORNEYS AT LAW
86 Farmington Avenue • Hartford, Connecticut 06105 • Tel. (860) 278-1900 • Fax (860) 547-1191 • Juris No. 408391

## II. ARGUMENT

### A. The Proposed Attorney's Fees Include Excessive, Duplicative and Wasteful Time.

An attorney's fee award under 15 U.S.C. § 1692k(a)(3) is left to the discretion of the

District Court. When determining what constitutes reasonable attorney's fees, the court should

consider the degree of success obtained by the prevailing plaintiff (if the plaintiff had only partial

or limited success, a reduction in the award of attorney's fees may be appropriate) and the

reasonableness of the hours expended by counsel for the prevailing party. Teng v. Metroploitan

Retail Recovery, 851 F. Supp. 2d 61, 70-71 (E.D.N.Y. 1994) (citing U.S. Supreme Court

precedent pertaining to the calculation of reasonable attorney's fees). In deciding the

reasonableness of attorney's fees, the District Court in Connecticut has considered these

additional factors: (1) time and labor expended by counsel; (2) the magnitude and complexity of

the litigation; (3) risk of litigation; (4) quality of representation; (5) requested fee in relation to

the settlement; and (6) public policy considerations. In re State Police, 1999 U.S.Dist. LEXIS

21491, at *20-21 (D.Conn. 1999). Finally, the starting point for calculating a prevailing party's

attorney's fees under 15 U.S.C. § 1692k(a)(3) is known as the lodestar method, which consists of

multiplying the number of hours reasonably expended on the litigation by a reasonable hourly

rate. Sierra v. Foster & Garbus, 48 F. Supp. 2d 393, 396-97 (S.D.N.Y. 1999).

MacDermid, Reynolds & Glissman, P.C.
ATTORNEYS AT LAW
86 Farmington Avenue • Hartford, Connecticut 06105 • Tel. (860) 278-1900 • Fax (860) 547-1191 • Juris No. 408391

A strong presumption exists that the lodestar formula (number of hours reasonably expended multiplied by a reasonable hourly rate) represents a reasonable fee. Pennsylvania v. Delaware Valley Citizens' Counsel for Clean Air, 478 U.S. 546, 565 (1986). However, the court should "exclude excessive redundant or otherwise unnecessary hours" before awarding fees. Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999). "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." Gradisher v. Check Enforcement Unit, Inc., No. 1:00-CV-401, 2003 WL 187416, at *2 (W.D. Mich. 2003) (internal citation omitted). Excessive and unreasonable hours may be excluded by either weighing each individual entry or by making an "across-the-board" reduction in the total number of hours. Kirsch v. Fleet St. Ltd., 148 F.3d 149, 173 (2d Cir. 1998). The court in Carroll v. Wolpoff & Abramson, 53 F.3d 626 (4th Cir 1995) ruled that the language of the statute allows the district court to use its discretion in awarding "reasonable" attorney's fees, and therefore the court is not required to follow the "lodestar formula" (where the court affirmed the district court's decision to award only $500 in attorney's fees where plaintiff had requested nearly $10,000 for "at most a technical violation.")

Plaintiff has billed, or proposes to bill, 84.07 hours in a small FDCPA case, involving one technical violation, and simple legal issues. Plaintiff's Fee Affidavit includes seven hours for time yet to be expended. The actual time purportedly billed is valued at $23,121. Considering

MacDermid, Reynolds & Glissman, P.C.
ATTORNEYS AT LAW
86 Farmington Avenue • Hartford, Connecticut 06105 • Tel. (860) 278-1900 • Fax (860) 547-1191 • Juris No. 408391

her expertise in FDCPA litigation and consumer law, plaintiff's counsel should have been able to perform specific tasks in substantially less time.  See Martinez v. Stern, 266 B.R. 523, 543 (S.D. Fla. 2001) (noting a high priced experienced FDCPA attorney could have accomplished the case in less time when reducing the award); Savino v. Computer Credit, Inc., 71 F. Supp. 2d 173, 177 (E.D.N.Y. 1999) (estimating that a reasonable, experienced attorney in FDCPA could have achieved results on a single legal issue with 20 hours of work); Altergott v. Modern Collection Techniques, 864 F. Supp. 778, 781 (N.D. Ill. 1994) (noting the considerable skill and experience of attorney in consumer cases makes the amount of time spent on a relatively simple task "considerably more suspect").  For example, plaintiff's counsel spent two hours drafting her brief and affidavit for fees, (Pl.'s Aff.), even though she represents herself as an expert in FDCPA litigation and undoubtedly has been required to provide this information in numerous other cases when seeking to have her fees paid.

In addition, plaintiff's counsel spent an excessive amount of time on various discovery motions, arguments, and extraneous pleadings in such a simple, straightforward case.  The court can consider whether the nature of the case is the type that demands extensive discovery, numerous hours of legal research, or extensive efforts to brief or prepare for the case.  DiFilippo v. Morizio, 759 F.2d 231, 235–36 (2d Cir. 1985).  In doing so, the district court "may look to its

MACDERMID, REYNOLDS & GLISSMAN, P.C.
ATTORNEYS AT LAW
86 FARMINGTON AVENUE • HARTFORD, CONNECTICUT 06105 • TEL. (860) 278-1900 • FAX (860) 547-1191 • JURIS NO. 408391

own familiarity with the case and its experience generally" to determine whether efforts by

plaintiff's counsel were excessive. Id. at 236.

Here, plaintiff's counsel did not need to devote extensive time to discovery and other

issues raised in her deposition of Jack Boyajian when the defendants' position was clearly known

to the plaintiff from the outset of the case -- that the one letter sent after plaintiff declared

bankruptcy was mailed in error. See Savino v. Computer Credit, Inc., 71 F. Supp. 2d 173, 176–

77 (E.D.N.Y. 1999) (finding discovery could have been completed in 3 hours where there was a

single issue as to whether a single letter complied with FDCPA requirements). Nor did she need

to spend 17 hours drafting her motion for summary judgment, (Pl.'s Aff.), which was 17 pages in

length. See Gradisher v. Check Enforcement Unit, No. 1:00-DV-401, 2003 WL 187416, at *5

(W.D. Mich. 2003) (comparing the hours billed to the length of the motions and number of cases

cited to reduce the number of hours spent working on them); Savino, 71 F. Supp. 2d at 177

(estimating a highly experienced FDCPA attorney could research and draft a summary motion

judgment in approximately 10 hours). In this case, because plaintiff also had moved for

summary judgment in the two other matters involving these defendants, the framework for the

motion had been established already.

Not only did plaintiff's counsel spend an excessive amount of time on tasks related to this

case, she also appears to have performed a great deal of duplication and redundancy of labor

considering that plaintiff's counsel has already filed two cases against the defendants surrounding the same collection efforts. For example, plaintiff's counsel purportedly spent two hours researching the defendants at the outset of the case, (Pl.'s Aff.), when she already had two pending actions against the defendants. Plaintiff's counsel should have already been familiar with the defendants' business methods and practices. In addition, plaintiff's counsel devoted 16 hours to the deposition of Jack Boyajian and five hours to discovery, (Pl.'s Aff.) even though the defendants admitted that the letter was sent under bona fide error. This amount of time is excessive and raises suspicions as to whether discovery was prolonged to fish for information to use against defendants in her other two actions, merely to inflate the time devoted to this fee application, or to cover matters essential to establishing liability in this case.

Along with a 17-page motion for partial summary judgment dated March 29, 2004, plaintiff also filed her Rule 56 Statement of Facts with multiple exhibits including transcripts used in each of the prior pending cases brought against the defendants. Plaintiff filed a ten-page reply memorandum supporting her motion for summary judgment, and also served two sets of discovery requests in addition to deposing Mr. Boyajian. The file also contains a motion for protective order by plaintiff, two motions to compel discovery, a motion for default and a motion to strike portions of the declarations submitted by Messrs. Boyajian and Brandon. To establish that there was a violation of the FDCPA in the single letter written in this case, plaintiff went so

MACDERMID, REYNOLDS & GLISSMAN, P.C.
ATTORNEYS AT LAW
86 FARMINGTON AVENUE • HARTFORD, CONNECTICUT 06105 • TEL. (860) 278-1900 • FAX (860) 547-1191 • JURIS NO. 408391

far as to obtain a three-page statement from an attorney in Hawaii regarding a consumer action

involving the defendants in Hawaii. All of this activity greatly exceeds the relatively simple need

to show that one letter written after plaintiff's bankruptcy filing violated the FDCPA.

Counsel are expected by the court to exercise some professional restraint and not pursue

strategies to increase the cost and complexity of litigation. Argentieri v. Fisher Landscapes, Inc.,

15 F. Supp. 2d 55 (D. Mass. 1998). And in Connecticut, in a case sharply critical of plaintiff's

counsel, Joanne Faulkner, the court emphasized that the FDCPA was not intended to create "a

cottage industry for the production of attorney's fees." Murphy v. Equifax Check Service, Inc.,

No. 3:96 CV 2410 (GLG), 1999 WL 66213, at *4 (D. Conn. 1999). Counsel's handling of the

present case is rife with excess and unnecessary acceleration of the time and expense of

litigation.

This is not the first time that plaintiff's counsel has tried to increase her own fee award.

She has been rebuked by the District Court of Connecticut in the past for pursuing litigation to

increase her fee award, rather than to vindicate the purposes of the FDCPA. See Artese v.

Academy Collection Service, Inc., No. 3:96 CV 2546(GLG), 2000 WL 133733, at *3 (D. Conn.

2000). In fact, she has commenced so many FDCPA actions that the court noted it "g[a]ve rise

to a suspicion of barratry and champerty." Id. at *4. Considering her history, the amount of

MacDermid, Reynolds & Glissman, P.C.
ATTORNEYS AT LAW
86 Farmington Avenue • Hartford, Connecticut 06105 • Tel. (860) 278-1900 • Fax (860) 547-1191 • Juris No. 408391

hours expended warrants reduction, especially when the case consisted of one technical violation in a single letter sent as a result of an error acknowledged by the defendants.

B. The Hourly Rate Is Not Reasonable For The Task Billed.

Some of the hours billed should be calculated by the hourly rate of a paralegal, law clerk or secretary, rather than plaintiff's counsel's expert hourly rate.  See Kapoor v. Rosenthal, 269 F. Supp. 2d 408, 414 (S.D.N.Y. 2003) (reducing the billing rate to a paralegal's hourly rate for tasks that could have been performed by a paralegal or clerk rather than the attorney assigned to the case). Although plaintiff's counsel notes on her billing statement "numerous phone calls & emails not include (sic)," counsel employed no staff or legal assistance at all, thereby billing all tasks at her hourly rate rather than the lower rates of a paralegal, law clerk, or secretary.  For example, plaintiff's counsel devoted two hours to researching the defendant on the Internet at $300 an hour, a task that could have been performed by staff at lower rates.  (Pl.'s Aff.)  Counsel also listed 2.25 hours on April 7, 2003 for "review other files, draft summons, compla (sic)," which indicates functions not requiring an attorney at $300 an hour. Counsel's failure to employ assistance should not allow her to reap financial benefits from the defendant.

In paragraph 8 of Plaintiff's Fee Affidavit, counsel states "[m]y work in connection with these consolidated cases is shown on the schedules attached hereto." The reference to consolidated cases suggests the inherent overlap and redundancy in plaintiff's three lawsuits

MacDermid, Reynolds & Glissman, P.C.
ATTORNEYS AT LAW
86 Farmington Avenue • Hartford, Connecticut 06105 • Tel. (860) 278-1900 • Fax (860) 547-1191 • Juris No. 408391

pending against the defendants at the same time. The last page of the Fee Affidavit, which purports to be the billing statement, contains several cryptic references to what look like clerical tasks, or certainly tasks that do not require the expertise of an attorney who bills at $300 an hour. Examples of apparently clerical work can be found on April 14, 2003 "acknl. mail serv" (.5); July 19, 2003 "default plead" (.2); February 26, 2004 "spreadsheet & sorts re checks" (1); July 12, 2004 "finalize 3 filings" (1); January 22, 2005 "check fee records, offer setl" (.4); and March 26, 2005 "review time records, accuracy, bill jdg" (1). It also appears that other time exceeds reasonable expectations for a case such as this, where, for example, on October 2, 2003 counsel recorded .75 for a telephone conference with the court and on February 12, 2004 counsel shows two hours for a status conference. The 17 hours moving for summary judgment and the 16 hours deposing Mr. Boyajian also appear excessive under the circumstances.

What is not recorded is also noteworthy. Counsel has not recorded any time indicating any communication with her client, the plaintiff, Eveline Goins. The absence of any record of contact with the client suggests that much of the work was performed without plaintiff's knowledge or approval, bringing into doubt whether counsel would have, or could have, billed the client for these extensive hours which she seeks to charge against the defendants.

With respect to costs and expenses, courts are justified in denying compensation where the affidavit and time records fail to differentiate adequately what were incurred and attributable

MacDermid, Reynolds & Glissman, P.C.
ATTORNEYS AT LAW
86 Farmington Avenue • Hartford, Connecticut 06105 • Tel. (860) 278-1900 • Fax (860) 547-1191 • Juris No. 408391

to billable tasks. See Mares v. Credit Bureau of Raton, 801 F. 2d 1197 (CA10, NM) 1986. In this

case, though plaintiff purports to seek expense of $895.19, the billing statement does not show

any costs or expenses and the fee application contains no support or documentation of this figure.

In the absence of verification of these proposed items, compensation cannot be awarded.

    C. The Lodestar Figure Should Be Reduced.

    In addition to excluding excessive and duplicative hours, the court may also reduce the

lodestar figure in appropriate circumstances. See Hensley v. Eckerhart, 461 U.S. 424, 434–435

(1983); Carroll v. Abramson, 53 F.2d 408, 413 (2d Cir. 1989) (recognizing court's discretion to

adjust lodestar figure since the FDCPA does not mandate a fee in the lodestar award). The party

advocating for reduction of the lodestar figure bears the burden of establishing that a reduction is

justified. United States Football League v. NFL, 887 F.2d 408, 413 (2d Cir. 1989). The Second

Circuit has held that a court can consider the nature of the case when determining whether to

reduce the lodestar figure. DiFilippo v. Morizio, 759 F.2d 231, 235–36 (2d Cir. 1985).

    Many cases involving FDCPA litigation recognize a lodestar rate lower than plaintiff's

claimed rate of $300 per hour. In the Southern District of New York, the court would allow

recovery for attorneys experienced in consumer advocacy and consumer rights litigation at

hourly rates of no more than $225, rather than the requested rates of $320 and $250, in light of

the rates charged by comparable practitioners and the consumer price index. See Kapoor v.

MacDermid, Reynolds & Glissman, P.C.
ATTORNEYS AT LAW
86 Farmington Avenue  •  Hartford, Connecticut 06105  •  Tel. (860) 278-1900  •  Fax (860) 547-1191  •  Juris No. 408391

Rosenthal, 269 F. Supp. 2d 408 (S.D.N.Y. 2003). Debtor's counsel's expenditure of 187 hours

involving a single, non-complex legal issue was excessive and lead to a substantial and

comprehensive reduction where counsel was experienced in such matters and logged a large

number of hours researching routine matters in Savino v. Computer Credit, 71 F. Supp. 2d 173

(E.D.N.Y. 1999). In Withers v. Eveland, 997 F. Supp. 2d 738 (E.D. Va. 1998), the court allowed

a fee of $5,380 based on 26.9 hours at a rate of $200 an hour billed by a recognized specialist in

this type of case. And in Florida, a reasonable rate for the debtor's attorney was $200 where

debtor's expert opined that an hourly rate between $250 and $325 was reasonable and

defendant's expert testified that FDCPA lawyers charged between $195 and $225 per hour,

debtor's attorney had limited experience with FDCPA cases and a more experienced FDCPA

attorney could have accomplished many tasks in less time where the law at issue was not

excessively complex. See In re Martinez, 266 B.R. 523, entered 2001 WL 1175504, affirmed 271

B.R. 696, affirmed 311 F. 3d 1272 (S.D. Fla. 2001).

As discussed above, this case consisted of a technical violation contained in one letter

sent to the plaintiff after her bankruptcy filing. There was no allegation of harassment and no

showing of any payment by the plaintiff. It did not require extensive discovery, numerous hours

of research, or extensive efforts to brief or prepare for the case, especially since plaintiff's

counsel is an expert in FDCPA litigation. See DiFilippo v. Morizio, 759 F.2d 231, 235–36 (2d

Cir. 1985) (noting that a district court can consider all of these factors when assessing the extent of work necessary for the type of case at issue).  Defendants should not have to carry the entire financial burden where the plaintiff's attorney failed to make a reasonable assessment of the case by devoting an unnecessary amount of time to achieve results for the plaintiff.  See Altergott v. Modern Collection Techniques, 864 F. Supp. 778, 783 (N.D. Ill. 1994) (reducing the lodestar figure by 50 percent where plaintiff's attorney failed to reasonably assess a relatively minor case by pursuing it in an aggressive manner).   Here, plaintiff's counsel claims more than 80 hours to pursue a technical violation of the FDCPA where defendants acknowledged the letter was sent mistakenly following plaintiff's bankruptcy.  Defendants should not have to carry plaintiff's entire financial burden where counsel pursued the matter in a particularly aggressive manner for such a simple case. Clearly counsel has not billed the plaintiff herself for this time.

In addition, the fact that the defendants' violation consisted of a single technical violation of the FDCPA and did not amount to harassment or ongoing conduct further suggests that the lodestar figure of $25,221 is inappropriate.  A district court may also use its discretion to award fees bearing some rational relationship to the nature of the defendant's violation. See Carroll v. Abramson, 53 F.3d 626, 630 (4th Cir. 1995) (finding no abuse of discretion where the district court reduced the lodestar figure in a nominal damage suit establishing a single technical violation of the FDCPA); Vera v. Trans-Cont'l Credit & Collection Corp., No. 98 CIV.

13

1866(DC), 1999 WL 292623, at *2 (S.D.N.Y. 1999) (reducing fees from $10,570 to $3,500 where the violation of the FDCPA was a technical one on a bill for only $8.00). Here, defendants committed a technical violation of the FDCPA in a single letter admittedly sent to plaintiff by error. There was little or no risk the technical violation would not be established. Given the extensive amount of work already undertaken by plaintiff in her two prior pending actions against defendants, the relative simplicity of the matter at issue in this case, the absence of legal or clerical assistance for numerous tasks, and the minimal risk of loss, a fee award of one-third the amount claimed is appropriate.

III. CONCLUSION

Defendants object to plaintiff's fee application and question the extensive amount of time devoted to various tasks in such a simple, straightforward case, especially for an expert in FDCPA law. Plaintiff's counsel expended excessive, duplicative, and wasteful hours towards a single technical violation of the FDCPA. In addition, plaintiff's counsel unreasonably billed all tasks at her expert hourly rate when some of the tasks could have been performed by a paralegal or law clerk at considerably lower rates. Defendants request the court to exclude excessive, wasteful, and duplicative hours and/or reduce the lodestar figure to reflect the nature of the case and defendants' technical violation.

DEFENDANTS,
JBC & ASSOCIATES, P.C., JACK H.
BOYAJIAN, MARVIN BRANDON

By: _____

Peter R. Reynolds
Federal Bar Number (ct06535)
preynolds@mrglaw.com
MacDermid, Reynolds & Glissman, PC
86 Farmington Avenue
Hartford, CT  06105
Tel. (860) 278-1900
Fax (860) 547-1191

## CERTIFICATION

This is to certify that a copy of the foregoing was forwarded via e-mail and first class mail, postage prepaid this 22nd day of April, 2005 to the following counsel of record:

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT 06511-2422

_____

Peter R. Reynolds

MACDERMID, REYNOLDS & GLISSMAN, P.C.
ATTORNEYS AT LAW
86 FARMINGTON AVENUE • HARTFORD, CONNECTICUT 06105 • TEL. (860) 278-1900 • FAX (860) 547-1191 • JURIS NO. 408391