UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS

    v.                                                           CASE NO. 3:03CV 636 (JBA) (JGM)

JBC & ASSOCIATES, P.C. ET AL.                      April 26, 2005

PLAINTIFF'S REPLY MEMORANDUM RE ATTORNEYS FEES

Defendants' opposition to the fee award is based on the erroneous assertion that this case involved "one technical violation," "simple legal issues," and an admitted error. Def. Mem. at 4, 6, 7, 8, 12, 13, 14. Defendants' position is belied by the 30-page slip opinion in this matter, ruling in favor of plaintiff on four serious substantive violations, and ruling against defendants on the "duplicative litigation" and bona fide error defenses. Goins v. JBC & Associates, P.C., 352 F.Supp.2d 262 (D. Conn. 2005).   Defendants chose to defend this litigation, despite an early settlement offer (4/14/03) and a settlement conference (12/4/03). Defendants are attorneys and a law firm, so (a) their violations are more serious, and (b) their "assumption of the risk" of bearing plaintiff's fees in this case was voluntary.

Defendants' opposition is based largely on speculation, with no countering affidavit, that the hours were excessive, duplicative or wasteful, or that the lodestar should not be awarded. Def. Mem., *passim.* Plaintiff respectfully submits that her opening brief addressed most of the arguments, which she will not repeat herein.

Lodestar. In addition to the $300 per hour awards mentioned in counsel's affidavit, plaintiff respectfully refers the Court to the Recommended Ruling awarding over $30,000 in fees at $300 per hour (and over $2,200 in costs) in a one-issue FDCPA case. Cashman v. Ricigliano, Civil No. 3:02CV1423 (MRK) (WIG) Doc. No. 92 (whether defendant attorneys were debt collectors).

At Def. Mem. 11-12, they cite older cases, from other districts, in simpler matters than here. The lodestar, however, is determined by standards in this district. Plaintiff submits that the time expended in this case was indeed modest. *Compare* DiFilippo v. Morizio, 759 F.2d 231, 235 (2d Cir. 1985) (rejecting 46 hours on pretrial memo, 39 hours of research, and 42 hours on fee application); Perez v. Perkiss, 742 F. Supp. 883 (D. Del. 1990) (11 hours allowed for defending the fee petition); Burch v. Route 44 Volkswagen, Inc., Civil No. H-84-85 (JAC) (D. Conn. Oct. 26, 1988), 15 Conn. L. Trib. No. 6 at 21 (32 hours for fee application reduced by half); Timothy O. v. Board of Education, Civil No. H-89-839 (PCD) (D. Conn. Jan. 9, 1991), 17 Conn. L. Trib. No. 7 ("An appropriate time commitment expended in connection with fees is 15 hours"; 44 hours excessive); Natale v. City of Hartford, 1989 WL 132542, Civil No. H-86-928 (AHN) (D. Conn. Sept. 12, 1989) (out of 65 hours for post-trial work, striking 5 of the 10.5 hours expended on a reply brief in support of fees).

2

Speculation about duplicative time. Defendants speculate that counsel may have duplicated her work in the two previously filed cases. Def. Mem. at 6-7. Plaintiff gave defendants the opportunity to resolve those cases and see for themselves that there was no duplication. They declined.

Plaintiff had indeed already briefed the "duplicative litigation" issue in Goins v. Brandon, 3:02-cv-01537 (Doc. No. 32) so was able to brief that issue in this case economically.  Brandon lost his "duplicative litigation" motion (Doc. No. 50) yet raised the issue again herein.[1]  Defendants' claim that plaintiff should be penalized, when they created any duplication, should be rejected.

Speculation about excessive time. Plaintiff did not charge, in this case, for time expended in the other two cases, even though she appended material gleaned from those cases in support of summary judgment in this case. Def. Mem. at 7. Defendants' speculation that plaintiff need not have spent so much time in discovery in this purportedly "simple, straightforward case" is belied by defendants' own adamant resistance to discovery. Def. Mem. at 5-6, 7.   Plaintiff is not required to forego essential discovery in the face of defendants' recalcitrance.

---

[1] The principal issue in the Brandon case is not one that has been raised in either of the other suits. Doc. No. 48: whether Brandon had involvement in sending the letter, had reviewed plaintiff's file, intended to sue, and had made a determination about whether suit was appropriate. Miller v. Wolpoff & Abramson,L.L.P., 321 F.3d 292, 300 (2d Cir. 2003), citing Clomon v. Jackson, 988 F.2d 1314, 1321 (2d Cir. 1993) and Nielsen v. Dickerson, 307 F.3d 623, 638 (7th Cir. 2002).

Tasks billed. Even while admitting that counsel has no staff, defendants suggest the impossible: staff could have done some tasks at a lower rate. Def. Mem. at 9.  Defendants suggest that a review of the Internet and Pacer upon receipt of yet another violative letter was not appropriate. Such research was appropriate since these defendants have evasively changed their name several times since 1999:  JBC & Associates, P.C.; JBC & Associates, Inc.; JBC Legal Group, P.C.; and, after the date of this decision, and after entering into a consent agreement with the Banking Department not to do business in this state as JBC,[2] to Boyajian Law Offices, P.C. Plaintiff is not required to forego essential discovery in the face of defendants' obduracy.

Defendants comment on the absence of recorded time indicating communication with the plaintiff.    As defendant observes, Def. Mem. at 9, the undersigned does not generally record  short calls, so defendants have reaped a huge benefit by elimination of communications with the plaintiff  as well as with opposing counsel. They can not be heard to complain about unrecorded time.

Costs. Plaintiff alerted defendants that she would be applying for costs, so as to resolve all issues in the settlement conference. The modest costs of  $895.19 (Def. Mem. at 10-11), include $150 filing fee, $557.50 for the deposition that defendants insisted be taken at their office in New Jersey, train fare to New Jersey of $134, $40

---

2 http://www.state.ct.us/dob/orders/jbcleg.htm

4

cab fare in New Jersey from and to the station, $4 for a meal, and the balance miscellaneous postage. Billable expenses are a normal part of a fee application. U.S. Football League v. National Football League, 887 F.2d 408, 416 (2d Cir. 1989).

## CONCLUSION

The burden of proof is on the opponent to present specific evidence that a lower amount is appropriate. E.g., United States Football League, 887 F.2d at 413. Defendants presented speculation, but **no** evidence. They refused to produce even their own time records, undoubtedly because the time far exceeded plaintiff's.

Defendants request that the plaintiff's request be reduced to one-third of the amount claimed. Def. Mem. at 14. Instead, the amount should be awarded as requested, subtracting two hours of the estimated seven hours (two hours incurred for the settlement conference and three for this reply) if there are no further proceedings.

THE PLAINTIFF


BY____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net

5

This is to certify that the foregoing was mailed on April 26, 2005, postage prepaid, to:

Peter Reynolds
MacDermid, Reynolds & Glissman, P.C.
86 Farmington Ave
Hartford CT 06105


__/s/ Joanne S. Faulkner___
Joanne S. Faulkner