UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **Eveline Goins,** : |
|     **Plaintiff,** : |
| : |
| v. : Case No. 3:03cv636 (JBA) |
| : |
| **JBC & Associates, P.C.,** : |
| **et al.,** : |
|     **Defendants.** : |

**Ruling on Plaintiff's Fee Application [Doc. # 83] and Motion to Supplement Plaintiff's Fee Application [Doc. # 95]**

Plaintiff Eveline Goins commenced this action against defendants on April 8, 2003, alleging violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e, 1692f, or 1692g (Count One), and violation of several Connecticut statutes (Count Two). See [Doc. # 1].  On January 18, 2005, plaintiff's Motion for Partial Summary Judgment was granted in part, as to her FDCPA claims against defendants JBC & Associates, P.C. and Jack H. Boyajian.  See [Doc. # 63]; Goins v. JBC & Assocs., P.C., 352 F. Supp. 2d 262, 268-74 (D. Conn. 2005).  Shortly thereafter, the parties reported the case settled, see [Doc. # 73]; the settlement amount was $1,500.00, see [Doc. # 90] at 1.

Plaintiff subsequently filed the pending Fee Application for attorney's fees and costs, and briefs and affidavit in support, pursuant to 15 U.S.C. § 1692k(a)(3), which defendants opposed. For the reasons that follow, plaintiff's Fee Application is granted in the amount of $23,421.00 for attorney's fees and

$895.19 in costs.[1]

**I.   DISCUSSION**

The FDCPA permits an award of costs and "a reasonable attorney's fee as determined by the court" in the case of any successful action to enforce liability under the FDCPA.  See 15 U.S.C. § 1692k(a)(3).  Because plaintiff prevailed on her FDCPA claim, she is entitled to an award of reasonable attorney's fees and costs.  The traditional lodestar method for determining reasonable attorney's fees calculates a figure "based upon the number of hours reasonably expended by counsel on the litigation multiplied by a reasonable hourly rate."  Luciano v. Olsten Corp., 109 F.3d 111, 115 (2d Cir. 1997)(citing Blanchard v. Bergeron, 489 U.S. 87, 94 (1989)).  "The 'lodestar' figure should be in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id. (citation and internal quotation marks omitted).  The "prevailing community" used to determine the lodestar figure is typically, with few exceptions, "the district in which the court sits," in this case, the District of Connecticut.  See id. (citation and internal

---

[1] Plaintiff's Motion to Supplement Plaintiff's Fee Application [Doc. # 95] by submitting an award entered against the same corporate defendant in this action, JBA & Associates, P.C., finding 262 hours in attorney time reasonably expended, is GRANTED, and the Court takes that award into consideration in determining the reasonableness of the hours expended by Attorney Faulkner in this case.

quotation marks omitted).  "[T]here is ... a strong presumption that the lodestar figure represents a reasonable fee." <u>A.R. ex rel. R.V. v. N. Y. City Dep't of Educ.</u>, 407 F.3d 65, 79 (2d Cir. 2005) (citations and internal quotation marks omitted).  Where the Court "augments or reduces the lodestar figure it must state its reasons for doing so as specifically as possible." <u>See DiFilippo v. Morizio</u>, 759 F.2d 231, 235 (2d Cir. 1985).

Plaintiff has requested a fee award of $25,221.00, based upon an hourly rate of $300 for 84.07 hours, "modest in this hard fought case," plus $895.19 in costs.  <u>See</u> Pl. Mem. [Doc. # 85] at 1.  Defendants oppose this application on three grounds: (1) that the hours spent on this case were "excessive, duplicative and wasteful," Def. Opp. [Doc. # 90] at 3-9; (2) that the requested hourly rate of $300 is not reasonable for all of the tasks billed, <u>id</u>. at 9-11; and (3) that the lodestar figure should be reduced in light of the nature of the case, <u>id</u>. at 11-14.

As an initial matter, the Court finds that an hourly rate of $300 is reasonable.  As Attorney Faulkner's affidavit indicates, she has been awarded this hourly rate in several other cases in this district based on her experience in this field, as have other similarly qualified and experienced attorneys.  <u>See</u> Faulkner Aff. [Doc. # 86] at ¶¶ 11-15.  The cases cited by defendant in support of a lower lodestar rate are as much as seven years old and none are from this district.  <u>See</u> Def. Opp.

at 11-12.  Defendants also refer to a small number of Attorney Faulkner's time entries in which the tasks listed could have been performed by clerical staff, such as a paralegal, law clerk, or secretary, such that a lower hourly rate should be imposed.[2]  See id. at 9-10.  However, these tasks appear to be mis-denominated as clerical tasks.  Rather, they are legal functions integrally related to litigation of this case, and while they potentially could have been delegated to a trained paralegal under attorney supervision, inasmuch as Attorney Faulkner is a solo practitioner without such staff, see Pl. Reply [Doc. # 91] at 4, and they are tasks appropriately performed by an attorney, the rate for these tasks will not be reduced.[3]

---

[2]  This objection appears to apply to 8.35 billed hours in total, for entries dated April 5, 2003 (2 hours of internet research on defendants), April 7, 2003 (2.25 hours to "review other files, [d]raft summons, compla."), April 14, 2003 (.5 hours for "acknl, mail serv"), July 19, 2003 (.2 hours for "default plead"), February 26, 2004 (1 hour on "spreadsheet & sorts re checks"), July 12, 2004 (1 hour to "finalize 3 filings"), January 22, 2005 (.4 hours to "check fee records, offer setl"), and March 26, 2005 (1 hour to "review time records, accuracy, bill jdg").  See Faulkner Aff.

[3]  Compare Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989) (hours may be compensated at reduced rates for "purely clerical or secretarial tasks" and for paralegal work such as "factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories, and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence"); Lipsett v. Blanco, 975 F.2d 943, 940 (1st Cir. 1992) (hours spent translating documents and processing court filings compensated at reduced rate); Kapoor v. Rosenthal, 269 F. Supp. 2d 408, 414 (S.D.N.Y. 2003) (time spent obtaining the judgment compensated at paralegal's rate).

With respect to defendants' claim of duplicative hours, this argument was rejected in the Court's summary judgment ruling. See Goins, 352 F. Supp. 2d at 266-67. As noted in that ruling, this action and the two others filed by plaintiff against defendants (see Goins v. JBC & Assocs., P.C., 02cv1069 (WIG); Goins v. Brandon, 02cv1537 (AVC)) are based on different factual circumstances and present different issues. Additionally, as represented by plaintiff on reply, Attorney Faulkner is not "charg[ing], in this case, for time expended in the two other cases." See Pl. Reply at 3. Defendants take particular umbrage with the 17 hours spent by Attorney Faulkner on the summary judgment motion in this case because she also moved for summary judgment in the other two cases, but the Court does not find seventeen hours to be excessive in light of the differing issues presented in this case.

Defendants are correct, however, with respect to the time plaintiff's counsel devoted to discovery in this case. The Court is aware of the discovery process in this case and the amount of time devoted to actual discovery, such as preparation of interrogatories, the taking of depositions, and review of documentary discovery, was not excessive, particularly in light of the fact that plaintiff's counsel traveled to New Jersey to depose on of the defendants and thus these hours will not be reduced. However, as Magistrate Judge Margolis has already

observed in a discovery ruling, the extensive motion practice that marked this case throughout discovery could have been avoided had counsel on both sides communicated with one another. See Ruling on Pending Discovery Motions [Doc. # 44] at 6; see also [Docs. ## 15-17, 19-34, 40) (discovery motions filed). Plaintiff's counsel is not entirely blameless in this failure and for that reason, the hours billed for preparation of discovery motions and motions ancillary to summary judgment briefing (see [Docs. ## 58-59]) are reduced by fifty percent. This reduction applies to 8.0 hours in total, for entries dated January 20, 2004 (.50 hours), February 18, 2004 (.75 hours), February 21, 2004 (1.75 hours), March 4, 2004 (.75 hours), one half of the hours on June 24, 2004 (1.75 hours, devoted to discovery), and one-third of the hours on July 10, 2004 (2.5 hours, devoted to Motion to Strike). See Faulkner Aff. With respect to the entry after April 2, 2005 for estimated time spent on this fee application, Attorney Faulkner concedes that the 7.0 entry should be reduced to 5.0 hours. Pl. Reply at 5. Therefore, the number of hours claimed is reduced by 6 hours in total, to 78.07 hours.

Lastly, defendants argues that the lodestar figure should be reduced because "this case consisted of a technical violation contained in one letter sent to the plaintiff after her bankruptcy filing." Def. Opp. at 12. While a $23,421.00 attorney's fee award may appear high for a $1,500.00 settlement,

this was, as plaintiff's counsel described, a "hard fought case." Pl. Mem. at 1.  Moreover, in other FDCPA cases courts have awarded comparable attorney's fees where plaintiff recovered relatively minimal damages.  See, e.g., Gradisher v. Check Enforcement Unit, 00-CV-401, 2003 WL 187416 (W.D. Mich. Jan. 22, 2003) (attorney's fees award of $69,872.00 where plaintiff recovered FDCPA statutory damages of $1,000.00); Armstrong v. Rose Law Firm, P.A., 00-2287MJD/SRN, 2002 WL 31050583 (D. Minn. Sept. 5, 2002) (attorney's fee award of over $43,180.00 where plaintiff recovered the maximum FDCPA statutory damages of $1,000.00).

## II.  CONCLUSION

For the foregoing reasons, plaintiff's Fee Application [Doc. # 83] is GRANTED and plaintiff is awarded $23,421.00 in attorney's fees and $895.19 in costs.  Plaintiff's Motion to Supplement Plaintiff's Fee Application [Doc. # 95] is GRANTED as described above.  This case will be closed.

IT IS SO ORDERED.

           /s/
_____ Janet Bond Arterton, U.S.D.J.

**Dated at New Haven, Connecticut, this 6th day of March, 2006.**